IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAR 20 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| TRACI LEOPARD AND BRYAN LEOPARD | * | |
| PLAINTIFFS | | |
| VS. | * | C. A. NO. C-00-115 |
| DOLPHIN DOCK, INC., ET AL | * | |
| DEFENDANTS | | |

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Traci Leopard, joined by her husband, Bryan Leopard, hereinafter referred to as Plaintiffs, complaining of Dolphin Dock, Inc., Barracuda, Inc., Barracuda Incorporated, Dean K. Luke, individually and d/b/a Barracuda Incorporated, Dolphin Express, Inc. Gulley's Diving Service, Inc., and the United States Coast Guard, hereinafter referred to as Defendants, for cause of action would show unto this Honorable Court as follows:

1.

This is an admiralty or maritime claim within the meaning of Rule 9(h) under the Federal Rules of Civil Procedure.

2.

**Defendant, Dolphin Dock, Inc.,** is a corporation organized and existing under and by virtue of the laws of one of the States of these United States, and may be served with process by serving its agent for service, to-wit: Paul D. Dirk, 808 Sea Breeze, Port Aransas, Texas 78373.

1.

**Defendant, Barracuda Inc.** is a corporation organized and existing under and by virtue of the laws of one of the States of these United States, and may be served with process by serving its agent for service, to-wit: Dean K. Luke, 300 W. Cotter, Port Aransas, Texas 78373.

**Defendant, Barracuda Incorporated,** is a corporation organized and existing under and by virtue of the laws of one of the States of these United States, and may be served with process by serving its agent for service, to-wit: Dean K. Luke, 300 W. Cotter, Port Aransas, Texas 78373.

**Defendant, Dean K. Luke, individually and d/b/a Barracuda Incorporated**, is a corporation organized and existing under and by virtue of the laws of one of the States of these United States, and may be served with process at 310 Reynolds Avenue, Taft, San Patricio County, Texas 78390 and may be served with process at 300 W. Cotter, Port Aransas, Texas 78373.

**Defendant, Dolphin Express, Inc.** is a corporation organized and existing under and by virtue of the laws of one of the States of these United States, and may be served with process by serving its agent for service, to-wit: Charles W. Zahn, 300 W. Cotter, Port Aransas, Texas 78373.

**Defendant, Gulley's Diving Service, Inc.** is a corporation organized and existing under and by virtue of the laws of one of the States of these United States, and may be served with process by serving its agent for service, to-wit: Charles W. Zahn, Jr., 300 W. Cotter, Port Aransas, Texas.

**Defendant, United States Coast Guard**, is an agency, branch and/or arm of the United States Government and may be served with process by serving the United States Attorney for the Southern District of Texas, James H. DeAtley, at 910 Travis Street, Suite 1500, Houston, Harris

2

County, Texas 77002. Plaintiff further requests that the **Defendant, United States Coast Guard** be served with process by forwarding a copy of the Summons and Complaint by Certified Mail, Return Receipt Restricted to: Attorney General of the United States, Janet Reno at 10th Street & Constitution Avenue., N.W., Washington, D.C. 20530

3.

On or about March 28, 1998, Plaintiff, Traci Leopard was on a chartered fishing trip with Defendants, Dolphin Dock, Inc., Barracuda, Inc., Barracuda Incorporated and/or Gulley's Diving Service, Inc., when she became ill from seasickness due to dangerous seas while onboard the vessel "THE DOLPHIN EXPRESS". While being transported by agents and/or employees of Dolphin Dock, Inc., Barracuda, Inc., Barracuda Incorporated, Gulley's Diving Service, Inc., and/or United States Coast Guard to a rescue helicopter, she sustained severe injuries to her head, face and body. Plaintiffs would show that on the date in question, the vessel, "THE DOLPHIN EXPRESS", was owned, operated, managed and/or controlled by the Defendant, Dolphin Express, Inc.

4.

