UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAY - 9 2000

MICHAEL N. MILBY CLERK

| | | |
|---|---|---|
| TRACI LEOPARD AND BRYAN LEOPARD | § § § | |
| VS. | § | C.A. NO. C-00-115 |
| DOLPHIN DOCK, INC. ET AL | § § | |

### REPORT UNDER ORDER FOR CONFERENCE SCHEDULED BY THE HONORABLE H. W. HEAD, JR. FOR WEDNESDAY MAY 17, 2000 AT 1:15 P.M. WHICH MAY NOW BE SCHEDULED BEFORE THE HONORABLE J. JACK

1) **State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.**

    This joint report is being made by the Defendants', 1) Dolphin Dock, Inc.; 2) Barracuda Incorporated; 3) Dean K. Luke, Individually and d/b/a Barracuda Incorporated; 4) Dolphin Express, Inc.; and 5) Gulley's Diving Service. We have not been able to set up a conference with attorney for the Plaintiffs' or the attorney for the U.S. Coast Guard but will do so, if any when they are available.

2) **List the cases related to this one that are pending in any state or federal court, with the case number and court.**

    None.

3) **Briefly describe what this case is about.**

    On March 28, 1998, Plaintiff, Traci Leopard and Bryan Leopard went the aboard vessel identified as "THE DOLPHIN EXPRESS" for a fishing trip along with many others. Traci Leopard became "sea sick". It is reported that she and her husband

31

demanded the crew to contact the Coast Guard to escort her off the vessel. The crew did as the Plaintiffs' ordered and the Coast Guard came to the vessel and escorted Plaintiff, Traci Leopard off of the vessel. The Plaintiffs' are alleging that Traci Leopard received injuries and both suffered damages due to the incident.

4) **Specify the allegation of federal jurisdiction.**

Jurisdiction is not being disputed.

5) **Name the parties who disagree and the reasons.**

   a) Dolphin Dock, Inc., disagrees that it is a proper party because its only connection with the fishing trip was a web page which resulted in the Leopards' becoming passengers aboard "The Dolphin Express". Otherwise, it had no control over the vessel which was being operated under bare boat charter from the boat's owner, Dolphin Express, Inc. and should be dismissed from this case.

   b) Dean K. Luke is a qualified captain and operates his fishing business under Barracuda Incorporated was not on the boat, was not involved in its operation and neither committed or omitted to do any act that would make him personally liable and should be dismissed from this action.

   c) Dolphin Express, Inc. is a Texas corporation in which the owners' lease the boat under a bare boat charter so that the vessel was under the complete and total control of Barracuda Incorporated who had the obligation to return it at the end of the lease in its original condition usual wear and tear

    accepted have no responsibility towards the event on the day in question and should be dismissed from this cause of action.

  d) Gulley's Diving Service owns land, docks, and buildings at Port Aransas where the boat docks, loads and unloads passengers and the fish that it has caught for which Barracuda Incorporated pays a rental fee otherwise, it has no connection with the trip in question. The contracts and agreements between " The Dolphin Express" or any control over the vessel of the trip except the right under its charter to have the vessel returned at the end of the bare boat charter, wear and tear accepted and free of any liens or claims against it. It should be dismissed from this suit.

6) **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

 Defendant is not aware of any additional parties that may need to be joined to this suit.

7) **List anticipated interventions.**

 None are anticipated by the Defendant.

8) **Describe class-action issues.**

 None.

9) **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

No, but each Defendant filing this joint response will provide its Initial Disclosure in conforming to Rule 26(a) if is still a party to the suit and has not been dismissed voluntarily by the Plaintiffs' before the deadline for filing such a response set by the court for October 2, 2000, as per the Court's Scheduling Order.

10) **Describe the proposed agreed discovery plan including:**

    A.    **Responses to all the matters raised in Rule 26(f).**

    Parties in this response represented by the same counsel will conform to any agreements reached with the Plaintiffs' and/or the U.S. Coast Guard or other parties if any that are added.

    B.    **When and to whom the plaintiff anticipates it may send interrogatories.**

    No answer required by these Defendants'.

    C.    **When and to whom the defendant anticipates in may send interrogatories.**

    Plaintiffs', Traci Leopard and Bryan Leopard and to their medical care providers or persons who Plaintiffs' may name as fact or expert witnesses. When - we will have to await information from the Plaintiffs'.

