UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAY 11 2000

MICHAEL N. MILBY CLERK

TRACI LEOPARD AND BRYAN        *
LEOPARD

VS.                            *        CIVIL ACTION NO.: C-00-115

DOLPHIN DOCK, INC., ET AL      *

**CASE MANAGEMENT PLAN SUBMITTED BY PLAINTIFFS
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

As ordered by the Court, Plaintiffs hereby submit the following Case Management Plan under Rule 26(f):

**1.    State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.**

Plaintiff forwarded a Draft of the Joint Discovery/Case Management Plan to Defendant counsel, Bob Spann for review, and, to add Defendant's allegations and claims; however, Defendant has filed a separate response with the Court.

No counsel of record is on file for Defendant, United States Coast Guard.

**2.    List the cases related to this one that are pending in any state or federal court, with the case number and court.**

None.

**3.    Briefly describe what this case is about.**

On March 28, 1998, Plaintiff, Traci Leopard, was an invited guest aboard "THE DOLPHIN EXPRESS", a vessel owned, operated, managed and/or controlled by Defendants. She became violently ill while onboard the vessel, and while being transported to a rescue helicopter by Defendants she sustained severe injuries to her head, face and body. Plaintiffs

41.

contend Defendants were negligent in 1) failing to provide an adequate crew 2) failing to properly train the crew; 3) In failing to warn of the dangerous condition that existed out on the seas; 4) In choosing to embark on the fishing trip, knowing there were inexperienced persons aboard; 5) In failing to provide a safe means of rescue and/or disembarkation; 6) unseaworthiness.

**4.    Specify the allegation of federal jurisdiction.**

Jurisdiction is not being disputed.

**5.    Name the parties who disagree and the reasons.**

The parties listed in response no. 1 do not agree with the allegations listed in response no. 3.

**6.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

At this time, Plaintiffs believe they have named all necessary parties in this lawsuit. Plaintiff will begin proceeding with discovery. If any new parties are discovered, Plaintiff will promptly add them as a party.

**7.    List anticipated interventions.**

None anticipated.

**8.    Describe class-action issues.**

None.

**9.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Plaintiffs will provide their Initial Disclosure to Defendant prior to May 17, 2000.

10. **Describe the proposed agreed discovery plan, including:**

   A. **Responses to all the matters raised in Rule 26(f).**

   B. **When and to whom the plaintiff anticipates it may send interrogatories.**

   C. **When and to whom the defendant anticipates it may send interrogatories.**

   D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

   E. **Of whom and by when the defendant anticipates taking oral depositions.**

   F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

   G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).**

   H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).**

Plaintiffs agree to comply with the Court's deadlines as designated in the proposed Scheduling Order.

Plaintiffs will be forwarding written discovery to Defendants listed in response no. 1 within the next ten (10) days. Plaintiffs will also be forwarding written discovery to the United States Coast Guard as soon as this Defendant files its Answer.

Plaintiffs have already taken the deposition of some of the Defendant parties and will complete discovery depositions by the proposed designated deadline date.

Further, at this time, Plaintiffs anticipate designating Captain R. J. Underhill and Plaintiff's medical providers as Plaintiffs' experts. Plaintiffs will agree to comply with the expert designation deadline as designated in the Scheduling Order.

**11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

   Plaintiffs have no objections to the proposed Scheduling Order as submitted by the Court.

**12.    Specify the discovery beyond initial disclosures that has been undertaken to date.**

   None.

**13.    State the date the planned discovery can reasonably be completed.**

   Plaintiffs anticipate forwarding written discovery to Defendants listed in response no. 1, within the next ten (10) days, and will proceed with depositions as soon as practical. .Again, Plaintiffs will comply with the designated discovery deadline.

   Plaintiffs will proceed with discovery to Defendant, United States Coast Guard as soon as this Defendant files its Answer with the Court.

**14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

   Plaintiffs' counsel does not believe a prompt settlement or resolution can be reached in this matter, at this time.

**15.    Describe what each party has done or agreed to do to bring about a prompt resolution.**

   This case has not developed enough, to prompt any settlements or resolutions.

**16.    From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

      Plaintiffs are agreeable to mediation when and if the correct parties are identified and served, and Plaintiff, Tracy Leopard, can determine, through her doctors, the extent of her injuries.

**17.    Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

      Plaintiffs are undecided.

**18.    State whether a jury demand has been made and if it was made on time.**

      A Jury Demand was timely requested.

**19.    Specify the number of hours it will take to present the evidence in this case.**

      Plaintiffs' evidence: 1- 3 days.

**20.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

      There are no pending Motions at the time of the filing of this Joint Discovery/Case Management Plan.

**21.    List other pending motions.**

      None at this time.

**22.** Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

Plaintiffs' position: none.

**23.** Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

Plaintiff's counsel, Joe J. Fisher II, hereby certifies that a Disclosure of Interested Parties was forwarded to the Court and opposing counsel on the 8th day of May, 2000.

**24.** List the names, bar numbers, addresses, and telephone numbers of all counsel.

**REPRESENTING THE PLAINTIFFS, TRACI LEOPARD AND BRYAN LEOPARD:**

*/s/ Joe J. Fisher II*

Joe J. Fisher II
TBA#: 00787471
PROVOST & UMPHREY
LAW FIRM, L.L.P.
P. O. Box 4905
Beaumont, TX 77704-4905
409/835-6000
409/813-8609 (Facsimile)

**REPRESENTING DEFENDANTS, BARRACUDA, INCORPORATED, DEAN K. LUKE, INDIVIDUALLY AND DBA BARRACUDA, INCORPORATED, DOLPHIN EXPRESS, INC., GULLEY'S DIVING SERVICE, INC., AND DOLPHIN DOCK, INC.:**

Bob J. Spann
TBA#: 18873000
Federal Admissions #: 2215
BOB J. SPANN & ASSOCIATES
P. O. Box 3039
Corpus Christi, TX 78463-3039
361//884-8221
361/884-8533 (Facsimile)