IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

AUG - 1 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| TRACI LEOPARD AND BRYAN LEOPARD, | § § § | |
| PLAINTIFFS | § § | |
| VS | § § | C.A. NO. C-00-115 |
| DOLPHIN DOCK, INC., ET AL DEFENDANT | § § § | |

## DEFENDANT, DOLPHIN DOCK, INC'S.
## MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, DOLPHIN DOCK, INC., a Texas corporation named the Defendant

in this lawsuit and files this Motion for Summary Judgment that it be discharged from any

and all claims of the Plaintiffs' because DOLPHIN DOCK, INC. has been falsely accused

of chartering a fishing trip for the Plaintiffs' when in fact is has not.  The Plaintiffs' have

knowingly and without foundation in fact filed this second suit against this Defendant after

having full discovery and actual knowledge that they have no legal or factual basis to bring

a suit against DOLPHIN DOCK, INC. in connection with a trip that was made by the

DOLPHIN EXPRESS on or about March 28, 1998.

1)      The allegations of the petition that the Plaintiffs' were negligently injured by this

Defendant was filed after the attorneys prosecuting this case were placed in full possession

of the fact that DOLPHIN DOCK, INC. is not a proper Defendant in this case and should

not of been made a party.  This Defendant and other Defendants' were falsely and without

Page 1 of 3

57.

CutePDF - www.fenito.com

justification, fact or appropriate inquiry again made a party to this claim when they had all facts in their possession by which they could bring a suit against the operator of the vessel involved which is the Defendant, BARRACUDA, INC. or against the captain of the ship Phil Hogan who is well known to the Plaintiffs'. Plaintiffs' have no legitimate basis for making DOLPHIN DOCK, INC. a Defendant and causing it to incur the expense, aggravation, worry and jeopardy of this second suit anymore than the first suit.

2)      There is attached hereto and made a part hereof for all purposes an affidavit of Paul Dirk whose deposition the Plaintiffs' had before filing this second suit. It was always available to the Plaintiffs' to supply information to the Plaintiffs' regarding DOLPHIN DOCK, INC. and which the Plaintiffs' totally ignored in filing this suit the second time.

3)      **WHEREFORE PREMISES CONSIDERED**, DOLPHIN DOCK, INC. respectfully moves that the Court after allowing time for response required by FRCP 56 grant this motion discharging DOLPHIN DOCK, INC. from any and all claims brought or could be brought by the Plaintiffs' herein, by TRACI LEOPARD and her husband, BRYAN LEOPARD and all other relief, law and equity to which the DOLPHIN DOCK, INC. may show itself entitled.

4)      That in granting such Motion for Summary Judgment that the Court take into consideration appropriate sanctions that should be granted where a party persists in making allegations for which it has no evidence Defendant, DOLPHIN DOCK INC. should be parties to this suit. Further when a party has proof in their possession that another party should not be parties and/or where it continues to harass, pester and torment and sue a party, in the vain hope of extracting some reward or settlement from such party.

DOLPHIN DOCK, INC. requests that the Court take in consideration the expense and attorney fees involved in the first cause of action and in this cause of action in arriving at its judgment in this case and awarding sanctions.

Respectfully submitted,

**BOB J. SPANN & ASSOCIATES**
State Bar No. 18873000
Federal Admissions #: 2215
1109 Santa Fe (78404)
P.O. Box 3039
Corpus Christi, TX 78463
Telephone No. (361)884-8221
Facsimile No. (361)884-8533

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument has been served upon counsel for all parties via facsimile and certified mail return receipt on this the ___ St day of August, 2000.

BOB J. SPANN
State Bar No.:18873000
Federal Admissions #: 2215
**COUNSEL FOR DEFENDANT**

**CMRRR NO. Z208462126**
Mr. Joe Fisher, II,
Attorney At Law
**PROVOST & UMPHREY LAW FIRM, L.L.P.**
P.O. Box 4905
Beaumont, Tx. 77704-4905
Telephone No.: (409)835-6000
Facsimile No.:(409)838-888

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TRACI LEOPARD AND BRYAN LEOPARD, | § § § | |
| PLAINTIFFS | § § | |
| VS | § § | C.A. NO. C-00-115 |
| DOLPHIN DOCK, INC., ET AL | § § | |
| DEFENDANT | § | |

