IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

AUG - 1 2000

Michael N. Milby, Clerk

| | |
|---|---|
| TRACI LEOPARD AND BRYAN LEOPARD, <br>     PLAINTIFFS | § <br> § <br> § <br> § |
| VS | §   C.A. NO. C-00-115 |
| DOLPHIN DOCK, INC., ET AL <br>     DEFENDANT | § <br> § <br> § |

## DEFENDANT, GULLEY'S SERVICE DIVING, INC'S. MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, GULLEY'S DIVING SERVICE, INC., named a Defendant in this suit, a Texas Corporation and makes and files this Motion for Summary Judgment moving that the court enter a partial Summary Judgment denying the Plaintiffs' in this case all relief against Defendant, GULLEY'S DIVING SERVICE, INC. and that they be sanctioned for bringing this suit without foundation or support in any respect and that they be sanctioned for bringing a suit against GULLEY'S DIVING SERVICE, INC. after they were furnished with adequate information that GULLEY'S DIVING SERVICE, INC. had no responsibility for the operation of the boat DOLPHIN EXPRESS on the day in question and in support of such motion respectfully show:

1) GULLEY'S DIVING SERVICE, INC. is a Texas Corporation that owns property that consists of boat docks and couple of buildings especially a suited for the docking of fishing boats and their departures on fishing trips with facilities for cleaning the fish that are

brought in and for the lessees of the building to maintain a stock of fishing equipment, etc. that can be used in connection with fishing and handling the catch.

2)      The corporation, GULLEY'S DIVING SERVICE, INC. does not own, control or operate the M.V. DOLPHIN EXPRESS but merely leases the dock facilities. At one time the corporation was involved in a diving service taking participants scuba-diving and things of that nature but it has ceased those operations. In particular, it does not own or operate a vessel known as the Dolphin Express or have any part to play in its chartering, use and operation or the preservation or maintenance of it.

3)      GULLEY'S DIVING SERVICE, INC. has its property leased to BARRACUDA, INC. a Texas corporation, that operates a berthing and docking operation for various fishing boats which it is entitled to do under the lease it has from GULLEY'S DIVING SERVICE, INC. A true copy of the lease in effect on March 28, 1998 is attached as Exhibit "A".

4)      Counsel for the Plaintiffs', LEOPARD'S in this case are well aware of this having deposed Dean K. Luke and Paul David Dirk in September of 1999, prior to the time Plaintiffs' non-suited their claims arising out of an alleged injury which allegedly occurred on our about March 28, 1998. The shareholders of GULLEY'S DIVING SERVICE, INC., its officers, directors and employees have no personal knowledge of such event since the corporation merely leases the property and has no function or control regarding fishing trips, the scheduling or handling the catch or anything of that nature.

5)      This corporation respectfully shows that the allegations in paragraph 3 of Plaintiffs' Original Petition that the Plaintiffs' were on a charter fishing trip with GULLEY'S DIVING SERVICE, INC. is completely unfounded, false and knowingly made at a time when there

was no factual basis for such allegation.

6) Accordingly, this Defendant respectfully prays that the Court grant this Motion for Summary Judgment discharging GULLEY'S DIVING SERVICE, INC. from any liability whatsoever to the Plaintiffs' arising out of any cause of action and that the Court sanction the Plaintiffs' and counsel for having brought the first suit and not dismissing it in a timely manner and having brought the second suit with the full knowledge that there was no cause of action against GULLEY'S DIVING SERVICE, INC.

7) This party requests that the Court take it into consideration the severity of the conduct of the Plaintiffs' and their counsel in subjecting this corporation to continue harassment with unfounded claims, charges and demands. This Defendant respectfully requests all other relief the Court can grant in law and in equity and in order the prevent further prosecution of such suits by these parties or any other parties.

Respectfully submitted,

_____
BOB J. SPANN & ASSOCIATES
State Bar No. 18873000
Federal Admissions #: 2215
1109 Santa Fe (78404)
P.O. Box 3039
Corpus Christi, TX 78463
Telephone No. (361)884-8221
Facsimile No. (361)884-8533

Page 3 of 4

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument has been served upon counsel for all parties via facsimile and certified mail return receipt on this the 1__St day of August, 2000.

