United States District Court
Southern District of Texas
FILED

AUG 21 2000

MICHAEL N. MILBY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

TRACI LEOPARD AND BRYAN     *
LEOPARD

VS.                    *      CIVIL ACTION NO.: C-00-115

DOLPHIN DOCK, INC., ET AL     *

## JOINT PRETRIAL ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

As per the Court's Scheduling Order, Plaintiffs and Defendants, hereby submit the

following Joint PreTrial Order:

1.     **APPEARANCE OF COUNSEL:**

REPRESENTING THE PLAINTIFFS, TRACI LEOPARD AND BRYAN LEOPARD:

Joe J. Fisher II
TBA#: 00787471
PROVOST & UMPHREY
LAW FIRM, L.L.P.
P. O. Box 4905
Beaumont, TX 77704-4905
409/835-6000
409/813-8609 (Facsimile)

REPRESENTING DEFENDANTS, BARRACUDA, INCORPORATED, DEAN K. LUKE,
INDIVIDUALLY AND DBA BARRACUDA, INCORPORATED, DOLPHIN EXPRESS, INC.,
GULLEY'S DIVING SERVICE, INC., AND DOLPHIN DOCK, INC.:

Bob J. Spann
TBA#: 18873000
Federal Admissions #: 2215
BOB J. SPANN & ASSOCIATES
P. O. Box 3039
Corpus Christi, TX 78463-3039
361//884-8221
361/884-8533 (Facsimile)

1

## 2.    STATEMENT OF THE CASE

### PLAINTIFFS' STATEMENT OF THE CASE

On March 28, 1998, Plaintiff, Traci Leopard, was an invited guest aboard "THE DOLPHIN EXPRESS", a vessel owned, operated, managed and/or controlled by Defendants. She became violently ill while onboard the vessel, and while being transported to a rescue helicopter by Defendants she sustained severe injuries to her head, face and body.  Plaintiffs contend Defendants were negligent in 1) failing to provide an adequate crew 2) failing to properly train the crew; 3) In failing to warn of the dangerous condition that existed out on the seas; 4) In choosing to embark on the fishing trip, knowing there were inexperienced persons aboard; 5) In failing to provide a safe means of rescue and/or disembarkation; 6) unseaworthiness.

### DEFENDANTS' STATEMENT OF THE CASE

On March 28, 1998, Plaintiff, Traci Leopard and Bryan Leopard went the aboard vessel identified as "THE DOLPHIN EXPRESS" for a fishing trip along with many others.   Traci Leopard became "sea sick".  It is reported that she and her husband demanded the crew to contact the Coast Guard to escort her off the vessel.  The crew did as the Plaintiffs' ordered and the Coast Guard came to the vessel and escorted Plaintiff, Traci Leopard off of the vessel.  The Plaintiffs' are alleging that Traci Leopard received injuries and both suffered damages due to the incident.

## 3.    JURISDICTION

Jurisdiction is not disputed.

2

4.    **MOTIONS**

   **a.** There is a Motion for Summary Judgment pending as to Dolphin Dock, Inc., Dolphin Express, Inc. and Gulley's Diving Service.

   **b.** Plaintiffs anticipate filing a Motion to Strike Defendants' Expert Witnesses, as these expert witness reports were not timely filed;

   **c.** Plaintiffs further anticipate filing a Motion to Strike specific exhibits produced by Defendants.

5.    **CONTENTIONS OF THE PARTIES**

**Plaintiffs' Contentions:**

1)    That this is a general maritime & unseaworthiness case.

2)    That the Defendants were negligent in the following respects:

   a.    Failing to provide an adequate crew;

   b.    Failing to properly train the crew;

   c.    In failing to warn of the dangerous conditions that existed out on the seas;

   d.    In choosing to embark on the fishing trip, knowing there were inexperienced persons aboard;

   e.    In failing to provide a safe means of rescue and/or disembarkation;

   f.    Unseaworthiness;

3)    That the Defendants engaged in false, misleading, and deceptive acts in violation of the Texas Deceptive Trade Practices—Consumer Protection Act.   Specifically, the Defendants:

3

1. Caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

2. Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

3. Represented that goods or services were of a particular standard, quality, or grade;

4. Failed to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into the transaction which the consumer would not have entered into had the information been disclosed

5. That Defendants engaged in unconscionable actions and/or courses of action.

## Defendant's Contentions:

a)    Dolphin Dock, Inc., disagrees that it is a proper party because its only connection with the fishing trip was a web page which resulted in the Leopards' becoming passengers aboard "The Dolphin Express". Otherwise, it had no control over the vessel which was being operated under bare boat charter from the boat's owner, Dolphin Express, Inc. and should be dismissed from this case. This Defendant denies allegations of unseaworthiness and denies. This Defendant denies it was guilty of any of the specific acts alleged and or that it was negligent generally in any respect or that any acts or omissions of it were the proximate or producing cause of any loss or damage to the Plaintiffs'. This Defendant further denies that the vessel was unseaworthy in any respect and further that if it was in any respect unseaworthy such was not the producing proximate cause of any loss or damage to the Plaintiffs' or that the ships crew or others

4

were guilty of any negligence that was the proximate cause to alleged claims made by the Plaintiffs'. This Defendant further denies that it was engaged in or guilty of any acts or omissions that brings it within the Texas Deceptive Trade Practice-Consumer Protection Act and objects to the general description of the matters it intends to rely upon and asks for a bill of particulars as to each and every false, misleading, deceptive act or practice or unconscionable action or breach of warranty or material misrepresentation it intends to rely upon under Texas B & C 17.46 et seq.

b)      Dean K. Luke is a qualified captain and operates his fishing business under Barracuda Incorporated was not on the boat, was not involved in its operation and neither committed or omitted to do any act that would make him personally liable and should be dismissed from this action. This Defendant further states there is no entity known as Dean K. Luke, d/b/a Barracuda, Incorporated and there is no Barracuda, Inc. Barracuda, Incorporated denies that it or its captain or any members of its crew are guilty of any acts or omissions that were the cause of any loss, damage or injury to Traci Leopard and or that it was negligent or that the vessel was unseaworthy or guilty of any other fault contributing to the allegations made by Plaintiffs'. This Defendant further denies it was guilty of failing to provide an adequate crew, failing to properly have a trained crew, failing to warn of the dangerous conditions that existed on the seas. This Defendant further denies that it was engaged in or guilty of any acts or omissions that brings it within the Texas Deceptive Trade Practice-Consumer Protection Act and objects to the general description of the matters it intends to rely upon and asks for a bill of particulars as to each and every false, misleading, deceptive act or practice or unconscionable action or breach of

5

warranty or material misrepresentation it intends to rely upon under Texas B & C 17.46 et seq.

c)     Dolphin Express, Inc. is a Texas corporation in which the owners' lease the boat under a bare boat charter so that the vessel was under the complete and total control of Barracuda Incorporated who had the obligation to return it at the end of the lease in its original condition usual wear and tear accepted have no responsibility towards the event on the day in question and should be dismissed from this cause of action. This Defendant denies it was guilty of any of the specific acts alleged and or that it was negligent generally in any respect or that any acts or omissions of it were the proximate or producing cause of any loss or damage to the Plaintiffs'. This Defendant further denies that the vessel was unseaworthy in any respect and further that if it was in any respect unseaworthy such was not the producing proximate cause of any loss or damage to the Plaintiffs' or that the ships crew or others were guilty of any negligence that was the proximate cause, but nevertheless, all of such were outside the control of this defendant, which had by bare boat charter leased the vessel wholly and entirely to Barracuda, Inc. and retained no right of control and exercised no control whatsoever on the occasion in question. This Defendant further denies that it was engaged in or guilty of any acts or omissions that brings it within the Texas Deceptive Trade Practice-Consumer Protection Act and objects to the general description of the matters it intends to rely upon and asks for a bill of particulars as to each and every false, misleading, deceptive act or practice or unconscionable action or breach of warranty or material misrepresentation it intends to rely upon under Texas B & C 17.46 et seq.

6

d)   Gulley's Diving Service owns land, docks, and buildings at Port Aransas where the boat docks, loads and unloads passengers and the fish that it has caught for which Barracuda Incorporated pays a rental fee otherwise, it has no connection with the trip in question. The contracts and agreements between " The Dolphin Express" or any control over the vessel of the trip except the right under its charter to have the vessel returned at the end of the bare boat charter, wear and tear accepted and free of any liens or claims against it. It should be dismissed from this suit. This Defendant further denies that it was engaged in or guilty of any acts or omissions that brings it within the Texas Deceptive Trade Practice-Consumer Protection Act and objects to the general description of the matters it intends to rely upon and asks for a bill of particulars as to each and every false, misleading, deceptive act or practice or unconscionable action or breach of warranty or material misrepresentation it intends to rely upon under Texas B & C 17.46 et seq. This Defendant further asserts that it has engaged in no actions to bring the Plaintiffs together with their fishing enterprises and seeks an early dismissal from the expense and harassment of this litigation.

## 6.   ADMISSIONS OF FACT

1)   That this is a general maritime suit.

## 7.   CONTESTED ISSUES OF FACT

1)   That there is an "unseaworthy" issue in the case as alleged by Plaintiffs';

2)      That the Defendants' failed to provide an adequate crew as alleged by Plaintiffs';

3)      That the Defendants' failed to properly train the crew as alleged by Plaintiffs';

4)      That the Defendants' failed to warn of any dangerous conditions out on the sea as alleged by Plaintiffs';

5)      That the Defendants' are negligent in choosing to embark on the fishing trip with inexperienced persons aboard the vessel as alleged by Plaintiffs';

6)      That the Defendants' are negligent in providing a safe means of rescue and/or disembarkation as alleged by Plaintiffs'; and

7)      That the Defendants' engaged in false, misleading, and deceptive acts in violation of the Texas Deceptive Trade Practices- Consumer Protection Act as alleged by Plaintiffs, specifically, the following;

      a.  Caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

      b.  Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

      c.  Represented that goods or services were of a particular standard, quality, or grade;

      d.  Failed to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into the transaction which the consumer would not have entered into had the information been disclosed

      e.  That Defendants engaged in unconscionable actions and/or courses of action.

8)      That the Defendant caused any damages and/or injuries as alleged by the Plaintiffs'.

## 8.    AGREED PROPOSITIONS OF LAW

1)      That this case is a maritime cause of action.

CVisPDF - www.favisa.com

2)      That the Plaintiff must show that the Defendants were negligent and that said negligence was a proximate cause of Plaintiff's injuries and damages.

## 9.      CONTESTED PROPOSITIONS OF LAW

1)      That there is an "unseaworthy" issue in the case as alleged by Plaintiffs';;

2)      That the Defendants' failed to provide an adequate crew as alleged by Plaintiffs';

3)      That the Defendants' failed to properly train the crew as alleged by Plaintiffs';

4)      That the Defendants' failed to warn of any dangerous conditions out on the sea as alleged by Plaintiffs';

5)      That the Defendants' are negligent in choosing to embark on the fishing trip with inexperienced persons aboard the vessel as alleged by Plaintiffs';

6)      That the Defendants' are negligent in providing a safe means of rescue and/or disembarkation as alleged by Plaintiffs'; and

7)      That the Defendants' engaged in false, misleading, and deceptive acts in violation of the Texas Deceptive Trade Practices- Consumer Protection Act as alleged by Plaintiffs'.

8)      That the Defendant caused any damages and/or injuries as alleged by the Plaintiffs'.

## 10.     EXHIBITS

See Plaintiffs' and Defendants' Exhibit Lists attached.

## 11.     WITNESSES

**A.      PLAINTIFFS' WITNESSES WHO MAY BE CALLED (with a brief statement of the nature of their testimony):**

9

Traci Leopard
19942 Sutton Falls Drive
Cypress, Texas
Mrs. Leopard is the Plaintiff in this cause action, and has information and knowledge regarding her injuries and the damages she has suffered as a result of this incident.
1 hour of direct examination

Bryan Leopard
19942 Sutton Falls Drive
Cypress, Texas
Mr. Leopard is one of the Plaintiffs in this cause action. He has information and knowledge regarding his wife's injuries, and the damages they have suffered as a result of this incident.
1 hour of direct examination

Captain R. J. Underhill
P. O. Drawer 1030
Groves, TX  77619
Captain Underhill will provide testimony regarding the standard of care regarding shipowners, ships' crews, as well as ordinary care of the Defendants. Captain Underhill's C. V. is attached hereto.
45 minutes of direct examination

Paul Dirk
808 Sea Breez
Port Aransas, Texas
Mr. Dirk may be called live or via his video deposition.
Mr. Dirk has information and knowledge regarding the owner, operator, manager, employees and/or agents of Dolphin Dock, Inc., Barracuda, Inc., Dolphin Express, Inc., and Gulley's Diving Service, Inc. Mr. Dirk also has information regarding the owner, operator, manager, and employees of the vessel, THE DOLPHIN EXPRESS as of the date of the incident in question.
30 minute cross-examination

Dean Luke
310 Reynolds
Taft, Texas
Mr. Luke may be called live or via his video deposition.
Mr. Luke has information and knowledge regarding the owner, operator, manager, employees and/or agents of Dolphin Dock, Inc., Barracuda, Inc., Dolphin Express, Inc., and Gulley's Diving Service, Inc. Mr. Luke also has information regarding the owner, operator, manager, and employees of the vessel, THE DOLPHIN EXPRESS as of the date of the incident in question.
30 minute cross-examination

10

Gary Bridges
Ingleside, Texas
Mr. Bridges may be called live or via his video deposition.
Mr. Bridges has information and knowledge regarding the owner, operator, manager, employees and/or agents of Dolphin Dock, Inc., Barracuda, Inc., Dolphin Express, Inc., and Gulley's Diving Service, Inc. Mr. Bridges also has information regarding the owner, operator, manager, and employees of the vessel, THE DOLPHIN EXPRESS as of the date of the incident in question.
30 minute cross-examination

Phil Hogan
(address unknown)
Mr. Hogan has information and knowledge regarding the owner, operator, manager, employees and/or agents of Dolphin Dock, Inc., Barracuda, Inc., Dolphin Express, Inc., and Gulley's Diving Service, Inc. Mr. Hogan also has information regarding the owner, operator, manager, and employees of the vessel, THE DOLPHIN EXPRESS as of the date of the incident in question.
30 minute cross-examination

Charles Zahn
300 W. Cotter
Port Aransas, Texas 78373
Mr. Zahn has information and knowledge regarding the owner, operator, manager, employees and/or agents of Dolphin Dock, Inc., Barracuda, Inc., Dolphin Express, Inc., and Gulley's Diving Service, Inc. Mr. Zahn also has information regarding the owner, operator, manager, and employees of the vessel, THE DOLPHIN EXPRESS as of the date of the incident in question.

Gregory Lee Gamble
17818 Western Pass
Houston, Texas
Mr. Gamble was a passenger onboard the charter the day the incident in question occurred.
30 minute direct examination

Dr. Marilyn Mayer,
11302 Fallbrook
Houston, TX 77065
Dr. Mayer will be called via video deposition. Dr. Mayer has information and knowledge regarding Plaintiff, Traci Leopard's injuries, medical treatment, and medical prognosis. Dr. Mayer's C. V. is attached hereto.
30 minute direct examination by video.

11

CutePDF - www.fevia.com

Dr. Howard S. Derman
Baylor Department of Neurology
6501 Fannin, #NB302
Houston, TX 77030
Dr. Derman will be called via video deposition. Dr. Derman has information and
knowledge regarding Plaintiff, Traci Leopard's injuries, medical treatment, and
medical prognosis. Dr. Derman's C. V. is attached.
30 minute direct examination by video.


