United States District Court
Southern District of Texas
ENTERED

AUG 3 0 2000

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

|  |  |  |
|---|---|---|
| TRACI LEOPARD AND BRYAN LEOPARD, | § § § § § | |
| Plaintiffs, | § | 71. |
| Vs. | § § § § | C.A. No. C-00-115 |
| DOLPHIN DOCK, INC., BARRACUDA, INC., BARRACUDA INCORPORATED, DEAN K. LUKE, *individually and d/b/a* BARRACUDA INCORPORATED, DOLPHIN EXPRESS, INC., GULLEY'S DIVING SERVICE, INC. AND THE UNITED STATES COAST GUARD | § § § § § § § § § | |
| Defendants. | § § § | |

## ORDER

On this day came on for consideration the motion for summary

judgment of Gulley's Diving Service, Inc. ("Gulley Motion"); the

motion for summary judgment of Dolphin Express, Inc. ("Dolphin

Express Motion"); and the motion for summary judgment of Dolphin

Dock, Inc. ("Dolphin Dock Motion"). For the reasons set forth

below, the Court grants all three motions. All three motions

also include requests for sanctions against Plaintiffs; the Court

denies the requests for sanctions.  In addition, for the reasons set forth below, the Court dismisses *sua sponte* Plaintiffs' claims under the Jones Act, 42 U.S.C. § 688.

## I.  JURISDICTION

This Court has jurisdiction over Plaintiffs' action in admiralty pursuant to 28 U.S.C. § 1333.  The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## II.  FACTS

Neither the defendants' motions for summary judgment, nor the Plaintiffs' response to those motions, include a statement of the basic operative facts in this case.  Nevertheless, it is clear that the parties do not dispute that on March 28, 1998, Plaintiffs went on a fishing trip as passengers aboard the M/V Dolphin Express.  (*See* Joint Pretrial Order at 2.)  During the trip, Traci Leopard, one of the plaintiffs, became sea sick.  Id. Ms. Leopard was evacuated from the ship by the U.S. Coast Guard. Id.  Plaintiffs allege that during the evacuation procedure, Ms. Leopard was seriously injured.  (*See* Plaintiffs' Original Complaint at 3.)

2

Plaintiffs brought this suit against Dolphin Dock, Inc.,
Barracuda, Inc., Barracuda, Incorporated, Dean K. Luke,
individually and d/b/a Barracuda Incorporated, Dolphin Express,
Inc., Gulley's Diving Service, Inc., and the United States Coast
Guard. (Complaint at 1-2.) All defendants, with the exception
of the United States Coast Guard, have appeared and answered the
complaint, although Dean K. Luke and Barracuda have asserted that
Mr. Luke is not doing business as Barracuda Incorporated and that
"there is no Barracuda, Inc." (Original Answer of Dean K. Luke,
Individually, Barracuda Incorporated, et al., at 1.) The action
against the United States Coast Guard was severed and it no
longer is a party to this suit. (Order dated May 22, 2000,
D.E. #51).

As against all the remaining defendants, Plaintiff Traci
Leopard has asserted a negligence claim, as well as claims under
the Texas Deceptive Trade Practices Act (DTPA) for engaging in
misleading and deceptive acts and practices, unconscionable
conduct, and breaches of warranty and material
misrepresentations. (Plaintiffs' Original Complaint at 3-4.)
Plaintiff Bryan Leopard has brought claims against all the
remaining defendants for loss of consortium. (Plaintiffs'
Original Complaint at 6.) Plaintiffs have also asserted claims

3

under the Jones Act, 46 U.S.C. § 688, *et seq.*, which provides a
right of action to seamen who suffer personal injury in the
course of their employment.  (Plaintiffs' Original Complaint
at 6.)