The severe and permanent injuries suffered by Plaintiff, Traci Leopard, were negligently caused by the Defendants, working by and through their agents, and/or employees, in one or more of the following particulars, either singularly or in combination:

1. Failing to provide an adequate crew;

2. Failing to properly train the crew;

3. In failing to warn of the dangerous conditions that existed out on the seas;

4. In choosing to embark on the fishing trip, knowing there were inexperienced persons aboard;

5. In failing to provide a safe means of rescue and/or disembarkation;

3

6.  Unseaworthiness;

7.  In committing various other acts and/or omissions of negligence to be specified at the time of trial.

Each and all of the foregoing acts of negligence proximately caused or contributed to the general personal injuries and damages sustained by Plaintiffs. In addition, but without waiving the foregoing, Plaintiff's personal injuries and damages were also proximately caused or contributed to by the unseaworthiness of the vessel, "THE DOLPHIN EXPRESS" in the above particulars; alternatively, said unseaworthiness played a part in producing the personal injuries and damages of Plaintiffs.

5.

Plaintiff further brings a cause of action against Defendants, Dolphin Dock, Inc., Barracuda, Inc., Barracuda Incorporated, Dean K. Luke, individually and d/b/a Barracuda Incorporated, and Gulley's Diving Service, Inc., pursuant to the Texas Deceptive Trade Practices--Consumer Protection Act in that, these Defendants herein engaged in false, misleading and deceptive acts or practices, as well as unconscionable actions and courses of actions, breaches of warranty and material misrepresentations under the terms of the Act hereinabove referred to. See Texas Business and Commerce Code, Sections 17.46, et seq. As a result of such deceptive acts and practices, Plaintiffs would show that they are entitled to recover three (3) times the amount of their actual damages, a sum to be determined at the time of trial, plus all costs of court, both pre- and post-judgment interest, and attorney's fees reasonable in relation to the amount of work expended on Plaintiffs' behalf.

4

6.

Plaintiff would further show that The United States Coast Guard is liable to Plaintiffs pursuant to and according to The Suits in Admiralty Act. Plaintiffs would show that the Coast Guard was negligent in that during the rescue operation, the rescue pilot and/or worker gave the ship erroneous and/or inadequate instructions regarding which heading to take during the rescue operations. Said negligent act was a proximate and/or producing cause of Plaintiff being thrown face first into the bow of the boat.

7.

The injuries which were inflicted upon the Plaintiff, Traci Leopard, were of such severity that she required treatment and/or hospitalization. Plaintiff would further show that she has been forced to take continued medication and treatments, and secure the aid of various physicians; and such has restricted her activities to the extent that she has suffered loss of earnings in the past, and will more likely suffer extensive loss of earning capacity in the future. The Plaintiff, Traci Leopard, has suffered extreme physical pain and suffering, mental anguish, disfigurement, and impairment in the past, and will likely suffer from these conditions for an undetermined length of time in the future, probably for the rest of her life. Your Plaintiff, in all reasonable probability, will be forced to seek and obtain medical care, assistance, and treatment from time to time in the future, and probably for the rest of her life. Said future medical expenses will be reasonable and necessary and directly attributable to the injuries inflicted upon Plaintiff on the occasion in question.

As a result of these personal injuries, Plaintiff has in the past and will, in all reasonable probability, in the future experience physical pain and suffering, mental anguish, and loss of earning and earning capacity, for which she alleges and seeks damages in excess of the minimum

5

jurisdictional requirements of this Court and in such amount as the evidence may show proper at the time of trial.

8.

Pleading further, Plaintiff, Bryan Leopard, hereby sues to recover for loss of household services, loss of consortium, love, solace and affection, in the past, as well as in the future, proximately caused by the incident made the basis of this lawsuit.

9.

This action is brought pursuant to the provisions of Title 46, Sec. 688, et seq., U.S.C.A., as well as pursuant to the general civil and maritime law.

10.

Plaintiffs also make claim for pre-judgment interest for all elements of damages, and such elements include, but is not limited to past medical expenses, past physical pain and suffering, past mental anguish, past loss of earnings, or any other proper element of damage where pre-judgment interest may be properly awarded.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein as the law directs, and that upon final hearing hereof, Plaintiffs do have and recover judgment of and from the Defendants in such amounts, pursuant to the foregoing allegations, as the evidence may show proper, together with interest thereon at the legal rate, costs of court, and for such other and further relief, general and special, at law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

PROVOST & UMPHREY
LAW FIRM, L.L.P.
P. O. Box 4905
Beaumont, TX  77704-4905
409-835-6000
409-838-8888 (Fax)

By: _____
    JOE J. FISHER II
    TBA #: 00787471

## JURY DEMAND

Plaintiffs respectfully demand a Jury to try this cause action.

_____
Joe J. Fisher II

7