    D.    **Of whom and by when the plaintiff anticipates taking oral depositions.**

    Defendants' can not respond to this requirement.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Some Defendants' are expected to be dismissed because improperly involved in this suit. Oral depositions will be scheduled by agreements with the remaining Defendants'.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

We will have to wait for information to be provided by the Plaintiffs' of the experts' it designate and take the depositions within the parameters allowed by the Court.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).**

These Defendants' know of no burden of proof that they have since they are not seeking affirmative relief.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).**

Can not be answered pending more information from the Plaintiffs'.

11) **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

It is believed that the parties, Plaintiffs' and Defendants' can reach an agreements on the discovery plan to accomplish it within the trial settings provided by the Court.

12) **Specify the discovery beyond initial disclosures that has been undertaken to date.**

These parties have not undertaken any initial disclosures but the Court is reminded that some of this was being done by the suit that Plaintiffs' Non-Suited last year.

13) **State the date the planned discovery can reasonably be completed.**

These Defendants' prefer to wait until the U.S. Coast Guard has become a party with counsel for confer with and these Defendants' are able to set up a conference with Plaintiffs' counsel.

14) **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

These Defendants' have not been able to conduct the 26(f) meeting required not having been able to establish a time with the Plaintiffs' or the U.S. Coast Guard.

15) **Describe what each party has done or agreed to do to bring about a prompt resolution.**

These Defendants' have not been able to conduct the 26(f) meeting required not having been able to establish a time with the Plaintiffs' or the U.S. Coast Guard.

16) **From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Mediation by Plaintiffs', Defendant Barracuda Incorporated and U.S. Coast Guard. The other parties named are not proper Defendants' in this case, if any are.

17) **Magistrate Judges may hear jury and non-jury trials. Indicate the parties' joint position and a trial before a Magistrate Judge.**

These Defendants' have not arrived at a consensus regarding trial before a Magistrate Judge.

18) **State whether a jury demand has been made and if it was made on time.**

None of the Defendants' in this report have demanded a jury.

19) **Specify the number of hours it will take to present the evidence in this case.**

It is anticipated that the Defendants' represented by this report could introduce the evidence anticipated by them in 5 hours.

20) **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

A Motion for Summary Judgment by those parties who believe they have been unjustly made a party to this suit any other motions not yet conceived.

21) **List other pending motions.**

None at the present time.

22) **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.**

We believe the Court should interrogate Plaintiffs' why they added all of the parties they did especially, after the information they obtained by taking the depositions of witnesses before dismissing earlier case and their knowledge that they're were many other passengers aboard the Dolphin Express, Inc. that completed the fishing trip with no difficultly and many other fishing boats out that day and that morning who had no reason to call the U.S. Coast Guard. The Court might cut to the philosophy behind this case by such inquires.

23) **Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

It is believed that all parties have been disclosed, if the definition of parties is parties to the lawsuit and as a matter of fact, both parties have been added to the lawsuit that is proper.

24) **List the names, bar numbers, addresses and telephone numbers of all counsel.**

Joe J. Fisher, II, TA No.: 00787471; PROVOST & UMPHREY LAW FIRM, L.L.P., P.O. Box 4905, Beaumont, Texas 77704-4905, Telephone No. (409)835-6000, Facsimile No. (409)838-8888 identified as Counsel for Plaintiffs', Traci Leopard and Bryan Leopard. Bob J. Spann, TA No. 18873000, Bob J. Spann & Associates, 1109

Santa Fe (78404), P.O. Box 3039, Corpus Christi, Texas 78463-3039, Telephone No. (361)884-8221, Facsimile No. (361)884-8533 identified as counsel for Defendants', Dolphin Dock, Inc.; Barracuda Incorporated; Dean K. Luke, Individually and d/b/a Barracuda Incorporated; Dolphin Express, Inc.; and Gulley's Diving Service.

Bob J. Spann
TBA No.: 18873000
Fed. No.: 2215
BOB J. SPANN & ASSOCIATES
1109 Santa Fe (78404)
P.O. Box 3039
Corpus Christi, Texas 78463-3039
Telephone No.: (361)884-8221
Facsimile No.: (361)884-8533