### AFFIDAVIT OF PAUL DAVID DIRK

**STATE OF TEXAS** §
§
**COUNTY OF** Nueces §

My name is Paul David Dirk, owner of Dolphin Dock, Inc. a Texas Corporation in good standing and state the following facts in regards to Civil Action No. C-00-115, Traci Leopard and Bryan Leopard v. Dolphin Dock, Inc., et al as follows:

The Plaintiffs' sued a series of independent businesses concerning the claim of damages alleged to of occurred on March 28, 1998. Joe Fisher took my deposition and learned from that deposition that Dolphin Dock, Inc. did not operate or control the vessel DOLPHIN EXPRESS on or about March 28, 1998. That on the day in question, the vessel was captained by Phil Hogan operating under a bare boat charter that gave BARRACUDA, INC. full and complete control of the vessel, its captain Phil Hogan, its crew and full responsibility for its management, operation and maintenance with an obligation to return it to its true owner in the same condition when it was leased by BARRACUDA, INC.

It was obvious and known to the Plaintiffs' that responsibility for the operation of this

Page 1 of 3

vessel on the day in question was not the responsibility of DOLPHIN DOCK, INC. That it was owned by DOLPHIN EXPRESS, INC. a Texas Corporation. That DOLPHIN DOCK, INC. was a corporation that owned two (2) other vessels but not this one and had no responsibility for the operation of the DOLPHIN EXPRESS which was the vessel the Plaintiffs' were aboard at the time of the alleged injury. Not with standing this information and not with standing the fact the Plaintiffs' and their counsel knew they had no evidence whatsoever by which DOLPHIN DOCK, INC. had a responsibility for the vessel DOLPHIN EXPRESS. Dolphin Dock, Inc. has been named a Defendant. This corporation was answering in the prior suit in C.A. No. C-99-6 when this deposition was taken which was non-suited. There has been no further evidence obtained by the Plaintiffs' entitling Plaintiffs' to bring this suit against this corporation and accordingly, this Court should grant this Motion for Summary Judgment discharging DOLPHIN DOCK, INC. from any liability to the Plaintiffs' arising out of this incident.

Moreover, the Plaintiffs' well knew before this suit was filed that DOLPHIN DOCK, INC. had no responsibility to provide an adequate crew or train the crew or warn of dangerous conditions or make the choice to go on a fishing trip or knowing if there were inexperienced persons aboard or failing to provide a safe means of rescue and disembarkation or claim of seaworthiness or committing other various acts and omissions which are unspecified.

Not only is there no evidence to support that any of those allegations which are part of the Plaintiffs' irresponsible and undisciplined allegations. There are no facts known to the Plaintiffs' supporting a claim that DOLPHIN DOCK, INC. is chargeable with any of the

alleged negligence, unseaworthiness, or other claims or causes of action Plaintiffs' seek and rely upon in this case. The Plaintiffs' have allegations that attempt to allege a Texas Deceptive Trade Practice claim against DOLPHIN DOCK, INC. with full knowledge that the allegations are false, misleading and deceptive and the Plaintiffs' have no basis for making such allegation.

As president and owner of DOLPHIN DOCK, INC., I state that, DOLPHIN DOCK, INC. does not manage, operate or control in anyway the fishing voyages the DOLPHIN EXPRESS. Its trips, its operations are wholly within the deminuim and control of BARRACUDA, INC. which is owned and directed by Dean K. Luke which fact is well known to the Plaintiffs' and well known to them before Plaintiffs' first suit was non-suited by the Plaintiffs' and was well to Plaintiffs' prior to the time Plaintiffs' instituted this action against DOLPHIN DOCK, INC.

I read the foregoing affidavit and all of its facts are true and correct based upon my personal knowledge.

Signed this the _31st_ day of _July_, 2000.

_____
PAUL DAVID DIRK

STATE OF TEXAS      §
COUNTY OF _Nueces_      §
     §

SUBSCRIBED AND SWORN TO before me on this the _31st_ day of _July_, 2000.

**KELLY F. GONZALEZ**
Notary Public, State of Texas
My Commission Expires
December 17, 2001

_____
Notary Public in and for
The State of Texas

Page 3 of 3