_____
BOB J. SPANN
State Bar No.:18873000
Federal Admissions #: 2215
**COUNSEL FOR DEFENDANT**

**CMRRR NO. Z208462126**
Mr. Joe Fisher, II,
Attorney At Law
**PROVOST & UMPHREY LAW FIRM, L.L.P.**
P.O. Box 4905
Beaumont, Tx. 77704-4905
Telephone No.: (409)835-6000
Facsimile No.:(409)838-888

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TRACI LEOPARD AND BRYAN LEOPARD, | § § § | |
| PLAINTIFFS | § § | |
| VS | § | C.A. NO. C-00-115 |
| | § § | |
| DOLPHIN DOCK, INC., ET AL | § | |
| DEFENDANT | § | |

### AFFIDAVIT OF ROBERT L. REASOR

**STATE OF TEXAS** §

**COUNTY OF** Nueces §

My name is Robert L. Reasor, I am a professional engineer and also a shareholder and Vice President of GULLEY'S DIVING SERVICE, INC. GULLEY'S DIVING SERVICE, INC. owns property that is located at 300 W. Cotter St., Port Aransas, Texas and is generally known as DOLPHIN DOCKS. DOLPHIN DOCKS consist of some buildings and some docking facilities for fishing boats. At one time was used as a home base for a diving service engaged in planning scuba-diving trips and things of that nature and its operation is now changed and only leases property to BARRACUDA, INC. BARRACUDA, INC. is a Texas corporation that leases and operates fishing boats and runs fishing trips, etc. from the premises. GULLEY'S DIVING SERVICE, INC. leases this property without any participation or control in the operation of the boats, any responsibility for them and is not itself involved in their operations.

The operations of the lessees of these boats are completely separate and apart

Page 1 of 2

## COMMERCIAL LEASE

This lease is made this _____1st_____ day of __Jan 1998__,

between __Guley Diving Serve Inc.__ Hereinafter called the lessor and __Barracuaa Inc.__

hereinafter called the lessee.

Lessee hereby offers to lease from lessor the premises situated in the City of

__Port Aransas__, County of __Nueces__, Stat of __Texas__,

described as __300 W Cotter__,

upon the following TERMS and CONDITIONS:

<u>Term and Rent.</u> Lessor demises the above premises for a term of __1 (one)__ year(s) commencing __Jan 1, 1998__, and terminating on __Dec 31, 1998__.

Lessee agrees to pay __4,500.00__ per month in advance on the first day of each month. All payments shall be made to lessor, at the address specified above. This lease may be terminated at the end of any calendar month if each party agrees to such.

<u>Use.</u>  Lessee shall use and occupy the premises for __Deep Sea Fishing, Docking__. The premises shall be used for no other purpose. Lessor represents that the premises may lawfully be used for such purpose.

<u>Care and Maintenance of Premises.</u>  Lessee acknowledges that the premises are in order and repair, unless otherwise indicated herein. Lessee shall, at his own expense and

at all times, maintain the premises in good and safe condition, including plate glass, electrical wiring, plumbing and heading installations and any other system or equipment upon the premises and shall surrender the same, at termination hereof, in as good condition as received, normal wear and tear expected. Lessee shall be responsible for all repairs required. Lessee shall also maintain in good condition such portions adjacent to the premises, such as sidewalks, driveways, lawns and shrubbery, which would otherwise be required to be maintained by lessor.

Alterations.  Lessee shall not, without first obtaining consent of Lessor, make any alterations, additions or improvements, in, to or about premises.

Ordinances and Statutes.  Lessee shall comply with all statutes, ordinances and requirements of all municipal, state and federal authorities now in force, or which may in hereafter be in force, pertaining to the premises, occasioned by or affecting the use thereof by lessee.

Assignment and Subletting.  Lessee may sublet any portion of the premises without prior written consent of the lessor.

Utilities.  All applications and connections for necessary utility services on the demised premises shall be made in the name of Lessee only, and Lessee shall be solely liable for charges as they become due, including those for sewer, water, gas, electricity, and telephone.

Entry and Inspection.   Lessee shall permit Lessor or Lessor's agents to enter upon the premises at reasonable times and upon reasonable notice, for the purpose of Inspection the same, and will permit Lessor at any time within sixty (60) days prior to the expiration of this lease, to place upon the premises any usual "To Let" or "For Lease" signs, and permit persons desiring to lease the same to inspect the premisses thereafter.

Possession.   If Lessor is unable to deliver possession of the premises at the commencement hereof, Lessor shall not be liable for any damage caused thereby, nor shall this lease be void or voidable, but Lessee shall not be liable for any rent until possession is delivered, Lessee may terminate this lease if possession is not delivered within 30 days of the commencement of the term hereof.