The following medical providers will be called via Deposition Upon Written Questions.
These medical providers have information and knowledge regarding Traci Leopard's
injuries, medical treatment, medical prognosis, and billing charges for medical services.
The custodians of records will testify via Deposition Upon Written Questions, as to the
records kept in the ordinary course of business, which pertain to the Plaintiff, Traci
Leopard:


Custodians of Medical and Billing Records for
Spohn Memorial Hospital
2606 Hospital Boulevard
Corpus Christi, TX


Dr. Roberto Seidner, and/or his custodians of medical and billing records,
E/R Physician
Spohn Memorial Medical Center
2606 Hospital Boulevard
Corpus Christi, TX


Custodians of Medical and Billing Records for
Cypress Fairbanks Medical Center Hospital
10655 Steepletop Drive
Houston, TX 77065


Dr. Michelle Bricker, and/or her custodians of medical and billing records,
Anesthesiology/Pain Management
11850 FM 1960 West
Houston, TX  77065


Dr. George J. Abdo, Radiologist, Dr. David M. Olifant, Radiologist, Dr. Larry Grissom,
Radiologist, Dr. Charles Jenkins, Radiologist, and/or their custodians of medical and
billing records,
C/o Cypress Fairbanks Medical Center Hospital
10655 Steepletop
Houston, TX

12

Dr. Robert M. Gordon (EEG), and/or his custodians of medical and billing records,
C/o Cypress Fairbanks Medical Center Hospital
10655 Steepletop Drive
Houston, TX 77065

Laurie Bollmeyer, Physical Therapist, and/or her custodians of medical and billing records,
Sports Medicine & Therapy Center at
Cypress Fairbanks Medical Center Hospital
10655 Steepletop
Houston, TX 77065

Jacqueline Baron Hurbanis, and/or her custodians of medical and billing records,
Speech Language Pathologist
C/o Cypress Fairbanks Medical Center Hospital
10655 Steepletop Drive
Houston, TX 77065

Dr. Ronald Taylor, and/or his custodians of medical and billing records,
11302 Fallbrook, #305
Houston, TX 77065

Dr. Marilyn Mayer, and/or her custodians of medical and billing records,
11302 Fallbrook
Houston, TX 77065

Dr. Warren Morgan, and/or his custodians of medical and billing records,
Texas Ear, Nose & Throat Specialists
11301 Fallbrook Drive, Suite 310
Houston, TX 77065

Dr. Alan Rubin, and/or his custodians of medical and billing records,
Diagnostic Neurology Clinic of Houston
11302 Fallbrook, #204
Houston, TX 77065

Dr. Howard S. Derman, and/or his custodians of medical and billing records,
Baylor Department of Neurology
6501 Fannin, #NB302
Houston, TX 77030

Dr. Herman Jenkins, and/or the custodians of medical and billing records for
Center for Balance Disorders
One Baylor Plaza
Houston, Texas 77030

Custodians of medical and billing records for
Neurology Associates
6550 Fannin, Suite 1801
Houston, Texas

Custodians of Medical and Billing Records for
Methodist Hospital
6565 Fannin
Houston, TX  77030

Dr. Jonathan Hulme, and/or his custodians of medical and billing records,
17215 Red Oak Drive, Suite 110
Houston, TX  77090

Dr. Joseph Chen, DDS, Dr. John Smith, Jr., DDS, and/or their custodians of medical and
billing records,
11455 Fallbrook Drive, #302
Houston, TX  77065

Anelaine Morgan, LMSW-ACP, LPC, and/or her custodians of medical and billing
records,
Planned Behavioral Health Care, Inc.
15840 FM 529, Suite 212
Houston, TX 77095

Dr. Louis McDonald, DDS, and/or his custodians of medical and billing records,
15757A FM 529 @ Hwy. 6 North
Houston, TX 77095
281/550-9054

Dr. Richard Palmer, Jr., and/or his custodians of medical and billing records,
12345 Jones Road, Suite 101
Houston, TX  77070
281/469-2181

Custodian of employment records, personnel records and payroll records for
Toshiba International Corporation
13131 West Little York
Houston, Texas
The custodian has information and knowledge of Plaintiff's employment and payroll records.

14

Plaintiff further reserves the right to call those experts and persons with knowledge named by Defendants.

If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses.

**B.      DEFENDANTS' WITNESSES WHO MAY BE CALLED (with a brief statement of the nature of their testimony):**

DOLPHIN DOCK, INC.
And all of its employees, agents and representatives
and its Custodian of all Records
300 W. Cotter
Port Aransas, Texas 78373
(800)393-3474
Defendant
Fact Witness
Knowledge of weather conditions, procedures, warnings, operations and other issues and surroundings concerning such lawsuit.

BARRACUDA, INC.
And all of its employees, representatives and agents
and it Custodian of all Records
300 W. Cotter
Port Aransas, Texas 78373
(800)393-3474
Defendant
Fact Witness
Knowledge of weather conditions, procedures, warnings, operations and other issues and surroundings concerning such lawsuit.

BARRACUDA INCORPORATED
And all of its employees, agents and representatives
and its Custodian of all Records
300 W. Cotter
Port Aransas, Texas 78373
(800)393-3474
Defendant
Fact Witness
Knowledge of weather conditions, procedures, warnings, operations and other issues and surroundings concerning such lawsuit.

CVisPDF - www.fesisi.com

Dean K. Luke, Individually
& d/b/a BARRACUDA INCORPORATED
And all of its employees, agents and representatives
and its Custodian of all Records
300 W. Cotter
Port Aransas, Texas 78373
(800)393-3474
Defendant
Expert Witness and Fact Witness
Knowledge of weather conditions, procedures, warnings, operations and other issues and surroundings concerning such lawsuit.

DOLPHIN EXPRESS, INC.
And all of its employees, agents and representatives
and its Custodian of all Records
300 W. Cotter
Port Aransas, Texas 78373
(800)393-3474
Defendant
Fact Witness
Knowledge of weather conditions, procedures, warnings, operations and other issues and surroundings concerning such lawsuit.

GULLEY'S DIVING SERVICE, INC.
And all of its employees, agents and representatives
and its Custodian of all Records
300 W. Cotter
Port Aransas, Texas 78373
(800)393-3474
Defendant - Fact Witness

Mike Newall, Air Commander Pilot
Daryl Creacy, Co-Pilot
Ben Galvan, Flight Mechanic and Hoist
Anthony Trout, Rescue Swimmer
UNITED STATES COAST GUARD
And all of its employees, agents and representatives
and all parties and/or individuals that participated and/or have knowledge involving the incident made the subject matter of said lawsuit.
and its Custodian of all Records
910 Travis Street, Suite 1500
Houston, Texas
10th Street & Constitution Ave.
N.W., Washington, D.C.
Telephone Number Unknown

16

Expert Witness
Knowledge of weather conditions, procedures, and surroundings that occurred regarding such lawsuit.

UNITED STATES COAST GUARD
And all of its employees, agents and representatives
and all parties and/or individuals that participated and/or have knowledge involving the incident made the subject matter of said lawsuit.
and its Custodian of all Records
910 Travis Street, Suite 1500
Houston, Texas
10th Street & Constitution Ave.
N.W., Washington, D.C.
Telephone Number Unknown
Fact Witness
Knowledge of weather conditions, procedures, and surroundings that occurred regarding such lawsuit.

Douglas B. Cameron,
Area Manager
SABINE SURVEYORS, INC.
Marine Surveyors & Consultants
3649 Leopard, Suite 407
Corpus Christi, Texas 78408
(361)879-0828
Expert Witness
Will provide testimony of his expertise along with weather conditions, procedures and surroundings that occurred regarding such lawsuit.  Mr. Cameron is also a retired lieutenant commander of the United States Coast Guard.

Paul Dirk
808 Sea Breeze
Port Aransas, Texas 78373
(361)774-3556
Expert Witness and Fact Witness
Knowledge of weather conditions, procedures, warnings, operations and other issues and surroundings concerning such lawsuit.  Knowledge of weather conditions and will provide testimony that it was safe for the charter to commence forward with the fishing trip.

Dean K. Luke
300 W. Cotter
Port Aransas, Texas 78373
310 Reynolds
Taft, Texas
(800)393-3474

Expert Witness and Fact Witness
Knowledge of weather conditions and will provide testimony that it was safe for the charter to commence forward with the fishing trip.
Knowledge of weather conditions, procedures, warnings, operations and other issues and surroundings concerning such lawsuit.

Charles W. Zahn, Jr.
300 W. Cotter
Port Aransas, Texas 78373
(800)393-3474
Fact Witness

Traci Leopard
19942 Sutton Falls Drive
Cypress, Texas 77433
(281)858-0108
Plaintiff
Fact Witness
Knowledge of surroundings involving the incident made the basis of such lawsuit.

Bryan Leopard
19942 Sutton Falls Drive
Cypress, Texas 77433
(281)858-0108
Plaintiff
Fact Witness
Knowledge of surroundings involving the incident made the basis of such lawsuit.

Bob J. Spann,
BOB J. SPANN & ASSOCIATES
1109 Santa Fe
Corpus Christi, Texas 78404
(361)884-8221
Counsel for Defendants' Dean K. Luke, Individually and d/b/a Barracuda Incorporated,; Dolphin Express, Inc.,; and Gulley's Diving Service, Inc.
Expert Witness
Attorney Fees

Joe J. Fisher, II,
PROVOST UMPHREY LAW FIRM, L.L.P.
490 Park Street
Beaumont, Texas 77704
(409)835-6000
Counsel for Plaintiffs' Traci Leopard and Bryan Leopard
Expert Witness
Attorney Fees

CVisPDF - www.fasesa.com

Gary Bridges, Captain
300 W. Cotter
Port Aransas, Texas 78373
(800)393-3474
Ingleside, Texas
(361)776-2476
Expert Witness and Fact Witness
Knowledge of weather conditions, procedures, warnings, operations and other issues and surroundings concerning such lawsuit. Knowledge of weather conditions and will provide testimony that it was safe for the charter to commence forward with the fishing trip.

Phil Hogan, Captain
731 S. Houston
Aransas Pass, Texas 78336
(361)758-4771
Expert Witness and Fact Witness
Knowledge of weather conditions, procedures, warnings, operations and other issues and surroundings concerning such lawsuit. Knowledge of weather conditions and will provide testimony that it was safe for the charter to commence forward with the fishing trip.

Tim Oestrich, Captain
300 W. Cotter
Port Aransas, Texas 78373
(800)393-3474
Expert Witness and Fact Witness
Knowledge of weather conditions, procedures, warnings, operations and other issues and surroundings concerning such lawsuit. Knowledge of weather conditions and will provide testimony that it was safe for the charter to commence forward with the fishing trip.

NATIONAL WEATHER BUREAU AND/OR NATIONAL WEATHER SERVICE
and all of its employees, representatives and agents
and its Custodian of all Records
Need Physical Address
Need Telephone Number
Expert Witness
Knowledge of weather conditions for the day involving the incident made the basis of such lawsuit.

Captain R. J. Underhill
P.O. Drawer 1030
Groves, Texas 77619
(409)985-9329
Expert Witness
Designated by Plaintiffs' Traci Leopard and Bryan Leopard

Captain Underhill will provide testimony regarding the standard of care regarding shipowners, ships' crew, as well as ordinary care of the Defendants'.

SPOHN MEMORIAL HOSPITAL
and all of its employees, agents, representatives and physicians
and its Custodian of all Records
2606 Hospital Blvd.
Corpus Christi, Texas
(361)902-4000
Expert Witness
Designated by Plaintiffs' Traci Leopard and Bryan Leopard
Knowledge of medical treatment, alleged injuries, medical prognosis and medical expenses incurred involving the alleged injuries made the basis of such lawsuit.

Dr. Roberto Seidner, M.D.
Emergency Room Physician
SPOHN MEMORIAL HOSPITAL
and its employees, agents, representatives and physicians
and his and/or its Custodian of all Records
2606 Hospital Blvd.
Corpus Christi, Texas
(361)902-4000
Expert Witness
Designated by Plaintiffs' Traci Leopard and Bryan Leopard
Knowledge of medical treatment, alleged injuries, medical prognosis and medical expenses incurred involving the alleged injuries made the basis of such lawsuit.

CYPRESS FAIRBANKS MEDICAL CENTER HOSPITAL
and its employees, agents, representatives and physicians
and its Custodian of all Records
10655 Steepletop Drive
Houston, Texas 77065
(713)897-3114
Expert Witness
Designated by Plaintiffs' Traci Leopard and Bryan Leopard
Knowledge of medical treatment, alleged injuries, medical prognosis and medical expenses incurred involving the alleged injuries made the basis of such lawsuit.

Dr. Michelle Bricker, M.D.,
Anesthesiology and/or Pain Management
and her Custodian of all Records
11850 FM 1960 West
Houston, Texas 77065
(281)517-0020
Expert Witness
Designated by Plaintiffs' Traci Leopard and Bryan Leopard

Knowledge of medical treatment and medical expenses incurred involving the alleged injuries made the basis of such lawsuit.

Dr. George J. Abdo, Radiologist
Dr. David M. Olifant, Radiologist
Dr. Larry Grissom, Radiologist
Dr. Charles Jenkins, Radiologist
CYPRESS FAIRBANKS MEDICAL CENTER HOSPITAL
and its employees, agents, representatives and physicians
and their\its Custodian of all Records
10655 Steepletop
Houston, Texas 77065
(713)897-3114
Expert Witness
Designated by Plaintiffs' Traci Leopard and Bryan Leopard
Knowledge of medical treatment, alleged injuries, medical prognosis and medical expenses incurred involving the alleged injuries made the basis of such lawsuit.

Dr. Robert M. Gordon, EEG
CYPRESS FAIRBANKS MEDICAL CENTER HOSPITAL
and its employees, agents, representatives and physicians
and his\its Custodian of all Records
10655 Steepletop
Houston, Texas 77065
(713)897-3114
Expert Witness
Designated by Plaintiffs' Traci Leopard and Bryan Leopard
Knowledge of medical treatment, alleged injuries, medical prognosis and medical expenses incurred involving the alleged injuries made the basis of such lawsuit.

Laurie Bollmeyer,
Physical Therapist
SPORTS MEDICINE & THERAPY CENTER
CYPRESS FAIRBANKS MEDICAL CENTER HOSPITAL
and its employees, agents, representatives and physicians
and her/its Custodian of all Records
10655 Steepletop
Houston, Texas 77065
(281)897-3590
Designated by Plaintiffs' Traci Leopard and Bryan Leopard
Knowledge of medical treatment, alleged injuries, medical prognosis and medical expenses incurred involving the alleged injuries made the basis of such lawsuit.

Jacqueline Baron Hurbanis,
Speech Language Pathologist
CYPRESS FAIRBANKS MEDICAL CENTER HOSPITAL

and its employees, agents, representatives and physicians
and her/its Custodian of all Records
10655 Steepletop
Houston, Texas 77065
(281)897-3590
Designated by Plaintiffs' Traci Leopard and Bryan Leopard
Knowledge of medical treatment, alleged injuries, medical prognosis and medical expenses
incurred involving the alleged injuries made the basis of such lawsuit.

Dr. Ronald Taylor
and his employees, agents, representatives and physicians
and his Custodian of all Records
11302 Fallbrook, # 305
Houston, Texas 77065
(281)469-3949
Designated by Plaintiffs' Traci Leopard and Bryan Leopard
Knowledge of medical treatment, alleged injuries, medical prognosis and medical expenses
incurred involving the alleged injuries made the basis of such lawsuit.

Dr. Marilyn Mayer
and her employees, agents, representatives and physicians
and her Custodian of all Records
11302 Fallbrook
Houston, Texas 77065
(281)469-3949
Designated by Plaintiffs' Traci Leopard and Bryan Leopard
Knowledge of medical treatment, alleged injuries, medical prognosis and medical expenses
incurred involving the alleged injuries made the basis of such lawsuit.

Dr. Warren Morgan
TEXAS EAR, NOSE & THROAT SPECIALISTS
and its employees, agents, representatives and physicians
and his/its Custodian of all Records
11301 Fallbrook Drive, Suite 310
Houston, Texas 77065
(281)890-6155
Designated by Plaintiffs' Traci Leopard and Bryan Leopard
Knowledge of medical treatment, alleged injuries, medical prognosis and medical expenses
incurred involving the alleged injuries made the basis of such lawsuit

Dr. Alan Rubin
DIAGNOSTIC NEUROLOGY CLINIC OF HOUSTON
and its employees, agents, representatives and physicians
and his/its Custodian of all Records
11302 Fallbrook, #204
Houston, Texas 77065

(713)469-0998
Designated by Plaintiffs' Traci Leopard and Bryan Leopard
Knowledge of medical treatment, alleged injuries, medical prognosis and medical expenses incurred involving the alleged injuries made the basis of such lawsuit.