Defendants Dolphin Express, Inc. ("Dolphin Express"),
Dolphin Dock, Inc. ("Dolphin Dock"), and Gulley's Diving Service,
Inc. ("Gulley") have filed motions for summary judgment.  Dolphin
Express argues that, although it is the owner of the M/V Dolphin
Express, it has leased the vessel by a bareboat charter to
"Barracuda, Inc."  (Dolphin Express Motion at 1-2).  Dolphin
Express asserts that it cannot be held liable for the Plaintiffs'
injuries because under the terms of the charter, Dolphin Express
had no control over the M/V Dolphin Express.  (Id. at 2).
Dolphin Express moves for summary judgment and also requests
sanctions against Plaintiffs for having filed the suit against
Dolphin Express with knowledge that Dolphin Express was not a
proper party.  (Id.)

Gulley's and Dolphin Dock's motions for summary judgment
allege that they cannot can be held liable because they had no
control over the M/V Dolphin Express.  (Gulley Motion; Dolphin
Dock Motion.)  Those defendants also ask for sanctions against
Plaintiffs.

## III.  Standard of Review

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); Judwin Properties, Inc. v. U.S. Fire Ins. Co., 973 F.2d 432, 435 (5th Cir. 1992).  The substantive law identifies which facts are material.  Anderson, 477 U.S. at 248, 106 S. Ct. at 2510; Ellison v. Software Spectrum, Inc., 85 F.3d 187, 189 (5th Cir. 1996).

## IV.  DISCUSSION

### Gulley's Motion

Gulley moves for summary judgment on the grounds that Gulley "had no responsibility for the operation of the boat DOLPHIN EXPRESS on the day in question."  (Gulley Motion at 1.)  In support of its motion, Gulley includes an affidavit of Robert L. Reasor, a shareholder and vice president of Gulley's Diving Service, Inc.  Mr. Reasor attests that Gulley simply owns the

5

real property known as Dolphin Docks, which it leases to
Barracuda, Inc. (Gulley Motion for Summary Judgment, untabbed
exhibit). Mr. Reasor further attests that, apart from leasing
the real property to Barracuda, Inc., it has no participation at
all in the operations of Barracuda, Inc., nor does it operate,
conduct, or book fishing trips. (Id.) Gulley includes a copy of
a lease agreement with its motion. (Gulley Motion, Exhibit A).

Plaintiffs have not come forward with any evidence or any
specific facts to contest Gulley's motion, and Plaintiffs'
complaint and other papers in this suit do not indicate any legal
theory under which the lessor of real property, at which a
fishing vessel docked, could be liable for the negligence of the
vessel's crew or owners. (See, e.g., Plaintiffs' Response to
Defendants' Motion for Summary Judgment; Joint Pretrial Order;
Plaintiffs' Original Complaint.) Plaintiffs' response failed to
state, much less offer evidence of, any facts to refute Gulley's
motion. In fact, the response does not even mention Gulley or
acknowledge its motion. Nowhere in the record do Plaintiffs
allege or state any facts that would explain the basis for
Gulley's liability; where Gulley is mentioned, it is simply

lumped together with all other defendants. (*See, e.g.,*
Plaintiffs' Original Complaint at 3-4.)

If a nonmovant bears the burden of proving its claims or
defenses, the party moving for summary judgment may discharge its
burden by pointing out that there is an absence of evidence to
support the nonmovant's case. <u>Celotex Corp. v. Catrett</u>, 106 S.
Ct. 2548, 2553 (1986); <u>Ocean Energy II, Inc. v. Alexander &
Alexander, Inc.</u>, 868 F.2d 740, 747 (5th Cir. 1989). When the
movant has satisfied its initial burden on a motion for summary
judgment, the nonmovant "must go beyond the pleadings and
designate specific facts showing that there is a genuine issue
for trial." <u>Tubacex, Inc. v. M/V Risan</u>, 45 F.3d 951, 954 (5th
Cir. 1995). Although Gulley's motion does not state so in
explicit terms, the Court will construe it as a motion for
summary judgment on the basis that there is no evidence in the
record to create a genuine issue for trial on the merits of
Plaintiffs' claims against Gulley.

If the record is devoid of evidence necessary to sustain the
plaintiff's burden of proof, the defendant is entitled to a
judgment in its favor. <u>International Shortstop, Inc. v. Rally's,
Inc.</u>, 939 F.2d 1257, 1264 (5th Cir. 1991). The Court finds that
the record in this case is utterly devoid of any evidence

7

whatsoever of Gulley's liability.  For that reason, the Court
grants Gulley's motion.