Indemnification to Lessor.   Lessor shall not be liable for any damage or injury to lessee, or any other person, or to any property, occurring on the demised premises or any part thereof, and lessee agrees to hold Lessor harmless from any claims for damages, no matter how caused.

Eminent Domain.   If the premises or any part thereof or any estate herein, or any other part of the building materially affecting Lessee's use of the premises, shall be taken by eminent domain, this lease shall terminate on the date when title vests pursuant to such taking, The rent, and any additional rent, shall be apportioned as of the termination date, and any rent paid for any period beyond that date shall be apportioned as of the

termination date, and any period beyond that date shall be repaid to Lessee, Lessee shall not be entitled to any part of the award for such taking or any payment in lieu thereof, but lessee may file a claim for any taking of fixtures and improvements owned by Lessee, and for moving expenses.

Destruction of Premises.   In the event of a partial destruction of the premises during the term hereof, from any cause, Lessor shall forthwith repair the same, provided that such repairs can be made within sixty (60) days under existing governmental laws and regulations, but such partial destruction shall not terminate this lease, except that Lessee shall be entitled to a proportionate reduction of rent while such repairs are being made, based upon the extent to which the making of such repairs shall interfere with the business of Lessee on the premises. If such repairs cannot be made within said sixty (60) days, Lessor, at his option, may make the same within a reasonable time, this lease continuing in effect with the rent proportionately abated as aforesaid, and in the event that Lessor shall not elect to make such repairs which cannot be made within sixty (60) days, this lease may be terminated at the option of either party. In the event that the building in which the demised premises may be situated is destroyed to an extent of not less than one-third of the replacement costs thereof, Lessor may elect to terminate this lease whether the demised premises be injured or not. A total destruction of the building in which the premises may be situated shall terminate this lease.

<u>Lessor's Remedies on Default.</u>   If lessee defaults in the payment of rent, or any additional rent, or defaults in the performance of any of the other covenants or conditions hereof, Lessor may give Lessee notice of such default and if Lessee does not cure any such default within 60 days, after the giving so such notice (or if such other default is of such nature that it cannot be completely cured within such period, if Lessee does not commence such curing within such 60 days and thereafter proceed with reasonable diligence and in good faith to cure such default, then Lessor may terminate this lease on not less than 30 days notice to Lessee.  On the date specified in such notice the term of this lease shall terminate, and Lessee shall then quit and surrender the premises to Lessor, but Lessee shall remain liable as hereinafter provided.  If this lease shall have been so terminated by Lessor, Lessor may at any time thereafter resume possession of the premises by any lawful means and remove Lessee or other occupants and their effects.  No failure to enforce any term shall be deemed a waiver.

<u>Attorney's Fees.</u>   In case suit should be brought for recovery of the premises, or for any sum due hereunder, or because of any act which may arise out of the possession of the premises, by either party, the prevailing party shall be entitled to all costs incurred in connection with such action, including a reasonable attorney's fee.

<u>Waiver.</u>   No failure of Lessor to enforce any term hereof shall be deemed to be a waiver.

<u>Notices.</u>   Any notice which either party may or is required to give, shall be given by mailing the same, postage prepaid, to Lessee at the premises, or Lessor at the address specified above, or at such other places as may be designated by the parties from time to time.

<u>Heirs, Assigns, Successors.</u>   This lease is binding upon and insures to the benefit of the heirs, assigns and successors in interest to the parties.

<u>Option to Renew.</u>   Provided that Lessee is not in default in the performance of this lease, Lessee shall have the option to renew the lease for an additional term of (1) one year(s) commencing at the expiration of the initial lease term. The option shall be exercised by verbal or written notice to Lessor not less than (60) sixty day(s) prior to the expiration of the initial lease term.

<u>Subordination.</u>   This lease is and shall be subordinated to all existing and future liens and encumbrances against the property.

<u>Entire Agreement.</u>   The foregoing constitutes the entire agreement between the parties

and may be modified only by writing, signed by both parties. The following Exhibits, if any, have been made a part of this lease before the parties' execution hereof: This

lease is in affect on the day and year written above.

LESSOR: Gulley's Diving Service Inc.

BY: _[signature]_

TITLE: Vice President

LESSEE: Barracuda, Inc.

BY: _Dean K Luke_

TITLE: President