Dr. Howard S. Derman
BAYLOR DEPARTMENT OF NEUROLOGY
and its employees, agents, representatives and physicians
and his/its Custodian of all Records
6501 Fannion, #NB302
Houston, Texas 77030
(713)798-5971
Designated by Plaintiffs' Traci Leopard and Bryan Leopard
Knowledge of medical treatment, alleged injuries, medical prognosis and medical expenses incurred involving the alleged injuries made the basis of such lawsuit.

NEUROLOGY ASSOCIATES
and its employees, agents, representatives and physicians
and its Custodian of all Records
6550 Fannin, Suite 1801
Houston, Texas
(713)798-8378
Designated by Plaintiffs' Traci Leopard and Bryan Leopard
Knowledge of medical treatment, alleged injuries, medical prognosis and medical expenses incurred involving the alleged injuries made the basis of such lawsuit.

METHODIST HOSPITAL
and its employees, agents, representatives and physicians
and its Custodian of all Records
6565 Fannin
Houston, Texas 77030
(713)790-2000
Designated by Plaintiffs' Traci Leopard and Bryan Leopard
Knowledge of medical treatment, alleged injuries, medical prognosis and medical expenses incurred involving the alleged injuries made the basis of such lawsuit.

Dr. Jonathan Hulme
and his employees, agents, representatives and physicians
and his Custodian of all Records
17215 Red Oak Drive, Suite 110
Houston, Texas 77090
(281)537-7784
Designated by Plaintiffs' Traci Leopard and Bryan Leopard
Knowledge of medical treatment, alleged injuries, medical prognosis and medical expenses incurred involving the alleged injuries made the basis of such lawsuit.

Dr. Joseph Chen, DDS,
Dr. John Smith, Jr., D.D.S
and their employees, agents, representatives and dentists
and their Custodian of all Records
11455 Fallbrook Drive, #302
Houston, Texas 77065
(281)890-1158
Designated by Plaintiffs' Traci Leopard and Bryan Leopard
Knowledge of medical treatment, alleged injuries, medical prognosis and medical expenses
incurred involving the alleged injuries made the basis of such lawsuit.

Anelanie Morgan, LMSW-ACP, LPC
PLANNED BEHAVIORAL HEALTH CARE, INC.
and their employees, agents, representatives
and her/its Custodian of all Records
15840 FM 529, Suite 212
Houston, Texas 77095
(281)855-2171
Designated by Plaintiffs' Traci Leopard and Bryan Leopard
Knowledge of medical treatment, alleged injuries, medical prognosis and medical expenses
incurred involving the alleged injuries made the basis of such lawsuit.

Dr. Louis McDonald, D.D.S.
And his employees, agents and representatives
and his Custodian of all Records
15757A FM 529 Hwy. 6 North
Houston, Texas 77095
(281)550-9054
Designated by Plaintiffs' Traci Leopard and Bryan Leopard
Knowledge of medical treatment, alleged injuries, medical prognosis and medical expenses
incurred involving the alleged injuries made the basis of such lawsuit.

Dr. Richard Palmer, Jr.
And his employees, agents, representatives and physicians
and his Custodian of all Records
12345 Jones Road, Suite 101
Houston, Texas 77070
(281)469-2181
Designated by Plaintiffs' Traci Leopard and Bryan Leopard
Knowledge of medical treatment, alleged injuries, medical prognosis and medical expenses
incurred involving the alleged injuries made the basis of such lawsuit.

Gary Gunnells
1206 Lodema Lane
Duncanville, Texas
(972)283-8814
Fact Witness

Paying customer aboard the charter the day the incident occurred for such lawsuit. Will provide testimony in all the events that he observed took place at the time of the occurrence.

Gregory Lee Gamble
17818 Western Pass
Houston, Texas
Telephone Number has not been provided to the Defendants'.
Designated by Plaintiffs' after deadline date.

Mr. Gamble was a passenger onboard the charter the day the incident in question occurred and the Defendant is unaware of what testimony he may provide.

TOSHIBA INTERNATIONAL CORPORATION
Custodian of employment records, personnel records and payroll records
13131 West Little York
Houston, Texas
Telephone number has not been provided to the Defendants'
Desginated by Plaintiffs' after deadline date.

The custodian has information and knowledge of Plaintiffs' employment and payroll records.

Defendants' further reserve the right to call those experts and persons with knowledge named by the Plaintiffs'.

If other witnesses to be called at the trial become known, their names, address, telephone numbers and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witness.

**12.    SETTLEMENT**

All settlement efforts have been exhausted. This case cannot be settled, and will have to be tried.

13. **TRIAL**

    A.    Plaintiffs anticipate 1 – 3 days for Plaintiff's evidence.

    B.    The parties anticipate use of video equipment.

    C.    Defendant anticipates 2 to 3 days for Defendants' evidence.

14. **ATTACHMENTS**

    1)    See attached proposed questions for the voir dire examination;

    2)    Proposed charge, including instructions, definitions, and special interrogatories, with authorities.

    3)    Exhibit Lists (2 copies)

    4)    Witness List (2 copies)

    5)    Defendant's Objection to the Opinion and Testimony of Captain R. J. Underhill. (2 copies)

---

Date                      United States District Judge

APPROVED:

8/19/00
Date

Joe J. Fisher II
Attorney-in-charge, Plaintiffs

8-21-00
Date

Bob Spann
Attorney-in-charge, Defendants

26

| | |
|---|---|
| **CHAIRMAN OF:** | Capt. R J Underhil & Assoc., Inc<br>P. O. Drawer 1030<br>Groves, Texas 77619<br>Office (409) 985-6329<br>Res. (409) 962-3451 |
| **EDUCATION:** | 1939 Newburgh Free Academy<br>1943 United States Maritime Officer's Training School, Ft. Trumbull, CT., 3rd Mate & Ensign. U S Maritime Service<br>1944-1945 U.S. Maritime Upgrading School, New York City for 2nd Mate,Chief Mate, Master and Lt Cmdr., U S Maritime Service.<br>1946 Advance Navigation School, U.S. Maritime Service, Sheeps Head Bay, N.Y..<br>Numerous Seminars on all forms of insurance. |
| **LICENSES:** | Ten Issues of Unlimited Master's Oceans, total of thirteen license.  Type 1 Texas All Line Adjuster License #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 |
| **ACTIVITIES:** | Fire & Casualty Insurance Adjusters, Specializing in Pre-Trial Investigations for Insurance Companies and Attorneys.  P & I Investigations for Underwriters, Owners, P & I Clubs and Attorneys.  Expert Witness, all types of marine claims in the U. S. Federal Court, State Court and New York and London Arbitration. Consultants to Major Oil Companies on the Prevention and Control of Loss, during petroleum shipments from production to refining. |
| **ASSOCIATIONS:** | The Society of Naval Architects and Marine Engineers<br>The National Association of Marine Surveyors.<br>The American Society of Naval Engineers.<br>The Council of American Master Mariners<br>Marine Service Association of Texas<br>Sabine Neches Claimsmen's Association.<br>Houston Claimsmen's Association.<br>Propeller Club of the United States.<br>U. S. Naval Institute.<br>Society of Marine Consultants<br>International Cargo Gear Bureau.<br>American Petroleum Institute.<br>Marine Society of the City of New York, in the State of New York, as a full member.<br>Certified Professional Marine Surveyor in the State of Louisiana.<br>American Boat & Yacht Council.<br>Royal Institute of Navigation at the Royal Geographical Society, 1 Kensington Gore, London.<br>The Nautical Institute of London, England. |
| **EMPLOYMENT:** | 1954 to date CEO, Underhill Adjustment Agency, Fire & Casualty Adjusters.<br>CEO, Capt. R.J. Underhill & Assoc., Inc., Surveyors, P & I Investigators & Consultants.<br>1952-1954, Staff Adjuster for Independent adjusting company<br>1941-1953, Various steamship companies as ordinary seaman to Master. |
| **OTHER:** | Our association provides experienced personnel for Sea Trials, both new construction and refits of all types of vessels.  We can provide not only the Master and Officers, but the crew including deck, steward and engine departments<br><br>We have expertise relative to the surveying of all types of trawlers, long lines, etc., as well as all classes of pleasure vessels. |

CImPDF.com - www.texko.com

# CURRICULUM VITAE

**NAME:** Howard S. Derman, M.D.

**DATE OF BIRTH:** July 9, 1949

**PHONE NUMBER:** 713/798-5996

**FAX NUMBER:** 713/798-5030

**EMAIL:** hderman@bcm.tmc.edu

**EDUCATION:** Clinical Fellow, Department of Neurology, Baylor College of Medicine, Houston, Texas, 1978-1979

Chief Resident in Neurology, Baylor College of Medicine, Houston, Texas, 1977-1978

Assistant Resident, Neurology, Duke University Medical Center, Durham, North Carolina, 1975-1977

Intern (general medical) - University of Connecticut Health Center, Farmington, Connecticut, 1974-1975

Rush Medical College, Chicago, Illinois; M.D. degree, 1971-1974

Syracuse University, Syracuse, New York; B.S. degree, 1967-1971

**ACADEMIC APPOINTMENTS:**

Associate Professor of Neurology, Baylor College of Medicine, 1995

Assistant Professor of Neurology, Baylor College of Medicine, Houston, Texas, 1979-1995

**CLINICAL APPOINTMENTS:**

Manager, Clinical Affairs, Department of Neurology, Baylor College of Medicine, Houston, Texas, 1989-Present

Director, Headache Clinic, Baylor College of
Medicine/The Methodist Hospital, Houston, Texas,
1988-Present

Chief of Service, Neurology Department, Ben Taub
General Hospital/Baylor College of Medicine, 1982-1984

## BOARD CERTIFICATION:

Diplomat of American Board of Psychiatry and Neurology,
1980

## SPECIALTY BOARD:

Site Organizer and Examiner, American Board Psychiatry
and Neurology; Houston, Texas, January 1993

Site Organizer and Examiner, American Board Psychiatry
and Neurology; Houston, Texas, January 1987

Site Organizer and Examiner, American Board Psychiatry
and Neurology; Houston, Texas, January 1983

Examiner, American Board Psychiatry and Neurology;
New York, New York, November 1992

Examiner, American Board Psychiatry and Neurology;
New York, New York, October 1986

Examiner, American Board Psychiatry and Neurology;
New York, New York, November 1982

## HONORS:

Phi Kappa Phi, Liberal Arts Honorary Fraternity
Alpha Epsilon Delta, Pre-Medical Honorary Fraternity

## ORGANIZATIONS:

American Academy of Neurology
American Medical Association
Harris County Medical Association
Houston Neurological Society
Texas Neurological Society
American Academy for the Study of Headache

4.  Derman, H.S. Headaches - Management. Medical House Staff, Ben Taub General Hospital, March 1996.

5.  Derman, H.S. Migraine Headaches - Diagnosis and Treatment. Baylor College of Medicine, Department of Neurology, Update Course, December 1995.

6.  Derman, H.S. Headaches - Rational approach. Baylor Family Practice Residents, April 1995.

7.  Derman, H.S. Headaches - Treatment. Pharmaceutical representatives - Cephalon Corp., June 1995.

8.  Derman, H.S. Headaches - rational approach. South Shore Harbor. Baylor College of Medicine Family Practice Course, January 1993.

9.  Derman, H.S. Headaches – emergency management. Baylor College of Medicine, Family Practice Course, May 1992.

10. Derman, H.S. Migraine headaches. Baylor College of Medicine, Family Practice Course, April 1991.

11. Derman, H.S. Migraine headaches. Baylor College of Medicine, Family Practice Course, April 1990.

12. Derman, H.S. TIA and stroke - clinical approaches. Baylor College of Medicine, Family Practice Course, May 1989.

13. Derman, H.S. Migraine headaches. Baylor College of Medicine, Family Practice Course, May 1988.

14. Derman, H.S. Seizure management. Baylor College of Medicine, Family Practice Course, May 1983.

15. Derman, H.S. Clinical applications of visual-evoked responses. Baylor College of Medicine, Neuropsychology, Houston, Texas, October 1980.

**Course Faculty - Other**

1.  Derman, H.S. Speakers Bureau. Novartis Pharmaceutical. Phoenix, Arizona, January 1998.

2.  Derman, H.S. Headache Approach for the Family Practice Physician. St. Joseph Hospital, Family Practice Department. August, 1997.

3.  Derman, H.S. Speakers Bureau. Glaxo Pharmaceutical. Santa Fe, New Mexico, July 1997.

4.  Derman, H.S. Cluster headaches. Arlington Hospital, Arlington, Virginia, March 1992.

CAMPDF - www.fania.com

AUG-17-2000 16:34 FROM:                          713 798 5030          TO:514098138609-6215741 P.008/009

19.    Derman, H.S.  Migraine Headaches - Diagnosis and Treatment.  Clear Lake, Texas, May, 1995.

20.    Derman, H.S.  Migraine - clinical applications - Parkway Hospital, January, 1995.

21.    Derman, H.S.  Migraine - clinical applications - Spring Branch Medical Center, January 1995.

22.    Derman, H.S.  Headaches - medicine update.  VA Medical Center.  Grand rounds, March, 1994.

23.    Derman, H.S.  Headaches - new approaches.  Gulf Coast Pharmacists.  Beaumont, Texas, May, 1993.

24.    Derman, H.S.  Headaches - new advances.  Methodist Hospital Medicine Conference, March 1993.

25.    Derman, H.S.  Sumatriptan - clinical applications.  Update for Glaxo Pharmaceutical representatives, January 1993.

26.    Derman, H.S.  Headaches - practical approach.  Update for Glaxo Pharmaceutical representatives, September 1992.

27.    Derman, H.S.  Botulinum Toxin - clinical applications.  Health Care Conference, BZW Group, New York, February 1991.

28.    Derman, H.S.  Serotonin in neurologic disorders.  Health Care Conference, Eberstadt Fleming Co., Amelia Island, Florida, April 1988.

29.    Derman, H.S.  Depression, anxiety & obesity - Role of serotonin.  Health Care Conference, Eberstadt Fleming Co., Amelia Island, Florida, April 1987.

30.    Derman, H.S.  Treatment of depression & anxiety.  Eberstadt Fleming Co., New York City, October 1985.

31.    Derman, H.S.  Sorbinil - an overview.  Seminar for F. Eberstadt & Co., New York City, January 1985.

32.    Bryan, R.N., Derman, H.S., Jackson, J.A., Weathers, S.W.S., Willcott, M.R., III, Ford, J.J., and Schneiders, N.J.  CT versus NMR imaging of ischemic cerebral infarction.  American Society of Neuroradiology, San Francisco, June 1983.

33.    Bryan, R.N., Willcott, M.R., III, Schneiders, N.J., Rose, J.E., and Derman, H.S.  NMR evaluation of occlusive stroke.  The Radiological Society of North America, Chicago, Illinois, December 1982; Postgraduate Course on Neuroradiology, New York City, April 1983.