**Dolphin Dock**

Dolphin Dock's motion does not explicitly state the basis
for its request for summary judgment; it mostly denies any
liability and asserts that Plaintiffs filed this suit knowing
that Dolphin Dock "is not a proper party."  (Dolphin Dock Motion
at 1).  The motion includes an affidavit in which Paul Dirk, the
"owner" of Dolphin Dock, Inc., denies that Dolphin Dock operated
or controlled the vessel Dolphin Express and denies that there is
any evidence to support plaintiffs' claims.  (Dolphin Dock
Motion, Exhibit A.)  The Court will read the motion and affidavit
together as a motion stating that there is no evidence to support
plaintiffs' claims against Dolphin Dock.

**Negligence**

Plaintiffs' response does not discuss their claims for
negligence against Dolphin Dock; rather, they limit their
discussion to their DTPA claims, even through Dolphin Dock moves
for summary judgment as to all of Plaintiffs' claims.
Nevertheless, because Plaintiffs have opposed Dolphin Dock's
motion and have presented some evidence in opposition, the Court

will determine whether they have presented any evidence to demonstrate that a genuine issue of material fact exists as to their negligence claim against Dolphin Dock.

General principles of negligence law apply to maritime tort cases. Daigle v. Point Landing, Inc., 616 F.2d 825 (1980). To recover for negligence under the general maritime law, the plaintiff must establish the following: (1) the defendant owed the plaintiff a duty; (2) the defendant breached the duty; and (3) the breach directly and proximately caused (4) the plaintiff actual damages. Uncle Ben's v. Hapag-Lloyd Aktiengesellschaft, 855 F.2d 215, 216-217 (5th Cir. 1988); Vulcan Materials Co. v. Vulica Shipping Co., Ltd., 859 F.Supp. 242, 249 (W.D. La. 1994). The issue of whether the defendant owes the plaintiff a duty is a question of law. Florida Fuels, Inc. v. Citgo Petroleum Corp., 6 F.3d 330, 333 (5th Cir. 1993). In a maritime tort case, the defendant owes a plaintiff a duty of ordinary care, which includes a duty to warn only of harm that is reasonably foreseeable. Casaceli v. Martech Intern., Inc., 774 F.2d at 1321, 1328 (5th Cir. 1985); Daigle v. Point Landing, Inc., 616 F.2d 825, 827 (5th Cir. 1980). The degree of care necessary to constitute ordinary care is determined by the circumstances of the danger and the defendant's knowledge of the risk. Casaceli,

9

CVisPDF - www.fastio.com

774 F.2d at 1329; <u>Daigle v. Point Landing, Inc.</u>, 616 F.2d at 827. In assessing the parameters of a defendant's duty, the foreseeability of the harm is a decisive factor. <u>Consolidated Aluminum Corp.</u>, 833 F.2d at 67.

First, it should be noted that Plaintiffs have not shown that, as a matter of law, Dolphin Dock owed them a duty of care, nor have they produced any evidence as to that issue. But even assuming, *arguendo*, that Dolphin Dock owed Plaintiffs a duty to warn them of rough seas, Plaintiffs' negligence claims against Dolphin Dock fail because they have not shown that their damages were foreseeable to Dolphin Dock; that is, they have not shown that Dolphin Dock was aware or should have been aware of rough seas, or that by going out to sea on March 28, 1998 Plaintiffs ran the risk of harm.

"The care which must be exercised in any particular situation is in proportion to the actor's knowledge, actual or imputed, of the danger to another of the act to be performed." <u>Daigle v. Point Landing, Inc.</u>, 616 F.2d at 827 (citation omitted). Even if the Court considered the unauthenticated documents, resolving all inferences from Plaintiffs' submissions in their favor, Plaintiffs have shown at most that (a) Dolphin Dock advertised trips on the M/V Dolphin Express (b) they

10

reserved their trip and paid for it through Dolphin Dock; and (c) Dolphin Dock did not tell Plaintiffs that they would face rough seas when they embarked on the M/V Dolphin Express.  (Plaintiffs' Response, Exhibits 3, 4, and 5.)  There is no showing whatsoever that any employee, manager, director, or agent of Dolphin Dock knew or should have known that rough seas existed, and that the rough seas posed a danger to Plaintiffs.  Plaintiffs have not demonstrated that the risk they faced, if any, was foreseeable to Dolphin Dock.