35.     Derman, H.S.  Approach to TIA's medical management.  Houston, Texas, October
        1982.

36.     Derman, H.S.  Clinical abnormalities in multiple sclerosis.  Houston, Texas, February
        1982.

37.     Derman, H.S.  Multiple sclerosis—an overview.  Lake Charles, Louisiana, May 1979.

## MEDICAL AND SERVICE INFORMATION:

### A.     Patient Care Responsibility

Manager Clinical Affairs; Department of Neurology, Baylor College of Medicine

Director Headache Clinic; Baylor College of Medicine/Methodist Hospital

### B.     Committees

#### Baylor College of Medicine

1.      Admissions Committee, 1990-1992

2.      Department of Neurology, Chairman, Quality Management Committee, 1990-
        present

3.      Baylor MedCare - Utilization Subcommittee, 1995

4.      Baylor MedCare - MSO Subcommittee, 1997

5.      Baylor MedCare - Professional Fees Committee, 1998

#### The Methodist Hospital

1.      Drug Utilization and Formulary Subcommittee
                Chairman       1995-present
                Member         1991-1995

2.      Clinical Pathway Advisory Committee, 1994

3.      Utilization Review Subcommittee, 1991-present

4.      Pharmacy and Therapeutic Committee, 1991-present

5.      Chairman, Quality Management Committee, Neurology, 1990-present

04/08/98

CVISPDF - www.fastio.com

# CURRICULUM VITAE

## MARILYN B. MAYER, M.D.

**HOME ADDRESS**
2224 Dryden
Houston, Texas 77030
(713) 660-7319

**OFFICE ADDRESS**
11302 Fallbrook #305
Houston, Texas 77065
(713) 469-3949

## CERTIFICATION/LICENSURE

| | |
|---|---|
| 11/94 | Certified, American Board of Internal Medicine |
| 9/92 | Licensed, Texas Board of Medical Examiners |

## PROFESSIONAL EXPERIENCE

| | |
|---|---|
| 8/93-12/95 | Kelsey-Seybold Clinic, Houston , Texas. Staff Physician, Department of Internal Medicine. Office practice and hospital practice. |

## EDUCATION

| | |
|---|---|
| 8/86 - 5/90 | M.D., University of Texas Medical School at Houston |
| 9/83 - 5/86 | University of Texas at Austin, Department of Government Graduate Program, Austin, Texas |
| 9/82 - 9/83 | M.Sc., London School of Economics and Political Science, London, Great Britain |
| 8/78 - 5/82 | B.A., University of Notre Dame, Notre Dame, Indiana, with Honors |

## POST GRADUATE

| | |
|---|---|
| 6/90 - 6/91 | Internship, University of Texas Medical School at Houston, Department of Internal Medicine |
| 7/91 - 7/93 | Residency, University of Texas Medical School at Houston, Department of Internal Medicine |

## AWARDS

| | |
|---|---|
| 9/86 - 5/90 | Medical School Scholarship |
| 1987 | Medical School Leadership Scholarship |
| 1986 - 1988 | Honors Grade, Mechanisms of Disease Course, Medical Genetics Course |

CitePDF - www.fasiso.com

**PROFESSIONAL SOCIETY MEMBERSHIPS**
Harris County Medical Association
Texas Medical Society

**PERSONAL DATA**
Born November 15, 1959, Cleveland, Ohio
Married, 4 children

**PERSONAL & PROFESSIONAL REFERENCES FURNISHED ON REQUEST**

AO 187 (Rev. 7/87) Exhibit and Witness List

# United States District Court

| SOUTHERN | | DISTRICT OF | TEXAS |
|----------|---|-------------|-------|

TRACI LEOPARD AND BRYAN LEOPARD

v.

DOLPHIN DOCK, INC., ET AL

**PLAINTIFFS' EXHIBIT AND WITNESS LIST**

CASE NUMBER: C-00-115

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|-----------------|----------------------|----------------------|
| Janis Graham Jack | Joe J. Fisher II | Bob Spann |
| TRIAL DATE(S) | COURT REPORTER | COURTROOM DEPUTY |
| September 5, 2000 | | |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|----------|----------|--------------|--------|----------|----------------------------------------|
| | | | | | Coast Guard report |
| | | | | | U S Coast Guard time line of communication report |
| | | | | | U S Coast Guard's Emergency Medical Treatment Report |
| | | | | | Weather reports from the National Oceanic and Atmospheric Administration |
| | | | | | Report of Captain R. J. Underhill |
| | | | | | Deposition of Traci Leopard w/any attached exhibits |
| | | | | | Deposition of Bryan Leopard w/any attached exhibits |
| | | | | | Video Deposition of Dean Luke w/any attached exhibits |
| | | | | | Video deposition of Paul Dirk with any attached exhibits |
| | | | | | Video deposition of Gary Bridges with any attached exhibits |
| | | | | | C. V. of Captain R. J. Underhill |
| | | | | | Video deposition of Dr. Marilyn Mayer with any attached exhibits |
| | | | | | C. V. of Dr. Marilyn Mayer |
| | | | | | Video deposition of Dr. Howard Derman with any attached exhibits |
| | | | | | C. V. of Dr. Howard Derman |
| | | | | | Medical records of Dr. Marilyn Mayer |
| | | | | | Billing records of Dr. Marilyn Mayer |
| | | | | | Medical records of Dr. Howard Derman |
| | | | | | Billing records of Dr. Howard Derman |
| | | | | | Medical records of Spohn Memorial Hospital |
| | | | | | Billing records of Spohn Memorial Hospital |
| | | | | | Medical records of Cypress Fairbanks Medical Center Hospital |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of _4_ Pages

CVISPDF - www.fesko.com

AO 187 (Rev. 7/87) Exhibit and Witness List

# United States District Court

| SOUTHERN | DISTRICT OF | TEXAS |
|---|---|---|

TRACI LEOPARD AND BRYAN LEOPARD

v.

DOLPHIN DOCK, INC., ET AL

PLAINTIFFS' **EXHIBIT AND WITNESS LIST**

CASE NUMBER: C-00-115

| PRESIDING JUDGE<br>Janis Graham Jack | PLAINTIFF'S ATTORNEY<br>Joe J. Fisher II | DEFENDANT'S ATTORNEY<br>Bob Spann |
|---|---|---|
| TRIAL DATE(S)<br>September 5, 2000 | COURT REPORTER | COURTROOM DEPUTY |

| PLF.<br>NO. | DEF.<br>NO. | DATE<br>OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | Billing records of Cypress Fairbanks Medical Center Hospital |
| | | | | | Medical records and billing records of Dr. Warren Morgan |
| | | | | | Medical records and billing records of Dr. Alan Rubin |
| | | | | | Medical records and billing records of Dr. Herman Jenkins |
| | | | | | Medical records of Methodist Hospital |
| | | | | | Billing records of Methodist Hospital |
| | | | | | Medical records and billing records of Dr. Jonathan Hulme |
| | | | | | Medical records and billing records of Dr. Joseph Chen |
| | | | | | Medical records of Laurie Bollmeyer, Physical Therapist |
| | | | | | Medical records of Jacqueline Baron Hurbanis, Speech-Language Pathologist |
| | | | | | Medical records and Billing records of Dr. Louis McDonald |
| | | | | | Medical records and Billing Records of Dr. Richard Palmer, Jr. |
| | | | | | Pharmacy charges of Eckerd Pharmacy |
| | | | | | Pharmacy charges of Randall's Food & Pharmacy, Inc. |
| | | | | | Medical and Billing Records of Dr. Michelle Bricker, Anesthesiology/Pain Management |
| | | | | | Billing summary of Plaintiff's medical expenses |
| | | | | | *Invoice to Barracuda Inc. signed by Breb G Am B/S* |
| | | | | | Employment and personnel records of Toshiba International regarding Plaintiff, Traci Leopard |
| | | | | | |
| | | | | | |
| | | | | | |

\* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 2 of 4 Pages

AO 187 (Rev. 7/87) Exhibit and Witness List

# United States District Court

| SOUTHERN | DISTRICT OF | TEXAS |
|---|---|---|

TRACI LEOPARD AND BRYAN LEOPARD     **PLAINTIFFS'**     **EXHIBIT AND WITNESS LIST**

v.

DOLPHIN DOCK, INC., E T AL

**CASE NUMBER:** C-00-115

| PRESIDING JUDGE Janis Graham Jack | PLAINTIFF'S ATTORNEY Joe J. Fisher II | DEFENDANT'S ATTORNEY Bob Spann |
|---|---|---|
| TRIAL DATE(S) September 5, 2000 | COURT REPORTER | COURTROOM DEPUTY |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | Traci Leopard |
| | | | | | Bryan Leopard |
| | | | | | Gregory Lee Gamble |
| | | | | | Captain R. J. Underhill |
| | | | | | Paul Dirk, via video deposition |
| | | | | | Dean Luke, via his video deposition |
| | | | | | Gary Bridges, via his video deposition |
| | | | | | Phil Hogan |
| | | | | | Charles Zahn |
| | | | | | Dr. Marilyn Mayer – via video deposition and via Deposition Upon Written Questions |
| | | | | | Dr. Howard Derman – via video deposition and via Deposition Upon Written Questions |
| | | | | | Dr. Alan Rubin – via Deposition Upon Written Questions |
| | | | | | Dr. Lanre Osinowo, Custodian of records for Eckerd Pharmacy –via Depo Upon Written Questions |
| | | | | | Dr. Warren Morgan – via Depo Upon Written Questions |
| | | | | | Steven Eugene Ross, custodian of Records for Laurie Bollmeyer,therapist-via Depo Upon Written Questions |
| | | | | | Steven Eugene Ross, custodian of records for Jacqueline Baron Hurbanis-via Depo Upon Written Questions |
| | | | | | David King, custodian of records for Randall's Pharmacy via Depo Upon Written Questions |
| | | | | | Geraldine Lambert, custodian of medical records for Methodist Hospital-via Depo Upon Written Questions |
| | | | | | Everett Paul Kaminsky-custodian of billing records for Methodist Hospital-via Depo Upon Written Questions |
| | | | | | Rhonda Thompson,custodian of medical records for Spohn Memorial Hospital-via Depo Upon Written Questions |
| | | | | | Flore Alvarez, custodian of billing records for Spohn Memorial Hospital-via Depo Upon Written Questions |
| | | | | | Georgette Roy,custodian of medical records for Cypress Fairbanks Medical Center Hospital-viaDepo Upon Written Question |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 3 of 4 Pages

Case 2:00-cv-00115   Document 63   Filed in TXSD on 08/21/2000   Page 38 of 92

AO 187 (Rev. 7/87) Exhibit and Witness List

# United States District Court

Southern ———————— DISTRICT OF ———— Texas

TRACI LEOPARD AND BRYAN LEOPARD
V.

*Plaintiff's* **EXHIBIT AND WITNESS LIST**

DOLPHIN DOCK, INC., ET AL

CASE NUMBER: C-00-115

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Janis Graham Jack | Joe J. Fisher II | Bob Spann |
| **TRIAL DATE(S)** | **COURT REPORTER** | **COURTROOM DEPUTY** |
| September 5, 2000 | | |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | Karl A. Lindsey, custodian of billing records for X Cypress Fiarbanks Medical Center Hospital-via DepoUponWrittenQuestion |
| | | | | | Dr. Joseph Chen-via Depo Upon Written Questions |
| | | | | | Dr. Richard E. Palmer-via Depo Upon Written Questions |
| | | | | | Dr. Louis McDonald-via Depo Upon Written Questions |
| | | | | | Dr. Michelle Bricker-via Depo Upon Written Questions |
| | | | | | Dr. Herman Jenkins-via Depo Upon Written Questions |
| | | | | | Dr. Jonathan Hulme – via Depo Upon Written Questions |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 4 of 4 Pages

AO 187 (Rev. 7/87) Exhibit and Witness List

# United States District Court

| SOUTHERN | DISTRICT OF | TEXAS |
|---|---|---|

TRACI LEOPARD AND BRYAN LEOPARD

v.

DOLPHIN DOCK, INC., ET AL

PLAINTIFFS' **EXHIBIT AND WITNESS LIST**

CASE NUMBER: C-00-115

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Janis Graham Jack | Joe J. Fisher II | Bob Spann |
| TRIAL DATE(S) | COURT REPORTER | COURTROOM DEPUTY |
| September 5, 2000 | | |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | Coast Guard report |
| | | | | | U S Coast Guard time line of communication report |
| | | | | | U S Coast Guard's Emergency Medical Treatment Report |
| | | | | | Weather reports from the National Oceanic and Atmospheric Administration |
| | | | | | Report of Captain R. J. Underhill |
| | | | | | Deposition of Traci Leopard w/any attached exhibits |
| | | | | | Deposition of Bryan Leopard w/any attached exhibits |
| | | | | | Video Deposition of Dean Luke w/any attached exhibits |
| | | | | | Video deposition of Paul Dirk with any attached exhibits |
| | | | | | Video deposition of Gary Bridges with any attached exhibits |
| | | | | | C. V. of Captain R. J. Underhill |
| | | | | | Video deposition of Dr. Marilyn Mayer with any attached exhibits |
| | | | | | C. V. of Dr. Marilyn Mayer |
| | | | | | Video deposition of Dr. Howard Derman with any attached exhibits |
| | | | | | C. V. of Dr. Howard Derman |
| | | | | | Medical records of Dr. Marilyn Mayer |
| | | | | | Billing records of Dr. Marilyn Mayer |
| | | | | | Medical records of Dr. Howard Derman |
| | | | | | Billing records of Dr. Howard Derman |
| | | | | | Medical records of Spohn Memorial Hospital |
| | | | | | Billing records of Spohn Memorial Hospital |
| | | | | | Medical records of Cypress Fairbanks Medical Center Hospital |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of _4_ Pages

AO 187 (Rev. 7/87) Exhibit and Witness List

# United States District Court

| SOUTHERN | DISTRICT OF | TEXAS |
|---|---|---|

TRACI LEOPARD AND BRYAN LEOPARD
V.
DOLPHIN DOCK, INC., ET AL

PLAINTIFFS' **EXHIBIT AND WITNESS LIST**

CASE NUMBER: C-00-115

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Janis Graham Jack | Joe J. Fisher II | Bob Spann |
| TRIAL DATE(S) | COURT REPORTER | COURTROOM DEPUTY |
| September 5, 2000 | | |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | Billing records of Cypress Fairbanks Medical Center Hospital |
| | | | | | Medical records and billing records of Dr. Warren Morgan |
| | | | | | Medical records and billing records of Dr. Alan Rubin |
| | | | | | Medical records and billing records of Dr. Herman Jenkins |
| | | | | | Medical records of Methodist Hospital |
| | | | | | Billing records of Methodist Hospital |
| | | | | | Medical records and billing records of Dr. Jonathan Hulme |
| | | | | | Medical records and billing records of Dr. Joseph Chen |
| | | | | | Medical records of Laurie Bollmeyer, Physical Therapist |
| | | | | | Medical records of Jacqueline Baron Hurbanis, Speech-Language Pathologist |
| | | | | | Medical records and Billing Records of Dr. Louis McDonald |
| | | | | | Medical records and Billing Records of Dr. Richard Palmer, Jr. |
| | | | | | Pharmacy charges of Eckerd Pharmacy |
| | | | | | Pharmacy charges of Randall's Food & Pharmacy, Inc. |
| | | | | | Medical and Billing Records of Dr. Michelle Bricker, Anesthesiology/Pain Management |
| | | | | | Billing summary of Plaintiff's medical expenses |
| | | | | | *Invoice to Barracuda Inc. signed by Bneb Gambis* |
| | | | | | Employment and personnel records of Toshiba International regarding Plaintiff, Traci Leopard |
| | | | | | |
| | | | | | |
| | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 2 of 4 Pages

AO 187 (Rev. 7/87) Exhibit and Witness List

# United States District Court

| SOUTHERN | DISTRICT OF | TEXAS |
|---|---|---|

TRACI LEOPARD AND BRYAN LEOPARD

PLAINTIFFS'   **EXHIBIT AND WITNESS LIST**

DOLPHIN DOCK, INC., E T AL   v.

CASE NUMBER: C-00-115

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Janis Graham Jack | Joe J. Fisher II | Bob Spann |
| **TRIAL DATE(S)** | **COURT REPORTER** | **COURTROOM DEPUTY** |
| September 5, 2000 | | |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | Traci Leopard |
| | | | | | Bryan Leopard |
| | | | | | Gregory Lee Gamble |
| | | | | | Captain R. J. Underhill |
| | | | | | Paul Dirk, via video deposition |
| | | | | | Dean Luke, via his video deposition |
| | | | | | Gary Bridges, via his video deposition |
| | | | | | Phil Hogan |
| | | | | | Charles Zahn |
| | | | | | Dr. Marilyn Mayer – via video deposition and via Deposition Upon Written Questions |
| | | | | | Dr. Howard Derman – via video deposition and via Deposition Upon Written Questions |
| | | | | | Dr. Alan Rubin – via Deposition Upon Written Questions |
| | | | | | Dr. Lanre Osinowo, Custodian of records for Eckerd Pharmacy –via Depo Upon Written Questions |
| | | | | | Dr. Warren Morgan – via Depo Upon Written Questions |
| | | | | | Steven Eugene Ross, custodian of Records for Laurie Bollmeyer,therapist–via Depo Upon Written Questions |
| | | | | | Steven Eugene Ross, custodian of records for Jacqueline Baron Hurbanis–via Depo Upon Written Questions |
| | | | | | David King, custodian of records for Randall's Pharmacy via Depo Upon Written Questions |
| | | | | | Geraldine Lambert, custodian of medical records for Methodist Hospital–via Depo Upon Written Questions |
| | | | | | Everett Paul Kaminsky–custodian of billing records for Methodist Hospital–via Depo Upon Written Questions |
| | | | | | Rhonda Thompson,custodian of medical records for Spohn Memorial Hospital–via Depo Upon Written Questions |
| | | | | | Flore Alvarez, custodian of billing records for Spohn Memorial Hospital–via Depo Upon Written Questions |
| | | | | | Georgette Roy,custodian of medical records for Cypress Fairbanks Medical Center Hospital–viaDepo Upon Written Questio |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

AO 187 (Rev. 7/87) Exhibit and Witness List

# United States District Court

Southern     **DISTRICT OF**     Texas

TRACI LEOPARD AND BRYAN LEOPARD

*Plaintiffs'* **EXHIBIT AND WITNESS LIST**

v.