For the foregoing reasons, Dolphin Dock's motion as to Plaintiffs' claims of negligence is granted.


**Loss of Consortium**

Bryan Leopard asserts a claim against all defendants for loss of consortium.  It is not clear, however, whether the spouse of a passenger can recover damages for loss of consortium under general maritime law, and Plaintiffs have not cited any authority for that proposition.  *But see* Anglada v. Tidewater, Inc., 752 F. Supp. 722 (E.D. La. 1990) (spouse of injured *seaman* not entitled to damages for loss of consortium).  The Court need not reach this legal issue, because the failure of Plaintiffs' negligence claims against Dolphin Dock precludes recovery for loss of

11

consortium.  Under the "general principles of negligence" that govern general maritime law, *see* Daigle, *supra*, a claim for loss of consortium cannot be sustained when the underlying negligence claim fails.

> "One who by reason of his tortious conduct is liable to one spouse for illness or other bodily harm is subject to liability to the other spouse for the resulting loss of the society and services of the first spouse, including impairment of capacity for sexual intercourse, and for reasonable expense incurred by the second spouse in providing medical treatment." Restatement (Second) of Torts § 693.

It thus follows that if Dolphin Dock is entitled to summary judgment as to Traci Leopard's negligence claim, then it is entitled to summary judgment as to Bryan Leopard's claim for loss of consortium.  *See* Motor Express v. Rodriguez, 925 S.W.2d 638, 640 (Tex. 1996) (loss of consortium is derivative of spouse's negligence claim; thus, failure of negligence claim precludes recovery for loss of consortium).  For the foregoing reasons, the Court will grant summary judgment to Dolphin Dock as to the loss of consortium claim.


**Texas Deceptive Trade Practices Act**

Plaintiffs devote all of their attention in their response to their claim under the Texas Deceptive Trade Practices Act,

12

Tex. Bus. & Comm. Code Ann. § 17.41, *et seq*.  The elements of a

DTPA action are: (1) the plaintiff is a consumer; (2) the

defendant engaged in false, misleading, or deceptive acts; and

(3) these acts constituted a producing cause of the consumer's

damages.  <u>Doe v. Boys Club of Greater Dallas</u>, 907 S.W.2d 472, 478

(Tex. 1995).  The prohibited acts are defined in § 17.50(a) of

the act; these include a number of types of acts listed in a

"laundry list" at § 17.46 of the Act, as well as breach of

warranty, specified violations of the Insurance Code, and "any

unconscionable action or course of action."  Tex. Bus. & Comm.

Code Ann. § 17.50(a).  Plaintiffs must, therefore, show that

Dolphin Dock either engaged in an unconscionable action or course

of action, or engaged in a specific type of act prohibited in

§ 17.46(a).

Plaintiffs argue the Dolphin Dock violated the DTPA by (1)

engaging in unconscionable acts; (2) by "causing confusion or

misunderstanding as to the source, sponsorship, approval, or

certification of goods or services"; (3) by "representing that

goods or services have sponsorship, approval, characteristics,

ingredients, uses, benefits, or quantities which they do not

have; (4) by representing that goods or services are of a

particular standard, quality, or grade, when they are not; and

13

(5) by failing to disclose information which was known at the time of the transaction if such failure was intended to induce the consumer into the transaction, which the consumer would not have entered into had the information been disclosed. (Plaintiffs' Response at 4 and 5); *see also* Tex. Bus. & Comm. Code Ann. §§ 17.46(b)(2), (5), (7), (23); 17.50(a)(3).