DOLPHIN DOCK, INC., ET AL     **CASE NUMBER:**    C-00-115

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Janis Graham Jack | Joe J. Fisher II | Bob Spann |
| **TRIAL DATE(S)** | **COURT REPORTER** | **COURTROOM DEPUTY** |
| September 5, 2000 | | |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | Karl A. Lindsey, custodian of billing records for X Cypress Fiarbanks Medical Center Hospital—via DepoUponWrittenQuestion |
| | | | | | Dr. Joseph Chen—via Depo Upon Written Questions |
| | | | | | Dr. Richard E. Palmer—via Depo Upon Written Questions |
| | | | | | Dr. Louis McDonald—via Depo Upon Written Questions |
| | | | | | Dr. Michelle Bricker—via Depo Upon Written Questions |
| | | | | | Dr. Herman Jenkins—via Depo Upon Written Questions |
| | | | | | Dr. Jonathan Hulme – via Depo Upon Written Questions |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 4 of 4 Pages

# United States District Court

For The Southern _____ DISTRICT OF Texas - Corpus Christi Division

Traci Leopard, et al

v.

Dolphin Dock, Inc., et al

## EXHIBIT AND WITNESS LIST

CASE NUMBER: C.A. No. C-00-115

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Hon. Jr G. Jack | Joe Fisher, II | Bob J. Spann |

| TRIAL DATE(S) | COURT REPORTER | COURTROOM DEPUTY |
|---|---|---|
| 09-01-00 & 09-05-00 | | |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | National Weather Bureau and/or National Weather Services and all of its employees, agents, & reps. |
| | | | | | Captain R.J. Underhill |
| | | | | | Spohn Memorial Hospital & all of its employees, agents & representatives |
| | | | | | Dr. Roberto Seidner, M.D. |
| | | | | | Cypress Fairbanks medical Center Hospital & all of its employees, agents and representatives |
| | | | | | Dr. Michelle Bricker, M.D. |
| | | | | | Dr. George J. Abdo, Radiologist |
| | | | ' | | Dr. David m. olifant, Radiologist |
| | | | | | Dr. Larry Grissom, Radiologist |
| | | | | | Dr. Charles Jenkins, Radiologist |
| | | | | | Laurie Bollmeyer, Physical Therapist |
| | | | | | Sports Medicine & Therapy Center & all of its employees, agents & representatives |
| | | | | | Jacqueline Baron Hurbanis, Speech Language |
| | | | | | Dr. Ronald Taylor |
| | | | | | Dr. Marilyn Mayer |
| | | | | | Dr. Warren Morgan |
| | | | | | Texas Ear, Nose & Throat Specialists & all of its employees, agents & representatives |
| | | | | | Dr. Alan Rubin |
| | | | | | Diagnostic neurology Clinic of houston, & all of its employees, agents & representatives |
| | | | | | Dr. Howard S. Derman |
| | | | | | Baylor Department of Neurology & all of its employees, agents & representatives |
| | | | | | Neurology Assoicates & all of its employees, agents & representatives |

* include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of __3__ Pages

Case 2:00-cv-00115   Document 63   Filed in TXSD on 08/21/2000   Page 44 of 92

# United States District Court

For The Southern _____

DISTRICT OF  Texas - Corpus Christi Division

Traci Leopard, et al

v.

Dolphin Dock, Inc., et al

## EXHIBIT AND WITNESS LIST

CASE NUMBER: C.A. No. C-00-115

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Hon. J. G. Jack | Joe Fisher, II | Bob J. Spann |
| TRIAL DATE(S) 09-01-00 & 09-05-00 | COURT REPORTER | COURTROOM DEPUTY |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | Dolphin Dock, INc. and all of its employees, agents & representatives. |
| | | | | | Barracuda, Inc. and all of its employees, agents, and representatives |
| | | | | | Barracuda Incorporated and all of its employees, agents and representatives |
| | | | | | Dean K. Luke, INdividually & d/b/a Barracuda Incorporated. |
| | | | | | Dolphin Express, INc. and all of its employees, agents and representatives |
| | | | | | Gulley's Diving Service, INC. and all of its employees, agents and representatives. |
| | | | | | Mike Newall, Air Commander Pilot for the U.S. Coast Guard |
| | | | | | Daryl Creacy, CO-Pilot -U.S. Coast Guard |
| | | | | | Ben Galvan, Flight Mechanic and Hoist - U.S. Coast Guard |
| | | | | | Anthony Trout, Rescue Swimmer - U.S. Coast Guard |
| | | | | | United States Coast Guard and all of its employees, agents and representatives. |
| | | | | | Douglas B. Cameron, Area Manager for Sabine Surveyors, INc. |
| | | | | | Paul Dirk |
| | | | | | Dean K. Luke |
| | | | | | Charles W. Zhan, Jr. |
| | | | | | Traci Leopard |
| | | | | | Bryan Leopard |
| | | | | | Bob J. Spann |
| | | | | | Joe J. Fisher, II |
| | | | | | Gary Bridges, Captain |
| | | | | | Phil Hogan, Captain |
| | | | | | Tim Oestrich, Captain |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

# United States District Court

For The Southern _____  DISTRICT OF  Texas - Corpus Christi Division

Traci Leopard, et al

v.

Dolphin Dock, Inc, et al

## EXHIBIT AND WITNESS LIST

CASE NUMBER: C.A. No. C-00-115

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Hon. J. G. Jack | Joe Fisher, II | Bob J. Spann |
| TRIAL DATE(S) | COURT REPORTER | COURTROOM DEPUTY |
| 09-01-00 & 09-05-00 | | |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | Methodist Hospital & all of its agents, employees & representatives |
| | | | | | Dr. Jonathan Hulme |
| | | | | | Dr. Joseph Chen, DDS |
| | | | | | Dr. John Smith, Jr., DDS |
| | | | | | Anelanie Morgan, LMSW-ACP, LPC |
| | | | | | Planned Behavioral Health Care, Inc. and all of its employees, agents and representatives |
| | | | | | Dr. Louis McDonald, DDS |
| | | · | | | Dr. Richard Plamer, Jr. |
| | | | | | Gary Gunnells |
| | | | | | Gregory Lee Gamble |
| | | | | | Toshiba International Corporation and all of its employees, agents and representatives |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

# United States District Court

| For The    Southern | DISTRICT OF | Texas - Corpus Christi Division |
|---|---|---|

**Traci Leopard, et al**

v.

**Dolphin Dock, Inc., et al**

### EXHIBIT AND WITNESS LIST

CASE NUMBER: C.A. No. C-00-115

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Hon. Jr. G.r. Jack | Joe Fisher, II | Bob J. Spann |
| TRIAL DATE(S) | COURT REPORTER | COURTROOM DEPUTY |
| 09-01-00 & 09-05-00 | | |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | National Weather Bureau and/or National Weather Services and all of its employees, agents, & reps. |
| | | | | | Captain R.J. Underhill |
| | | | | | Spohn Memorial Hospital & all of its employees, agents & representatives |
| | | | | | Dr. Roberto Seidner, M.D. |
| | | | | | Cypress Fairbanks medical Center Hospital & all of its employees, agents and representatives |
| | | | | | Dr. Michelle Bricker, M.D. |
| | | | | | Dr. George J. Abdo, Radiologist |
| | | | | | Dr. David m. olifant, Radiologist |
| | | | | | Dr. Larry Grissom, Radiologist |
| | | | | | Dr. Charles Jenkins, Radiologist |
| | | | | | Laurie Bollmeyer, Physical Therapist |
| | | | | | Sports Medicine & Therapy Center & all of its employees, agents & representatives |
| | | | | | Jacqueline Baron Hurbanis, Speech Language |
| | | | | | Dr. Ronald Taylor |
| | | | | | Dr. Marilyn Mayer |
| | | | | | Dr. Warren Morgan |
| | | | | | Texas Ear, Nose & Throat Specialists & all of its employees, agents & representatives |
| | | | | | Dr. Alan Rubin |
| | | | | | Diagnostic neurology Clinic of houston, & all of its employees, agents & representatives |
| | | | | | Dr. Howard S. Derman |
| | | | | | Baylor Department of Neurology & all of its employees, agents & representatives |
| | | | | | Neurology Associates & all of its employees, agents & representatives |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of 3 Pages

AC 187 (Rev. 7 87) Exhibit and Witness List

# United States District Court

**For The Southern** _____ DISTRICT OF **Texas - Corpus Christi Division**

Traci Leopard, et al

v.

Dolphin Dock, Inc., et al

**EXHIBIT AND WITNESS LIST**

CASE NUMBER: C.A. No. C-00-115

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Hon. J. G. Jack | Joe Fisher, II | Bob J. Spann |
| **TRIAL DATE(S)** | COURT REPORTER | COURTROOM DEPUTY |
| 09-01-00 & 09-05-00 | | |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | Dolphin Dock, INc. and all of its employees, agents & representatives. |
| | | | | | Barracuda, Inc. and all of its employees, agents, and representatives |
| | | | | | Barracuda Incorporated and all of its employees, agents and representatives |
| | | | | | Dean K. Luke, INdividually & d/b/a Barracuda Incorporated. |
| | | | | | Dolphin Express, INc. and all of its employees, agents and representatives |
| | | | | | Gulley's Diving Service, INC. and all of its employees, agents and representatives. |
| | | | | | Mike Newall, Air Commander Pilot for the U.S. Coast Guard |
| | | | · | | Daryl Creacy, CO-Pilot -U.S. Coast Guard |
| | | | | | Ben Galvan, Flight Mechanic and Hoist - U.S. Coast Guard |
| | | | | | Anthony Trout, Rescue Swimmer - U.S. Coast Guard |
| | | | | | United States Coast Guard and all of its employees, agents and representatives. |
| | | | | | Douglas B. Cameron, Area Manager for Sabine Surveyors, INc. |
| | | | | | Paul Dirk |
| | | | | | Dean K. Luke |
| | | | | | Charles W. Zhan, Jr. |
| | | | | | Traci Leopard |
| | | | | | Bryan Leopard |
| | | | | | Bob J. Spann |
| | | | | | Joe J. Fisher, II |
| | | | | | Gary Bridges, Captain |
| | | | | | Phil Hogan, Captain |
| | | | | | Tim Oestrich, Captain |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

AO 187 (Rev 7/87) Exhibit and Witness List

# United States District Court

For The Southern _____   DISTRICT OF   Texas - Corpus Christi Division

Traci Leopard, et al

v.

Dolphin Dock, Inc, et al

## EXHIBIT AND WITNESS LIST

CASE NUMBER: C.A. No. C-00-115

| PRESIDING JUDGE Hon. J. G. Jack | PLAINTIFF'S ATTORNEY Joe Fisher, II | DEFENDANT'S ATTORNEY Bob J. Spann |
|---|---|---|
| TRIAL DATE(S) 09-01-00 & 09-05-00 | COURT REPORTER | COURTROOM DEPUTY |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | Methodist Hospital & all of its agents, employees & representatives |
| | | | | | Dr. Jonathan Hulme |
| | | | | | Dr. Joseph Chen, DDS |
| | | | | | Dr. John Smith, Jr., DDS |
| | | | | | Anelanie Morgan, LMSW-ACP, LPC |
| | | | | | Planned Behavioral Health Care, Inc. and all of its employees, agents and representatives |
| | | | | | Dr. Louis McDonald, DDS |
| | | | · | | Dr. Richard Plamer, Jr. |
| | | | | | Gary Gunnells |
| | | | | | Gregory Lee Gamble |
| | | | | | Toshiba International Corporation and all of its employees, agents and representatives |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Case 2:00-cv-00115   Document 63   Filed in TXSD on 08/21/2000   Page 49 of 92

# United States District Court

**For The Southern** _____ DISTRICT OF Texas - Corpus Christi, Division

Traci Leopard, et al

v.

Dolphin Dock, Inc, et al

**EXHIBIT AND WITNESS LIST**

CASE NUMBER: C.A. No. C-00-115

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Hon. J. G. Jack | Joe Fisher, II | Bob J. Spann |
| TRIAL DATE(S)<br>09-01-00 & 09-05-00 | COURT REPORTER | COURTROOM DEPUTY |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | Deposition of Traci Leopard with any exhibits. |
| | | | | | Deposition of Bryan Leopard with any exhibits. |
| | | | | | Video Deposition of Traci Leopard. |
| | | | | | Video Deposition of Bryan Leopard. |
| | | | | | Deposition of Paul Dirk with any exhibits. |
| | | | | | Deposition of Dean K. Luke with any exhibits. |
| | | | | | Deposition of Gary Bridges with exhibits. |
| | | | | | Video tape of The Dolphin Express Safety Orientation |
| | | | | | Expert report of Douglas B. Cameron with attachments |
| | | | | | C.V. of Douglas B. Cameron |
| | | | | | Certificate of Inspection attached to Cameron's repo |
| | | | | | Stability letter attached to Cameron's report |
| | | | | | Certificate of documentation atch to Camerons report |
| | | | | | Bareboat Charter Agreement for M/V Dolphin Express between Dolphin Express & Barracuda, Inc. |
| | | | | | Commerical Lease between Gulley's Diving Service, Inc. & Barracuda, INc. |
| | | | | | U.S. Coast Guard - Port State Information Exchange for M/V Dolphin Express |
| | | | | | Coast Guard Vessel Documentation for M/V Dolphin Express |
| | | | | | Invoice for fishing trip for March 28, 1998. |
| | | | | | Copy of 3 receipts for March 28, 1998 fishing trip |
| | | | | | Scheduling chart for March 28, 1998 with receipt attached for $150.00. |
| | | | | | Unclassified report from the Coast Guard. |
| | | | | | Copy of newspaper article concerning the incident. |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of 2 Pages

AO 187 (Rev. 7/87) Exhibit and Witness List

# United States District Court

For The Southern _____     DISTRICT OF    Texas - Corpus Christi, Division

Traci Leopard, et al

**EXHIBIT AND WITNESS LIST**

Dolphin Dock, Inc., et al

v.