With respect to unconscionable actions, Plaintiffs present evidence that crew members aboard the M/V Dolphin Express ignored Traci Leopard's complaints about her illness. (Plaintiffs' Response, Exhibit 6). But Plaintiffs do not present any evidence to refute the affidavit of Paul Dirk that Dolphin Dock had no control over or ownership of the M/V Dolphin Express. (Dolphin Dock Motion, Exhibit A). Plaintiffs do not present any evidence that demonstrates that the crew of the Dolphin Express were employed by, directed by, or agents of Dolphin Dock. It is axiomatic that a consumer suing under the DTPA must show that the defendant has committed a deceptive act. *See* Home Savings Ass'n v. Guerra, 733 S.W.2d 134 (Tex. 1987).

A corporation or principal can be held liable for the acts of an employee or agent under the doctrine of *respondeat superior*. *See* Qantel Business Systems, Inc. v. Custom Controls

14

Co., 761 S.W.2d 302, 305 (Tex. 1988) ("The traditional common law theories of vicarious liability, such as agency or respondeat superior, provide an adequate basis for creating vicarious liability under the DTPA.")  At most, Plaintiffs demonstrate that Dolphin Dock was a booking agent for the Dolphin Express; they have not shown or even alleged that any crew member or worker aboard the M/V Dolphin Express was an agent or employee of Dolphin Dock.  Plaintiffs have thus failed to show that the unconscionable conduct was attributable to Dolphin Dock itself.

With respect to the claim that Dolphin Dock failed to disclose material information, Plaintiffs' evidence shows at most that Dolphin Dock failed to tell the Plaintiffs that they would encounter rough seas during their fishing trip, and that if Plaintiffs had known of that fact, they would not have gone on the trip.  (Plaintiffs' Response, Exhibit 5.)  But to maintain a cause under the DTPA, Plaintiffs must show that the information was known to Dolphin Dock; i.e., Plaintiffs must show that someone at Dolphin Dock actually knew that seas were rough on the day of the trip. See Frizzell v. Cook, 790 S.W.2d 41, 45 (Tex. App. - San Antonio 1990, writ denied) (citing Tex. Bus. & Comm. Code Ann. § 17.46(b)(23) and Robinson v. Preston Chrysler-Plymouth, Inc., 633 S.W.2d 500 (Tex. 1982)).  Plaintiffs offer no

evidence to demonstrate that any employee, agent, or other person at Dolphin Dock knew that the M/V Dolphin Express would encounter rough seas on the day of the trip.  Because knowledge of the undisclosed information is a prerequisite of finding a deceptive act for failure to disclose, that aspect of Plaintiffs' claim must fail for lack of evidence.

With respect to the claim that Dolphin Dock caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods and services, Plaintiffs point to the advertisement by "Dolphin Docks" for fishing trips on the M/V Dolphin Express.  (Plaintiffs' Response, Exhibit 3).  Plaintiffs' argument appears to be that Dolphin Dock, by advertising the fishing excursions, caused confusion about who actually offered the fishing excursions.  (Plaintiffs Response at 5.)  Even if the Court considers these unauthenticated documents, Plaintiffs' claim must fail because they do not demonstrate how this confusion was a producing cause of their damages.

Section 17.50(a) requires that a deceptive act be a "producing cause" of damages.  The term "producing cause" means an efficient, exciting or contributing cause.  Dubow v. Dragon, 746 S.W.2d 857 (Tex. App. – Dallas 1988, no writ).  The term lacks the "foreseeability" requirement of proximate cause.  Id.

16

at 860.  A producing cause is a substantial factor which brings about the injury and without which the injury would not have occurred.  Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 481 (Tex. 1995).  Plaintiffs must, therefore, present some evidence to raise a fact issue of an "unbroken causal connection" between the confusion about Dolphin Dock's relationship with the fishing trips and their injuries.  *See* Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d at 481.  Plaintiffs have failed to do so.  According to their allegations, Plaintiffs' injuries were attributable to rough seas and an accident that occurred when Traci Leopard was transferred from the M/V Dolphin Express to the Coast Guard helicopter.  Plaintiffs have not demonstrated any causal connection between their confusion about Dolphin Dock's relationship to the M/V Dolphin Express and their being on the boat in rough weather.  They have failed to producing cause.