CASE NUMBER C.A. No. C-00-115

| PRESIDING JUDGE Hon. J. G. Jack | PLAINTIFF'S ATTORNEY Joe Fisher, II | DEFENDANT'S ATTORNEY Bob J. Spann |
|---|---|---|
| TRIAL DATE(S) 09-01-00 & 09-05-00 | COURT REPORTER | COURTROOM DEPUTY |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | Emergency Medical Treatment Report from the Coast Guard. |
| | | | | | Medevac from the Coast Guard. |
| | | | | | Report from Lanelle Buoy for March 27, 1998. |
| | | | | | Report from Lanelle Buoy for March 28, 1998. |
| | | | | | Report from Bileen Buoy for March 27, 1998. |
| | | | | | Report from Eileen Buoy for March 28, 1998. |
| | | | | | Copy of Safety Orientation Before Getting Underway located at 300 W. Cotter, Port Aransas |
| | | | | | Copy of National Data Buoy Center Station Information. |
| | | | | | Copy of Script of Coast Guard Safety Regulations: Store: (Sample Announcement) |
| | | | | | A Mariner's Guide to Marine Weather Services attached to Cameron's Report. |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 2 of 2 Pages

AO 187 (Rev 7/87) Exhibit and Witness List

# United States District Court

| For   The Southern | | |
|---|---|---|
| Traci Leopard, et al | DISTRICT OF | Texas - Corpus Christi, Division |

Dolphin Dock, Inc, et al

**EXHIBIT AND WITNESS LIST**

CASE NUMBER: C.A.  No. C=00-115

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Hon. J. G. Jack | Joe Fisher, II | Bob J.  Spann |
| **TRIAL DATE(S)** | **COURT REPORTER** | **COURTROOM DEPUTY** |
| 09-01-00 & 09-05-00 | | |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | Deposition of Traci Leopard with any exhibits. |
| | | | | | Deposition of Bryan Leopard with any exhibits. |
| | | | | | Video Deposition of  Traci Leopard. |
| | | | | | Video Deposition of Bryan Leopard. |
| | | | | | Deposition of Paul Dirk with any exhibits. |
| | | | | | Deposition of Dean K. Luke with any exhibits. |
| | | | | | Deposition of Gary Bridges with exhibits. |
| | | | | | Video tape of The Dolphin Express Safety Orientation |
| | | | | | Expert report of Douglas B. Cameron with attachments |
| | | | | | C.V. of Douglas B. Cameron |
| | | | | | Certificate of Inspection attached to Cameron's repo |
| | | | | | Stability letter attached to Cameron's report |
| | | | | | Certificate of documentation atch.to Camerons report |
| | | | | | Bareboat Charter Agreement for M/V Dolphin Express between Dolphin Express & Barracuda, Inc. |
| | | | | | Commerical Lease between Gulley's Diving Service, Inc. & Barracuda, INc. |
| | | | | | U.S. Coast Guard - Port State Information Exchange for M/V Dolphin Express |
| | | | | | Coast Guard Vessel Documentation for M/V Dolphin Express |
| | | | | | Invoice for fishing trip for March 28, 1998. |
| | | | | | Copy of 3 receipts for March 28, 1998 fishing trip |
| | | | | | Scheduling chart for March 28, 1998 with receipt attached for $150.00. |
| | | | | | Unclassified report from the Coast Guard. |
| | | | | | Copy of newspaper article concerning the incident. |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of  2   Pages

AO 187 (Rev. 7/87) Exhibit and Witness L   .

# United States District Court

For The Southern

DISTRICT OF    Texas - Corpus Christi, Division

Traci Leopard, et al

**EXHIBIT AND WITNESS LIST**

v.

Dolphin Dock, Inc., et al

CASE NUMBERC.A. No. C-00-115

| PRESIDING JUDGE<br>Hon. J. G. Jack | PLAINTIFF'S ATTORNEY<br>Joe Fisher, II | DEFENDANT'S ATTORNEY<br>Bob J. Spann |
|---|---|---|
| TRIAL DATE(S)<br>09-01-00 & 09-05-00 | COURT REPORTER | COURTROOM DEPUTY |

| PLF.<br>NO. | DEF.<br>NO. | DATE<br>OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | Emergency Medical Treatment Report from the Coast Guard. |
| | | | | | Medevac from the Coast Guard. |
| | | | | | Report from Lanelle Buoy for March 27, 1998. |
| | | | | | Report from Lanelle Buoy for March 28, 1998. |
| | | | | | Report from Eileen Buoy for March 27, 1998. |
| | | | | | Report from Eileen Buoy for March 28, 1998. |
| | | | | | Copy of Safety Orientation Before Getting Underway located at 300 W. Cotter, Port Aransas |
| | | | | | Copy of National Data Buoy Center Station Information. |
| | | | | | Copy of Script of Coast Guard Safety Regulations Store: (Sample Announcement) |
| | | | | | A Mariner's Guide to Marine Weather Services attached to Cameron's Report. |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

TRACI LEOPARD AND BRYAN        *
LEOPARD

VS.                            *        CIVIL ACTION NO.: C-00-115

DOLPHIN DOCK, INC., ET AL      *

## JURY CHARGE

Ladies and Gentlemen of the Jury:

## GENERAL INSTRUCTIONS

This case is submitted to you by asking questions about the facts which you must

decide from the evidence you have heard in this trial. You are sole judges of the

credibility of the witnesses and the weight to be given their testimony, but in matters of

law, you must be governed by the instructions contained in this charge. In discharging

your responsibility on this jury, you will observe all of the instructions which have been

given you. I shall now give you additional instructions which you should carefully and

strictly follow during your deliberations.

1.   Do not let bias, prejudice or sympathy play any part in your deliberations.

2.   In arriving at your answers, consider only the evidence introduced here under oath

     and such exhibits, if any, that have been introduced for your consideration under

     the rulings of the court, that is, what you have seen and heard in this courtroom,

     together with the law as given you by the Court. In your deliberations, you will

     not consider or discuss anything that is not represented by the evidence in this

     case.

3.   Since every answer that is required by the charge is important, no juror

should state or consider that any required answer is not important.

4.    You must not decide who you think should win, and then try to answer the questions accordingly.   Simply answer the questions, and do not discuss nor concern yourselves with the effect of your answers.

5.    You will not decide the answer to a question by lot or by drawing straws, or by any other method of chance.  Do not return a quotient verdict.  "Quotient verdict" means that the jurors agree to abide by the result to be reached by adding together each juror's figures and dividing by the number of jurors to get an average.  Do not do any trading on your answers; that is, one juror should not agree to answer a certain question one way if others will agree to answer another question another way.

6.    You may render your verdict upon the vote of ten or more members of the jury. The same ten or more of you must agree upon all the answers made and to the entire verdict.  You will not, therefore, enter into an agreement to be bound by a majority or any other vote of less than ten jurors.  If the verdict and all of the answers therein are reached by unanimous agreement, the presiding juror shall sign the verdict for the entire jury.  If any juror disagrees as to any answer made by the verdict, those jurors who agree to all findings shall each sign the verdict.

7.    The instructions are given you because your conduct is subject to review the same as that of the witnesses, parties, attorneys and the judge.  If it should be found that you have disregarded any of these instructions, it will be jury misconduct, and it may require another trial by another jury, then all of your time will have been wasted.

8.     The presiding juror or any other who observes the violation of the Court's instructions shall immediately warn the one who is violating the same and caution the jury not to do so again.

9.     You will answer "Yes" or "No" to all questions unless otherwise instructed.   A "Yes" answer must be based on a preponderance of the evidence.     By preponderance of the evidence, it is meant the greater weight of credible evidence before you.   If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No."   Whenever a question requires other than a "Yes" or "No" answer, your answer (other than zero) must be based on a preponderance of the evidence.

10.    A fact may be established by direct evidence or by circumstantial evidence or both.   A fact may be established by direct evidence when proved by documentary evidence or by a witness who saw the act done or heard the words spoken.   A fact may be established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

11.    You will not take into consideration nor discuss any matters not admitted into evidence before, other than matters of common knowledge.

## **DEFINITIONS**

**"NEGLIGENCE".**  Under maritime law, the Plaintiff, Traci Leopard, must prove that the Defendants were negligent.  Negligence is the doing of an act that a reasonably prudent person would not do, or the failure to do something that a reasonably prudent person would do,  under the same or similar circumstances.  The occurrence of an accident, standing alone, does not mean anyone's negligence caused the accident.

'**NEGLIGENCE"** under general maritime law means failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.

The fact that the defendants conducted its operations in a manner similar to that of other companies is not conclusive as to whether the defendants were negligent or not.

You must determine if the operation in question was reasonably safe under the circumstances. The fact that a certain practice has been continued for a long period of time does not necessarily mean that it is reasonably safe under all circumstances. A long accepted practice may be an unsafe practice. However, a practice is not necessarily unsafe or unreasonable merely because it injures someone.

The Defendants are legally responsible for the negligence of one of its employees while that employee is acting within the course and scope of his job(employment).

**"PROXIMATE CAUSE"** means that cause which, in a natural and continuous sequence, produces an event, and without such event would not have occurred. In order to be a proximate cause, the act or omissions complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

**"UNSEAWORTHINESS".** The Plaintiff seeks damages for personal injuries that she claims was caused by the unseaworthiness of the defendant's vessel, the DOLPHIN EXPRESS.

A shipowner owes to every passenger on its vessel the absolute duty to keep and maintain the ship, and all decks and passageways, appliances, gear, tools, parts and equipment of the vessel in a seaworthy condition at all times.

A seaworthy vessel is one that is reasonably fit for its intended use. The duty to provide a seaworthy vessel is absolute because the owner may not delegate that duty to anyone. Liability for an unseaworthy condition does not in any way depend upon negligence or fault or blame. If an owner does not provide a seaworthy vessel--a vessel that is reasonably fit for its intended use—no amount of care or prudence excuses the owner.

The duty to provide a seaworthy vessel includes a duty to supply an adequate and competent crew. A vessel may be unseaworthy even though it has a numerically adequate crew, if too few persons are assigned to a given task.

However, the owner of a vessel is not required to furnish an accident free ship. He need only furnish a vessel and its appurtenances that are reasonably fit for their intended use and a crew that is reasonably adequate for their assigned tasks.

The shipowner is not required to provide the best appliances and equipment, or the finest of crews, on his vessel. He is only required to provide gear that is reasonably proper and suitable for its intended use, and a crew that is reasonably adequate.

In summary, if you find that the owner of the vessel did not provide an adequate crew of sufficient manpower to perform the tasks required, or if you find that the vessel

was in any manner unfit in accordance with the law as I have just explained it to you and that this was a proximate cause of the injury, a term I will explain to you, then you may find that the vessel was unseaworthy and the shipowner liable, without considering any negligence on the part of the defendant or any of its employees.

However, if you find that the owner had a capable crew and appliances and gear that were safe and suitable for their intended use, then the vessel was not unseaworthy and the defendant is not liable to the Plaintiff on the claim of unseaworthiness.

**"LEGAL CAUSE"** means that cause which played any part, no matter how small, in bringing about or actually causing the injury or damage. Negligence may be a legal cause even though it operates in combination with the acts of another, some natural cause, or some other cause if such cause occurs at the same time as the negligence and if the negligence played any part, no matter how small, in causing such damages.

## QUESTION 1

Was the negligence, if any, of those named below, the legal cause of the

occurrence in question?

Answer "Yes" or "No".

Barracuda Incorporated                                   _____

Dean K. Luke, individually and doing business as
Barracuda Incorporated                                   _____

Dolphin Express, Inc.                                    _____

Dolphin Dock, Inc.                                       _____

Gulley's Diving Service                                  _____

Traci Leopard                                            _____

## QUESTION 2

Did the unseaworthiness of the DOLPHIN EXPRESS, if any, proximately cause the occurrence in question?

Answer "Yes" or "No".

_____.

# QUESTION 3

Did any of the Defendants named below engage in any false, misleading, or deceptive act or practice that Plaintiff, Traci Leopard, relied on to her detriment and that was a producing cause of damages to Traci Leopard?

"Producing cause" mean an efficient, exciting, or contributing cause that, in a natural sequence, produced the damages, if any. There may be more than one producing cause.

"False, misleading, or deceptive act or practice" means any of the following:

-Representing that services provided had or would have characteristics that they did not have; or

-Representing that the services provided are or will be of a particular quality if they were of another; or

-Representing that an agreement confers or involves rights that it did not have or involve; or

-Failing to disclose information about the services provided that was known at the time of the transaction with the intention to induce Plaintiff, Traci Leopard, into a transaction she otherwise would not have entered into if the information had been disclosed;

Defendant, Barracuda Incorporated:
    Answer "Yes" or "No"    _____

Defendant, Dean K. Luke, individually
And doing business as Barracuda
Incorporated:
    Answer "Yes" or "No"    _____

Defendant, Dolphin Express, Inc.
    Answer "Yes" or "No"    _____

Defendant, Dolphin Dock, Inc.
    Answer "Yes" or "No"    _____

Defendant, Gulley's Diving Service
    Answer "Yes" or "No"    _____

## QUESTION 4.

Did any of the Defendants named below engage in any unconscionable action or course of action that was a producing cause of damages to Plaintiff, Traci Leopard?

"Producing cause" means an efficient, exciting, or contributing cause that, in a nature sequence, produced the damages, if any. There may be more than one producing cause.

An unconscionable action or course of action is an act or practice that, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree.

Defendant, Barracuda Incorporated:
    Answer "Yes" or "No"          _____

Defendant, Dean K. Luke, individually
And doing business as Barracuda
Incorporated:
    Answer "Yes" or "No"          _____

Defendant, Dolphin Express, Inc.
    Answer "Yes" or "No"          _____

Defendant, Dolphin Dock, Inc.
    Answer "Yes" or "No"          _____

Defendant, Gulley's Diving Service
    Answer "Yes" or "No"          _____

If you have answered "Yes" as to any of the Defendants in your answer to Question 3 or Question 4, then answer the following question. Otherwise, do not answer the following question.

**QUESTION 5.**

Did any of the Defendants named below engage in any such conduct knowingly?

"Knowingly" means actual awareness, at the time of the conduct, of the falsity, deception, or unfairness of the conduct in question or actual awareness of the conduct constituting a failure to comply with a warranty. Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

In answering this question, consider only the conduct that you have found was a producing cause of damages to Plaintiff, Traci Leopard.

Defendant, Barracuda Incorporated:
Answer "Yes" or "No"            _____

Defendant, Dean K. Luke, individually
And doing business as Barracuda
Incorporated:
Answer "Yes" or "No"            _____

Defendant, Dolphin Express, Inc.
Answer "Yes" or "No"            _____

Defendant, Dolphin Dock, Inc.
Answer "Yes" or "No"            _____

Defendant, Gulley's Diving Service
Answer "Yes" or "No"            _____

If you have answered "Yes" to Questions 1, 2, 3, 4 or 5, then answer Question 6.

Otherwise, do not answer Question 6.

**QUESTION 6**

What sum of money, if paid now in cash would fairly compensate Traci Leopard for her injuries, if any, as a result of the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

      a.      Physical pain and Mental anguish

      b.      Loss of Earning Capacity

      c.      Lost Wages

      d.      Physical inpairment

      e.      Reasonable expenses of necessary medical care

Answer in dollars and cents for damages, if any, that were sustained in the past and that in reasonable probability will be sustained in the future.

ANSWER: _____.

**QUESTION 7:**

Find from a preponderance of the evidence what sum of money, if any, if paid now in cash, would fairly and reasonably compensate Bryan Leopard for his loss of consortium, if any, as a result of the injuries, if any, sustained by his wife from the incident in question.

Consortium means that mutual right of a husband and wife to that affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, and love necessary to a successful marriage.

Answer separately in dollars and cents, if any, with respect to the following elements:

a)      Loss of consortium sustained in the past.  $_____

b)      Loss of consortium which, in reasonable
        probability, he will sustain in the future.

                                          $_____

After you retire to the jury room, you will select your own presiding juror. The first thing a presiding juror will do is have this complete charge read alound, and then you will deliberate on your answers to the questions asked.

It is the duty of the presiding juror:

a.    to preside during your deliberations

b.    to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge.

c.    to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the Judge.

d.    to vote on the questions

e.    to write your answers to the questions in the spaces provided, and

f.    to certify to your verdict in the space provided for the presiding juror's signature if it is unanimous or to obtain the signatures of all of the jurors who agree with the verdict if your verdict is less an unanimous.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room.  Should anyone attempt to talk to you about the case before the verdict is returned, whether at the Courthouse, at your home, or elsewhere, please inform the judge of this fact

When you have answered all of the questions you are required to answer under the instructions I am hereby giving you, and the presiding juror has placed your answers in the spaces provided, and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury that you have reached a verdict, and then you will return into Court with your verdict.

DATED THIS _____ DAY OF _____, 2000.

_____
JUDGE PRESIDING

## CERTIFICATE

We, the Jury, have answered the above and foregoing Jury Questions as herein indicated, and herewith return same into Court as our verdict.

(To be signed by the presiding juror if unanimous).