Finally, with respect to their claims that misrepresentations were made regarding sponsorship, approval, quality, grade, or similar characteristics, *see* Tex. Bus. & Comm. Code Ann. § 17.46(b)(5) and (7), Plaintiffs simply haven't shown that any such misrepresentations were made.  It is possible that their reliance on these two subsections is based on some

17

misrepresentation of Dolphin Dock's sponsorship or approval of the M/V Dolphin Express and its captain and crew. It also is possible that the representations about the quality of the crew, captain, and ship in the Dolphin Dock ads themselves were false or misleading (although Plaintiffs do not so argue), but if so, Plaintiffs have wholly failed to provide any evidence that any such claims were untrue. In any case, Plaintiffs have not sustained their burden because they have not shown any causal connection between any such misrepresentations and their injuries, thus failing to demonstrate any genuine issue of material fact as to "producing cause."

For the foregoing reasons, the Court grants Dolphin Dock's motion for summary judgment as to Plaintiffs' DTPA claims.


**Dolphin Express**

Dolphin Express' motion includes a copy of a document purporting to be a charter agreement between Dolphin Express, Inc., as owner of the M/V Dolphin Express, and Barracuda, Inc., under which Dolphin Express grants Barracuda possession of the vessel. (Dolphin Express Motion, Exhibit A.) Dolphin Express asserts that "[u]nder the terms of such charter, DOLPHIN EXPRESS, INC. released all management, control, and responsibility for the

18

CutePDF - www.tesisa.com

vessel while it was being used. . . ."  (Dolphin Express Motion

at 2).  Consequently, argues Dolphin Express, it had no control

or participation in the trip on which Plaintiffs allegedly were

injured.  (<u>Id.</u>)

The exhibit to Dolphin Express' motion that purports to

establish a bareboat charter is unauthenticated, however.

Summary judgment evidence is subject to the same rules that

govern admissibility of evidence at trial.  <u>Resolution Trust</u>

<u>Corp. v. Starkey</u>, 41 F.3d 1018, 1024 (5th Cir. 1995) (citing

<u>Munoz v. International Alliance of Theatrical Stage Employees</u>,

563 F.2d 205, 207 n. 1 (5th Cir. 1977)).  For a document to be

considered in support of or in opposition to a motion for summary

judgment, it must be authenticated by an affidavit that meets the

requirements of the summary judgment rule or by reference to

deposition excerpts of testimony that authenticate the document.

<u>Williams v. Eckerd Family Youth Alternative</u>, 903 F.Supp. 1515,

1518 (M.D. Fla. 1995); Fed. R. Civ. P. 56(e). Nevertheless,

Plaintiffs not only have not objected to the use of this

document, they have submitted a copy of the same document

(without authentication) in support of their response to Dolphin

Express' motion.  (Plaintiffs' Response, Exhibit 2.)  The Court

will, therefore, consider the document in ruling on Dolphin

19

CVISPDF – www.fesite.com

Express' motion.  *See* <u>Townsend v. Columbia Operations</u>, 667 F.2d 844, 849 (9th Cir. 1982) (Where no party objects to use of documents not presented in compliance with Fed. R. Civ. P. 56(e), court was permitted to consider them in support of summary judgment).

The test for determining the existence of a bareboat charter is whether the owner of the vessel "completely and exclusively relinquish[ed] 'possession, command, and navigation' thereof to the demisee."  <u>Guzman v. Pichirilo</u>, 369 U.S. 698, 699, 82 S.Ct. 1095, 1096 (1962); <u>Deal</u>, 674 F.2d at 440.  The vessel owner has the burden of establishing the facts that give rise to a bareboat charter.  <u>Guzman</u>, 369 U.S. at 700, 82 S.Ct. at 1097; <u>Deal</u>, 674 F.2d at 440-441.  Courts will look through the form of a charter agreement to its substance to determine whether an agreement for the use of a vessel constitutes a particular form of charter or some other relationship.  <u>Presley v. Caribbean Seal</u>, 537 F. Supp. At 965 n. 21; *see also* <u>Agrico Chemical Co. v. M/V Ben W. Martin</u>, 664 F.2d 185, 91-92 (5th Cir. 1981).