_____

PRESIDING JUROR

(To be signed by those rendering the verdict if not unanimous.)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

CVisPDF - www.fastio.com

LAW OFFICES
# BOB J. SPANN & ASSOCIATES
1109 Santa Fe (78404)
P.O. Box 3039
Corpus Christi, Texas 78463
Tel: (361) 884-8221    Fax: (361) 884-8533

Bob J. Spann

Board Certified - Civil Trial Law
Board Certified - Personal Injury Trial Law
Texas Board of Legal Specialization

August 17, 2000

United States District Clerk
Southern District of Texas
Corpus Christi Division
Federal Building
521 Starr Street
Corpus Christi, Texas 78401

RE:    United States District Court, Southern District of Texas,
       Corpus Christi Division, C.A. NO. C-00-115; Traci Leopard,
       et al  v. Dolphin Dock, Inc., et al

Dear Clerk,

Enclosed please find an original and one copy of the following for filing with the above referenced cause of action. :

1. **<u>DEFENDANTS' OBJECTION TO THE OPINION
AND TESTIMONY OF CAPTAIN R. J. UNDERHILL</u>**

By copy hereof, all interested parties are being sent the same.

Best regards,

**BOB J. SPANN & ASSOCIATES**

Bob J. Spann

BJS:pc

Enclosure as stated above.

Cc:    Joe Fisher

G:\STATION1\DOCS\DOLPHIN DOC\LEGPRD-1.XXX CLK10 LTR

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TRACI LEOPARD AND BRYAN LEOPARD, | § § | |
| PLAINTIFFS | § § | |
| VS | § § | C.A. NO. C-00-115 |
| DOLPHIN DOCK, INC., ET AL | § | |
| DEFENDANT | § | |

## DEFENDANTS' OBJECTION TO THE OPINION
## AND TESTIMONY OF CAPTAIN R. J. UNDERHILL

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now come the defendants and object to the report and the opinion and testimony of R.J. Underhill on the following grounds:

1.    The report purports to give opinions as to the negligence of the captain of the MV Dolphin Express without a proper showing of the following:

a.    The competence and experience of the witness Underhill. The CV merely demonstrates that he has testified and consulted on similar matters.

2.    What expertise does he have to determine the condition of persons aboard the vessel and where in the port? How does he access the condition of Mrs. Leopard? What methodology did he use? He demonstrates no medical expertise. How can he conclude that Mrs. Leopard should turn back when she requested this? Is every person on a fishing boat entitled to turn all of the rest of the trip back because they got sea sick or wanted to go back? What expertise does he have to say that someone should have attended the

Page 1 of 4

CMPDF - www.fesisa.com

airlift of Mrs. Leopard? Who is control of a ship when the Coast Guard comes aboard? What competence or expertise does he have to determine that tether lines should be used when the Coast Guard is aboard a vessel rescuing someone? Isn't the Coast Guard the one that determines that?

3.      You Honor, this witness doesn't show any more reliability in arriving at conclusions or how he was going to do it than an ordinary person on the street.

4.      We respectfully submit he does not by the report or the CV demonstrate he is qualified as an expert in a case like this. Here is a fishing vessel, about 30 of them went out that same day fishing and returned with no sea sickness and no trouble and yet this man is posed as an expert on running fishing boats, determining whether one passenger on a boat is sick enough to cause the whole boat to return. Demonstrates no ability as a doctor or first aid person. Demonstrates no methodology as to any of the opinions he offers.

5.      The burden is on the person offering the expert to establish that the opinion was going to be useful to a jury or to the court. We respectfully submit that this report and this CV does not demonstrate that, nor does the report. The defendants move that this witness's opinions, views and report be excluded from evidence because it generally doesn't comply with *Frye v. United States*, 293, F. 1013. As in *Kumho Tire Company, LTD v. Carmichael,* 526 U.S. 137 (1999) this expert has no methodology to establish that he's right or wrong in his conclusions. There's no attempt by the plaintiffs to establish an expert's reliability in being correct as in *E.I. Dupont de Nemours & Co. v. Robinson*, 923 Sd. 549, it appears to be very presumptuous on this expert's part when you had a whole

boatload of people who weren't sick enough to want to go home and you had some 30

boat captains out on the water fishing that day, none of whom had to come in from the

fishing trip.

6.      The defendants move that the witness be disqualified in all respects.

Respectfully submitted,

BOB J. SPANN & ASSOCIATES
State Bar No. 18873000
Federal Admissions #: 2215
1109 Santa Fe (78404)
P.O. Box 3039
Corpus Christi, TX 78463
Telephone No. (361)884-8221
Facsimile No. (361)884-8533

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument has been served upon counsel for all parties via facsimile and overnight mail on this the ___17th___ day of August, 2000.

BOB J. SPANN
State Bar No.:18873000
Federal Admissions #: 2215
COUNSEL FOR DEFENDANTS

**VIA FACSIMILE AND OVERNIGHT MAIL**
Mr. Joe Fisher, II,
Attorney At Law
**PROVOST & UMPHREY LAW FIRM, L.L.P.**
P.O. Box 4905
Beaumont, Tx. 77704-4905
Telephone No.: (409)835-6000
Facsimile No.:(409)838-888

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TRACI LEOPARD AND BRYAN LEOPARD, | § § | |
| PLAINTIFFS | § § | |
| VS | § § | C.A. NO. C-00-115 |
| DOLPHIN DOCK, INC., ET AL | § § | |
| DEFENDANT | § | |

## PROPOSED ORDER

On this day came on to be heard Defendants' Objection to the Opinion and

Testimony of Captain R.J. Underhill and it is hereby granted.

_____

**PRESIDING JUDGE**





# Captain R. J. Underhill & Associates, Inc

Surveyors, P. & I. Investigators & Consultants
Since 1953

## Licensed All Line Insurance Adjusters
1335 Procter St., Port Arthur, Texas
Mailing Address:
P. O. Drawer 1030, Groves, Texas 77619

Telephone: (409) 985-5129
Night (409) 962-3481, 982-0298, 722-3754
Fax: (409) 985-5520
e-mail: underdog@ih2000.net

Members and Associates of: N.A.M.S., S.N.A.M.E.,
M.S.A.T., P.C. of U.S. I.C.S.B., U.S.N.I., C.A.M.M.,
A.S.Mar.E., A.P.I., THE ROYAL INSTITUTE OF
NAVIGATION & THE NAUTICAL INSTITUTE.

June 6, 2000

Provost * Umphrey
ATTN: Joe Fisher, II
490 Park St.
Beaumont, Texas   77704

RE:    Traci Leopard and Bryan Leopard vs Dolphin
Dock and Dolphin Dock Charters
OUR FILE # 99-1316-A

Dear Mr. Fisher:

As you requested I have reviewed the following information:

→ Deposition of:  Paul Dirk
→ Deposition of:  Dean Keith Luke
→ Deposition of:  Garry Bridges
→ United States Coast Guard time line of communication and Emergency Medical Treatment Report
→ Weather reports from the National Oceanic and Atmospheric Administration.

I have also pulled the vessel's particulars from the Internet and reviewed them. The vessel is a 56.3' fiberglass vessel bearing official number 587429 and documented as a passenger vessel. She was built in 1977 at Panama City, FL by A-1 Marine, Inc. As of March 31, 2000 the registered owner is Dolphin Express, Inc. 300 W Cotter, Port Aransas, Texas 78373. The vessel is used as a charter fishing vessel in the Gulf of Mexico. After review of the oral depositions it appears that the vessel was under lease to Barracuda, Inc. and maned by employees of Barracuda, Inc. The vessel is moored at Dolphin Dock, Inc. in Port Aransas, Texas which is shared by Barracuda, Inc. By the admission of Paul Dirk, the owner of Dolphin Dock, Inc., he pulls the weather reports, every morning, from the Internet and leaves them on the counter at the dock for everyone to see. The Captain of the Dolphin Express should have seen the report for the morning of the accident. The weather report shows a small craft advisory in effect for Texas coastal waters from the Rio Grande to Freeport and out 50 nautical miles. These reports are from the buoys located in the Gulf of Mexico and monitored by the National Weather Service. These warnings had been in effect since Friday March 27, 1998 through

Saturday March 21, 1998. The winds were reported to be in a range from 15 - 20 Knots and gusty. This range on the Beaufort wind scale makes the wind a force 5 wind and wave heights are 2.0 - 2.5 meters (6.5' - 8.125').

According to Mrs. Leopard she asked one of the deckhands to ask the Captain if he could turn around and bring the vessel back to the dock. The deckhand asked the Captain and reported back to Mrs. Leopard that the Captain would not return to the dock. The Captain made no attempt to see Mrs. Leopard and access the situation or determine, on his own, if he should turn back. The vessel was approximately 25 miles ESE of Port Aransas. This would have only been a two and a half or three hour run back to the dock. The situation escalated and Mrs. Leopard started to have convulsions. At this time it appears that the Captain called the United States Coast Guard and had them attempt a airlift. He had still made no attempt to turn around and head in to the dock. The United States Coast Guard put a diver/EMT onboard the vessel and he accessed Mr. Leopard and made her ready for evacuation from the vessel. The EMT put Mrs. Leopard in the basket and the helicopter started the lift. While the basket was being lifted to the helicopter Mrs. Leopard became entangled in the overhang of the wheelhouse. It is obvious that the Captain on the vessel did not have someone manning a tether line to insure that the basket did not become entangled on the vessel. The Captain did not have anyone in position to help with the lift or guide her until she was clear of the vessel and its antennas.

In conclusion it is my opinion that the Captain of the M/V Dolphin Express was negligent in his actions because:

- ✦ He failed to determine, prior to the trip, the condition of the persons onboard the vessel.
- ✦ He failed to access the condition of Mrs. Leopard personally
- ✦ He failed to turn back when Mrs. Leopard requested that the vessel turn back
- ✦ He failed to have someone attend the airlift of Mrs. Leopard
- ✦ He failed to have tether lines on the basket to prevent entanglement

I reserve the right to change my opinions if other information is brought to light.

Sincerely,

CAPT. R.J. UNDERHILL & ASSOCIATES, INC.

Capt. R. J. Underhill

Legal Cases in which Gordon B _____ ___ ___ ___ ___ _____
trial.

| Date Assigned | Action | Title |
|---|---|---|
| 1-11-96 | Consultation | David Keith Kounce vs. Enron Corp. & John E. Graham & Sons (M/V "SEAN G)<br>District Court of Jefferson County, TX<br>58th Judicial District |
| 1-16-96 | Consultation | Jose Reyna vs. Chevron U.S.A., Inc. Texas Drydock, Inc. & TDI Offshore, Inc.<br>District Court of Jefferson County, TX<br>60th Judicial District |
| 2-14-96 | Consultation | David Cawthern vs. Sun Transport Inc., et al.<br>Vessel: S.S. Tropic Sun<br>U.S. District Court for Eastern District of Pennsylvania |
| 4-20-96 | Deposition<br>Consultation<br>Testified | F.T. "AUBREY" vs. M/V "ADMIRAL"<br>United District Court for Eastern District of TX, Beaumont District |
| 5-7-96 | Consultation | James Cooper vs. Gulf Crews Inc., et al<br>Southern District of TX, Galveston Division or 60th Judicial |
| 7-10-96 | Consultation | Patrick R. Domingue vs. Boat Service of Galveston, Inc.<br>122nd Judicial District Court, Galveston, TX |
| 7-15-96 | Deposition<br>Consultation | Jerry Courts vs. Noble Drilling<br>Harris County, TX, 113th Judicial District |
| 7-30-96 | Consultation | Rusty Sherrill vs. Hornbeck Offshore Operators, Inc. et al<br>U.S. District Court for Southern Division of TX, Galveston Division |
| 10-2-96 | Consultation | Ernest Jackson et ux vs. Groves Pallet Company et al<br>60th Judicial District |
| 11-7-96 | Deposition<br>Consultation | Levi Rollins vs. Sabine Towing & Transportation, Inc<br>In the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana |
| 6-6-97 | Consultation | Shelly Scott vs. Keyston Shipping<br>60th Judicial District Court, Jefferson County, TX |

| 7-15-97 | Consultation Deposition | [illegible] Plaintiff District Court of Jefferson County, TX, 136th Judicial District, Texas. |
|---------|-------------|-------------|
| 10-21-97 | Consultation | Ferris Leder & wife, Tanya vs. C & R Towing, Inc., Mallard Bay Drilling & Texaco, Inc. 356th Judicial District Court, Hardin Conty, TX |
| 9-2-97 | Consultation | Robert Natran Knowles vs. Sabine Transportation Company District Court of Jefferson County, TX, 172nd Judicial Dist. |
| 9-7-97 | Consultation | Rowdy Daughtry vs. Tidewater, Inc. et al In 239th District Court of Brazoria County, TX |
| 3-4-98 | Consultation | John Savoy, et ux vs. Kirby Inland Marine, Inc. of TX 172nd Judicial Court of Jefferson County, U.S. District Court for Eastern District of TX, Beaumont Division |
| 8-20-98 | Consultation | Joseph Manuel vs. Ogden Marine Indonesia, Inc. et al District Court of Jefferson County, TX, 58th Judicial District |
| 12-7-98 | Consultation | Melvin & Helen Rector vs. Mobil Oil District Court, Jefferson County, 60th Judicial Court |
| 12-7-98 | Consultation Deposition | James Warren et ux vs. Sabine Transportation 14th Judicial Dist. Court, Parish of Calcasieu, State of LA |
| 3-9-99 | Consultation | Ralph J. Savoy vs. Guilbeau Marine, Inc. In the District Court of Jefferson County, TX, 136th District Court |
| 8-21-99 | Consultation Deposition | Bruce Divers vs. Dixie Carrier, Inc. d/b/a Canal Group 60th Judicial District of Jefferson County, TX |
| 8-25-99 | Consultation | Traci & Brian Leopard vs. Dolphin Docks & M/V "DOLPHIN EXPRESS" U.S. Dist. Court, Southern District of TX, Corpus Christi, TX |

**CHAIRMAN OF:**
Capt. R.J. Undernell & Assoc.
P. O. Drawer 1000
Groves, Texas 77619
Office (409) 985-9009
Res. (409) 962-0491

**EDUCATION:**
1939 Newburgh Free Academy
1943 United States Maritime Officer's Training School at Truxout, CT. 3rd Mate & ensign, U.S. Maritime Service
1944-1945 U.S. Maritime Upgrading School, New York City for 2nd Mate, Chief Mate, Master and 1st Chief, U.S. Maritime Service.
1946 Advance Navigation School U.S. Maritime Service, Sheeps Head Bay, N.Y.
Numerous Seminars on all forms of insurance

**LICENSES:**
Ten issues of Unlimited Master's Ocean, also of Carbon license. Texas & Texas All Line Adjuster License 2000-10-0405

**ACTIVITIES:**
Fire & Casualty Insurance Adjusters, Specializing in Pre-Trial investigations for Insurance Companies and Attorneys. P & I Investigations for Underwriters, Owners, P & I Clubs and Attorneys. Expert Witness, all types of marine claims in the U.S. Federal Court, State Court and New York and London Arbitration. Consultants to Major Oil Companies on the Prevention and Control of Loss, during petroleum shipments from production to refining.

**ASSOCIATIONS:**
The Society of Naval Architects and Marine Engineers
The National Association of Marine Surveyors
The American Society of Naval Engineers
The Council of American Master Mariners
Marine Services Association of Texas
Sabine Marine Claimsmen's Association
Houston Claimsmen's Association
The Ship's Club of the United States
U.S. Naval Institute.
Society of Marine Consultants
International Cargo Gear Bureau.
American Petroleum Institute.
Marine Society of The City of New York, in the State of New York, as a life member
Certified Professional Claims Adjuster in the State of Louisiana.
American Boat & Yacht Council.
Royal Institute of Navigation at the Royal Geographical Society 1 Kensington Gore, London
The Nautical Institute of London, England.

**EMPLOYMENT:**
1954 to date CEO, Undernell Adjustment Agency, Fire & Casualty Adjusters.
CEO, Capt. R.J. Undernell & Assoc., Inc., Surveyors, P & I Investigations & Consultants.
1952-1954, Staff Adjuster for independent adjusting company
1941-1952, Various steamship companies as ordinary seaman to Master.

**OTHER:**
Our association provides experienced personnel for Sea Trials, both new construction and refits of all types of vessels. We can provide not only the Master and Officers, but the crew including deck, steward and engine departments.