Plaintiffs respond to Dolphin Express' motion only by arguing that they have a cause of action for "unseaworthiness" and that the charter agreement between Barracuda, Inc. and

20

CibPDF - www.fenho.com

Dolphin Express, Inc. does not defeat that claim as to Dolphin Express, Inc. because it does not constitute a complete demise of possession. (Plaintiffs' Response at 1-2.)

The duty to provide a seaworthy vessel is absolute and extends not only to the owner's employees but to all who do seaman's work. Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946). This duty is commonly called a warranty of seaworthiness, not because it is a warranty, but because it is a species of liability without fault and the duty is an "absolute, continuing, and nondelegable" incident of vessel ownership. Allen v. Seacoast Prods., Inc., 623 F.2d 355, 364 (5th Cir. 1980). To be held liable for breach of the duty, the defendant "must be in the relationship of an owner or operator of a vessel." Daniels v. Florida Power & Light Co., 317 F.2d 41, 43 (5th Cir.), cert. denied, 375 U.S. 832, 84 S.Ct. 78, 11 L.Ed.2d 63 (1963). A bareboat charter, whereby the charterer assumes full possession and control of the vessel constitutes the only form of charter that purports to invest temporary powers of ownership in the charterer and, therefore, constitutes the only conceivable basis on which the vessel owner could seek to escape liability for the unseaworthiness of his vessel. See Guzman v. Pichirilo,

21

369 U.S. 698, 82 S.Ct. 1095, 8 L.Ed.2d 205 (1962); <u>Kerr-McGee</u>

<u>Corp. v. Law</u>, 479 F.2d 61, 63 (4th Cir. 1973). *See also* <u>Baker v.</u>

<u>Raymond Intern., Inc.</u>, 656 F.2d 173, 181-182 (5th Cir. 1981),

*cert. denied* 102 S. Ct. 2256 (1982).

Plaintiffs, however, do not have a cause of action against

any of the defendants for unseaworthiness, because the warranty

of seaworthiness does not apply to passengers or invitees on a

ship.  <u>Roberts v. Williams-McWilliams Co., Inc.</u>, 648 F.2d 255,

263(5th Cir. 1981).  As shown above, it is undisputed that

Plaintiffs were passengers aboard the M/V Dolphin Express, and as

a matter of law their claim for seaworthiness must fail.  For

that reason, the Court need not consider Plaintiffs' contention

that the boat may have become unseaworthy prior to the execution

of the charter.  (Plaintiffs' Response at 3.)

Neither Dolphin Express' motion nor Plaintiffs discuss -- or

even mention -- Plaintiffs' claims against Dolphin Express under

the DTPA, for negligence, or for loss of consortium.  Plaintiffs

persist in lumping all defendants together for purposes of all

causes of action, without distinction, and Dolphin Express, Inc.

does not bother to distinguish in any way Plaintiffs' different

causes of action.  Nevertheless, Dolphin Express does state in its motion that:

> "Under the terms of such charter, DOLPHIN EXPRESS, INC. released all management, control and responsibility for the vessel . . . and accordingly, DOLPHIN EXPRESS, INC. had no control, responsibility or part to play in scheduling the fishing customers aboard, deciding whether the ship should embark on a fishing trip on that date or making any determinations as to its management and control all of which was solely within the discretion of BARRACUDA, INC. and/or the captain it had employed for that trip, Phil Hogan.

(Dolphin Express Motion at 2.)  The motion further states that the Plaintiffs "had taken the deposition of Paul Dirk and the Deposition of Dean K. Luke prior to the filing of this suit and were well aware that the Texas corporation DOLPHIN EXPRESS, INC. was not in charge of the boat or had any control or responsibility for its operation on the day in question."  (Id.) The Court will construe these statements as asserting that there is no evidence in the record to sustain a finding of liability on the part of Dolphin Express.  This puts upon the Plaintiffs the burden to come forward with some evidence to demonstrate that Dolphin Express could be found liable.  Fed.R.Civ.P. 56(e). Plaintiffs have failed to do so.