We have expertise relative to the surveying of all types of trawlers, long lines, etc., as well as all classes of pleasure vessels.

LAW OFFICES
# BOB J. SPANN & ASSOCIATES
1109 Santa Fe (78404)
P.O. Box 3039
Corpus Christi, Texas 78463
Tel: (361) 884-8221     Fax: (361) 884-8533

Bob J. Spann

Board Certified - Civil Trial Law
Board Certified - Personal Injury Trial Law
Texas Board of Legal Specialization

August 17, 2000

United States District Clerk
Southern District of Texas
Corpus Christi Division
Federal Building
521 Starr Street
Corpus Christi, Texas 78401

> RE:   United States District Court, Southern District of Texas,
> Corpus Christi Division, C.A. NO. C-00-115; Traci Leopard,
> et al  v. Dolphin Dock, Inc., et al

Dear Clerk,

Enclosed please find an original and one copy of the following for filing with the above referenced cause of action. :

   1. **DEFENDANTS' OBJECTION TO THE OPINION AND TESTIMONY OF CAPTAIN R. J. UNDERHILL**

By copy hereof, all interested parties are being sent the same.

Best regards,

**BOB J. SPANN & ASSOCIATES**

Bob J. Spann

BJS:pc

Enclosure as stated above.

Cc:    Joe Fisher

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TRACI LEOPARD AND BRYAN LEOPARD, | § § | |
| PLAINTIFFS | § § | |
| VS | § § | C.A. NO. C-00-115 |
| DOLPHIN DOCK, INC., ET AL | § § | |
| DEFENDANT | § | |

## DEFENDANTS' OBJECTION TO THE OPINION
## AND TESTIMONY OF CAPTAIN R. J. UNDERHILL

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now come the defendants and object to the report and the opinion and testimony of R.J. Underhill on the following grounds:

1.     The report purports to give opinions as to the negligence of the captain of the MV Dolphin Express without a proper showing of the following:

   a.     The competence and experience of the witness Underhill.  The CV merely demonstrates that he has testified and consulted on similar matters.

2.     What expertise does he have to determine the condition of persons aboard the vessel and where in the port?  How does he access the condition of Mrs.  Leopard?  What methodology did he use?  He demonstrates no medical expertise.  How can he conclude that Mrs.  Leopard should turn back when she requested this?  Is every person on a fishing boat entitled to turn all of the rest of the trip back because they got sea sick or wanted to go back?  What expertise does he have to say that someone should have attended the

Page 1 of 4

airlift of Mrs. Leopard?  Who is control of a ship when the Coast Guard comes aboard?

What competence or expertise does he have to determine that tether lines should be used

when the Coast Guard is aboard a vessel rescuing someone?  Isn't the Coast Guard the

one that determines that?

3.      You Honor, this witness doesn't show any more reliability in arriving at conclusions

or how he was going to do it than an ordinary person on the street.

4.      We respectfully submit he does not by the report or the CV demonstrate he is

qualified as an expert in a case like this.  Here is a fishing vessel, about 30 of them went

out that same day fishing and returned with no sea sickness and no trouble and yet this

man is posed as an expert on running fishing boats, determining whether one passenger

on a boat is sick enough to cause the whole boat to return.  Demonstrates no ability as a

doctor or first aid person.  Demonstrates no methodology as to any of the opinions he

offers.

5.      The burden is on the person offering the expert to establish that the opinion was

going to be useful to a jury or to the court.  We respectfully submit that this report and this

CV does not demonstrate that, nor does the report.  The defendants move that this

witness's opinions, views and report be excluded from evidence because it generally

doesn't comply with *Frye v.  United States*, 293, F.  1013.  As in *Kumho Tire Company,*

*LTD v.  Carmichael,* 526 U.S. 137 (1999) this expert has no methodology to establish that

he's right or wrong in his conclusions.  There's no attempt by the plaintiffs to establish an

expert's reliability in being correct as in *E.I. Dupont de Nemours &  Co.  v.  Robinson*, 923

Sd. 549, it appears to be very presumptuous on this expert's part when you had a whole

boatload of people who weren't sick enough to want to go home and you had some 30 boat captains out on the water fishing that day, none of whom had to come in from the fishing trip.

6.    The defendants move that the witness be disqualified in all respects.

Respectfully submitted,

BOB J. SPANN & ASSOCIATES
State Bar No. 18873000
Federal Admissions #: 2215
1109 Santa Fe (78404)
P.O. Box 3039
Corpus Christi, TX 78463
Telephone No. (361)884-8221
Facsimile No. (361)884-8533

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument has been served upon counsel for all parties via facsimile and overnight mail on this the 17th day of August, 2000.

BOB J. SPANN
State Bar No.:18873000
Federal Admissions #: 2215
**COUNSEL FOR DEFENDANTS**

**VIA FACSIMILE AND OVERNIGHT MAIL**

Mr. Joe Fisher, II,
Attorney At Law
**PROVOST & UMPHREY LAW FIRM, L.L.P.**
P.O. Box 4905
Beaumont, Tx. 77704-4905
Telephone No.: (409)835-6000
Facsimile No.:(409)838-888

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TRACI LEOPARD AND BRYAN LEOPARD, | § § | |
| PLAINTIFFS | § § | |
| VS | § § | C.A. NO. C-00-115 |
| DOLPHIN DOCK, INC., ET AL | § § | |
| DEFENDANT | § | |

## **PROPOSED ORDER**

On this day came on to be heard Defendants' Objection to the Opinion and

Testimony of Captain R.J. Underhill and it is hereby granted.


_____

**PRESIDING JUDGE**



# Captain R. J. Underhill & Associates, Inc

*Surveyors, P. & I. Investigators & Consultants*
*Since 1953*

## Licensed All Line Insurance Adjusters
1335 Procter St., Port Arthur, Texas
Mailing Address:
P. O. Drawer 1030, Groves, Texas 77619

Telephone: (409) 965-5729
Night (409) 982-3481, 962-0258, 722-6754
Fax: (409) 985-6300
e-mail: underdog@cj2000.net

Members and Associates of: N.A.M.S., S.N.A.M.E.,
M.S.A.T., P.C. of U.S., I.C.S.B., U.S.N.I., C.A.M.M.,
A.S.Mar.E., A.P.I., THE ROYAL INSTITUTE OF
NAVIGATION & THE NAUTICAL INSTITUTE.

June 6, 2000

Provost * Umphrey
ATTN: Joe Fisher, II
490 Park St.
Beaumont, Texas  77704

RE:    Traci Leopard and Bryan Leopard vs Dolphin
        Dock and Dolphin Dock Charters
        OUR FILE # 99-1316-A

Dear Mr. Fisher:

As you requested I have reviewed the following information:

+ Deposition of:  Paul Dirk
+ Deposition of:  Dean Keith Luke
+ Deposition of:  Garry Bridges
+ United States Coast Guard time line of communication and Emergency Medical Treatment Report
+ Weather reports from the National Oceanic and Atmospheric Administration.

I have also pulled the vessel's particulars from the Internet and reviewed them. The vessel is a 56.3'
fiberglass vessel bearing official number 587429 and documented as a passenger vessel. She was built
in 1977 at Panama City, FL by A-1 Marine, Inc. As of March 31, 2000 the registered owner is
Dolphin Express, Inc. 300 W Cotter, Port Aransas, Texas 78373. The vessel is used as a charter
fishing vessel in the Gulf of Mexico. After review of the oral depositions it appears that the vessel was
under lease to Barracuda, Inc. and maned by employees of Barracuda, Inc. The vessel is moored at
Dolphin Dock, Inc. in Port Aransas, Texas which is shared by Barracuda, Inc. By the admission of
Paul Dirk, the owner of Dolphin Dock,  Inc., he pulls the weather reports, every morning, from the
Internet and leaves them on the counter at the dock for everyone to see. The Captain of the Dolphin
Express should have seen the report for the morning of the accident. The weather report shows a
small craft advisory in effect for Texas coastal waters from the Rio Grande to Freeport and out 50
nautical miles. These reports are from the buoys located in the Gulf of Mexico and monitored by the
National Weather Service. These warnings had been in effect since Friday March 27, 1998 through

Saturday March 20, 1999. The winds were reported to be in a range from 15 - 20 Knots and gusty. This range on the Beaufort wind scale makes the wind a force 5 wind and wave heights are 2.0 -2.5 meters (6.5' - 8.125').

According to Mrs. Leopard she asked one of the deckhands to ask the Captain if he could turn around and bring the vessel back to the dock. The deckhand asked the Captain and reported back to Mrs. Leopard that the Captain would not return to the dock. The Captain made no attempt to see Mrs. Leopard and access the situation or determine, on his own, if he should turn back. The vessel was approximately 25 miles ESE of Port Aransas. This would have only been a two and a half or three hour run back to the dock. The situation escalated and Mrs. Leopard started to have convulsions. At this time it appears that the Captain called the United States Coast Guard and had them attempt a airlift. He had still made no attempt to turn around and head in to the dock. The United States Coast Guard put a diver/EMT onboard the vessel and he accessed Mr. Leopard and made her ready for evacuation from the vessel. The EMT put Mrs. Leopard in the basket and the helicopter started the lift. While the basket was being lifted to the helicopter Mrs. Leopard became entangled in the overhang of the wheelhouse. It is obvious that the Captain on the vessel did not have someone manning a tether line to insure that the basket did not become entangled on the vessel. The Captain did not have anyone in position to help with the lift or guide her until she was clear of the vessel and its antennas.

In conclusion it is my opinion that the Captain of the M/V Dolphin Express was negligent in his actions because:

- He failed to determine, prior to the trip, the condition of the persons onboard the vessel.
- He failed to access the condition of Mrs. Leopard personally
- He failed to turn back when Mrs. Leopard requested that the vessel turn back
- He failed to have someone attend the airlift of Mrs. Leopard
- He failed to have tether lines on the basket to prevent entanglement

I reserve the right to change my opinions if other information is brought to light.

Sincerely,

CAPT. R.J. UNDERHILL & ASSOCIATES, INC.

Capt. R. J. Underhill

Legal Cases in which consult in trial

| Date Assigned | Action | | |
|---|---|---|
| 1-11-96 | Consultation | David Keith Kounce vs. Enron Corp. & John E. Graham & Sons (M/V "SEAN G) District Court of Jefferson County, TX 58th Judicial District |
| 1-16-96 | Consultation | Jose Reyna vs. Chevron U.S.A., Inc. Texas Drydock, Inc. & TDI Offshore, Inc. District Court of Jefferson County, TX 60th Judicial District |
| 2-14-96 | Consultation | David Cawthern vs. Sun Transport Inc. et al. Vessel: S.S. Tropic Sun U.S. District Court for Eastern District of Pennsylvania |
| 4-20-96 | Deposition Consultation Testified | F T "AUBREY" vs. M/V "ADMIRAL" United District Court for Eastern District of TX, Beaumont District |
| 5-7-96 | Consultation | James Cooper vs. Gulf Crews Inc., et al Southern District of TX, Galveston Division or 60th Judicial |
| 7-10-96 | Consultation | Patrick R. Domingue vs. Boat Service of Galveston, Inc. 122nd Judicial District Court, Galveston, TX |
| 7-15-96 | Deposition Consultation | Jerry Courts vs. Noble Drilling Harris County, TX, 113th Judicial District |
| 7-30-96 | Consultation | Rusty Sherrill vs. Hornbeck Offshore Operators, Inc. et al U.S. District Court for Southern Division of TX, Galvestion Division |
| 10-2-96 | Consultation | Ernest Jackson et ux vs. Groves Pallet Company et al 60th Judicial District |
| 11-7-96 | Deposition Consultation | Levi Rollins vs. Sabine Towing & Transportation, Inc In the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana |
| 6-6-97 | Consultation | Shelly Scott vs. Keyston Shipping 60th Judicial District Court, Jefferson County, TX |

| 7-15-97 | Consultation | ... Funches ... District ... of Jefferson County ... 136th Judicial Dist. |
|---------|--------------|------|
| 10-21-97 | Consultation | Ferris Ledet & wife, Tanya vs. C & R Towing, Inc., Mallard Bay Drilling & Texaco, Inc. 156th Judicial District Court, Hardin County, TX |
| 9-2-97 | Consultation | Robert Nathan Knowles vs. Sabine Transportation Company District Court of Jefferson County, TX, 172nd Judicial Dist. |
| 9-7-97 | Consultation | Rowdy Daughtry vs. Tidewater, Inc. et al In 239th District Court of Brazoria County, TX |
| 3-4-98 | Consultation | Joan Savoy, et ux vs. Kirby Inland Marine, Inc. of TX 172nd Judicial Court of Jefferson County, U.S. District Court for Eastern District of TX, Beaumont Division |
| 8-20-98 | Consultation | Joseph Manuel vs. Ogden Marine Indonesia, Inc. et al District Court of Jefferson County, TX, 58th Judicial District |
| 12-7-98 | Consultation | Melvin & Helen Rector vs. Mobil Oil District Court, Jefferson County, 60th Judicial Court |
| 12-7-98 | Consultation Deposition | James Warren et ux vs. Sabine Transportation 14th Judicial Dist.. Court, Parish of Calcasieu, State of LA |
| 3-9-99 | Consultation | Ralph J. Savoy vs. Guilbeau Marine, Inc. In the District Court of Jefferson County, TX, 136th District Court |
| 8-21-99 | Consultation Deposition | Bruce Divers vs. Dixie Carrier, Inc. d/b/a Canal Group 60th Judicial District of Jefferson County, TX |
| 8-25-99 | Consultation | Traci & Brian Leopard vs. Dolphin Docks & M/V "DOLPHIN EXPRESS" U. S. Dist. Court, Southern District of TX, Corpus Christi, TX |

**CHAIRMAN OF:**
Capt. R. J. Underhill & Assoc.
P. O. Drawer 1000
Groves, Texas 77619
Office (409) 985-4009
Res. (409) 962-048?

**EDUCATION:**
1939 Newburgh Free Academy
1943 United States Maritime Officer's Training School at Trumbull, CT. 3rd Mate & ensign, U.S. Maritime Service
1944-1945 U.S. Maritime Upgrading School, New York City for 2nd Mate,Chief Mate, Master and U.S. Chief, U.S. Maritime Service.
1946 Advance Navigation School U.S. Maritime Service, Sheeps Head Bay N.Y.
Numerous Seminars on all forms of insurance

**LICENSES:**
Ten issues of Unlimited Master's Ocean, size of Bottom license. First Issue All Line Adjuster License #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

**ACTIVITIES:**
Fire & Casualty insurance Adjusters, Specializing in Pro-Trial investigations for insurance Companies and Attorneys, P & I investigations for Underwriters, Owners, P & I Clubs and Attorneys, Expert Witness, all types of marine claims in the U.S. Federal Court, State Court and New York and London Arbitration Consultants to Major Oil Companies on the Prevention and Control of Loss, during petroleum shipments from production to refining.

**ASSOCIATIONS.**
The Society of Naval Architects and Marine Engineers
The National Association of Marine Surveyors
The American Society of Naval Engineers
The Council of American Master Mariners
Marine Services Association of Texas
Sabine Marines Chamber of Commerce Association
Houston Chamber of Commerce
The Propeller Club of the United States
U. S. Navy Institute
Academy of Marine Consultants
International Cargo Gear Bureau.
American Petroleum Institute.
Marine Society of the City of New York in the State of New York, as a full member
Licensed Professionals as a Surveyor in the State of Louisiana.
American Boat & Yacht Council.
Royal Institute of Navigation at the Royal Geographics Society 1 Kensington Gore, London
The Nautica Institute of London, England.

**EMPLOYMENT:**
1954 to date CEO, Underhill Adjustment Agency, Fire & Casualty Adjusters.
CEO, Capt. R. J. Underhill & Assoc., Inc., Surveyors, P & I Investigations & Consultants.
1952-1954, Staff Adjuster for independent adjusting company
1941-1952, Various steamship companies as ordinary seaman to Master.

**OTHER:**
Our association provides experienced personnel for Sea Trials, both new construction and refits of all types of vessels. We can provide not only the Master and Officers, but the crew including deck, steward and engine departments.

We have expertise relative to the surveying of all types of Trawlers, long lines, etc., as well as all classes of pleasure craft.