None of the evidence attached to Plaintiffs' response implicates Dolphin Express, as opposed to the crew and captain of

23

the M/V Dolphin Express, in any way.  The Court need not examine in detail which elements of Plaintiffs' claims are not sustained, because Plaintiffs have not sustained <u>any</u> elements of any claim for negligence, loss of consortium, or DTPA against Dolphin Express, or even shown that any employee, agent, operator, or shareholder of Dolphin Express performed or omitted any act at all, let alone an act that would create a genuine issue of material fact regarding Dolphin Express' liability.

For the foregoing reasons, the Court grants Dolphin Express' motion as to all of Plaintiffs' claims against Dolphin Express.

### Jones Act Claims

The Jones Act, 46 U.S.C. § 688, *et seq.*, allows an action for personal injury or wrongful death against the employer of a seaman.  Plaintiffs may recover damages for injuries suffered during the fishing trip only if they were " 'member[s] of a crew' of any vessel," i. e., Jones Act seamen. *See* <u>Noble Drilling Corp.</u> <u>v. Smith</u>, 412 F.2d 952 (5th Cir. 1969), *Cert. denied*, 396 U.S. 906, 90 S.Ct. 221, 24 L.Ed.2d 182 (1969). *See also* <u>Smith v.</u> <u>Falcon Seaboard, Inc.</u>, 463 F.2d 206 (5th Cir. 1972), *Cert. denied*, 409 U.S. 1085, 93 S.Ct. 688, 34 L.Ed.2d 672 (1972).

24

CibPDF - www.fineprint.com

Plaintiffs must show that they were seamen in relation to the
Dolphin Express.  *See* <u>Beard v. Shell Oil Co.</u>, 606 F.2d 515, 517
(5th Cir. 1979).  To qualify as a seaman under the Jones Act, a
claimant must be permanently assigned to or perform a substantial
part of his work on the vessel, and the capacity of his
employment must contribute to the function of the vessel, its
mission, its operation, or its welfare. <u>Davis v. Hill
Engineering, Inc.</u>, 549 F.2d 314, 326 (5th Cir. 1977); <u>Offshore
Company v. Robison</u>, 266 F.2d 769, 779 (5th Cir. 1959).

In the present case, there is no claim that Plaintiffs
were employed by any of the defendants.  It is clear from the
papers in this case that Plaintiffs were passengers on the M/V
Dolphin Express.  (*See, e.g.*, Joint Pretrial Order at 2,
"Plaintiffs' Statement of the Case").  As a matter of law,
Plaintiffs are not entitled to recover under the Jones Act.

It is well settled that the Court may dismiss a complaint on
its own initiative for failure to state a claim where the
inadequacy of the claim is apparent as a matter of law. <u>Guthrie
v. Tifco Indus.</u>, 941 F.2d 374, 379 (5th Cir. 1991), <u>cert. denied</u>,
503 U.S. 908, 112 S. Ct. 1267 (1992); <u>Shawnee Int'l N.V. v. Hondo
Drilling Co.</u>, 742 F.2d 234, 236 (5th Cir. 1984).  In addition,

25

the parties' pretrial order makes no mention of the Jones Act and
it appears that Plaintiffs have abandoned the cause of action.

For the foregoing reasons, the Court, acting *sua sponte*,
dismisses Plaintiffs' claims under the Jones Act.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for
summary judgment by Dolphin Express, Inc.; the Court GRANTS the
motion for summary judgment by Dolphin Dock, Inc.; the Court
further GRANTS the motion for summary judgment by Gulley's Diving
Service, Inc.; the Court DISMISSES Plaintiffs' claims under 42
U.S.C. § 688.  The Court also denies Defendants' motions for
sanctions.  The claims remaining for trial are Bryan Leopard's
claim for loss of consortium against Barracuda, Inc. and Dean K.
Luke; Traci Leopard's claims for negligence against Barracuda,
Inc. and Dean K. Luke; and Plaintiffs' claims against Barracuda,
Inc. and Dean K. Luke under the Texas Deceptive Trade Practices
Act.

SIGNED and ENTERED on this the 29th day of August, 2000.

_____
JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

26