

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TRACI LEOPARD AND BRYAN LEOPARD, PLAINTIFFS | § § § § § | |
| VS | § | C.A. NO. C-00-115 |
| DOLPHIN DOCK, INC., ET AL DEFENDANT | § § § | |

United States District Court
Southern District of Texas
FILED
OCT 17 2000
MICHAEL N. MILBY CLERK

## RELEASE AND SETTLEMENT AGREEMENT

This RELEASE AND SETTLEMENT Agreement (hereinafter referred to as "the Settlement Agreement") is made and entered into by and between the parties listed below (hereinafter referred to as parties"):

1) Traci Leopard and Bryan Leopard (hereinafter referred to as "Claimants").

2) Dolphin Dock, Inc.,; Barracuda, Inc.,; Barracuda Incorporated,; Dean K. Luke, Individually and d/b/a Barracuda Incorporated,; Dolphin Express, Inc.,; and Gulley's Diving Service, Inc. (hereinafter referred to as "Defendants").

1.01 WHEREAS, the Plaintiffs' claim that on or about March 28, 1998 Traci Leopard was injured as the result of a fishing trip in coastal waters while aboard the MV "Dolphin Express" and

1.02 WHEREAS, Claimants allege that the accident resulting in physical and personal injuries arose out of alleged negligent acts or omissions of the Defendants' and conditions of unseaworthiness and have made claims seeking monetary damages on account of such

Page 1 of 9

claimed injuries.

1.03   WHEREAS, bonafide disputes and controversies exist between the parties, both as to liability and the amount thereof, if any, and by reason of such disputes and controversies, the parties hereto desire to compromise and settle all claims and causes of action of any kind whatsoever which Claimants have, or may have now or in the future arising out of such occurrence and intend that the full terms and conditions of the Settlement be set forth in this Release and Settlement Agreement.

## ARTICLE II - SETTLEMENT TERMS

The parties agree as follows:

2.01   <u>Release:</u>

In consideration of the agreement by the Defendants' to pay the sum of TEN THOUSAND DOLLARS AND NO/100 ($10,000.00) as provided hereafter Claimants have and do hereby Release each and all the Defendants' named above, their officers', owners', stockholders', directors', lawyers', agents' and servants' from all claims of every kind and nature arising out of the incident that occurred on March 28, 1998. This is a general Release and without limitation and includes all past and present future claims, demands, obligations, actions, cause of action, rights, damages, costs, loss of service, expenses, compensation of any nature whatsoever, whether based on tort, contract, or unseaworthiness which the Claimants now have or may hereafter accrue otherwise be acquired unknown, physical, mental, medical expenses, or otherwise.

It is recognized that the district court has already granted motions dismissing claims against all Defendants' except, Dean K. Luke and Barracuda, Inc. and this Agreement and

Page 2 of 9

recitations are in no way expected to nor shall they deemed to have revived any cause of actions, claims but this release shall enhance and further bolster the effect of such dismissals which are agreed to be final and not appealable.

Additionally, Claimants agree to further release and forever discharge any and all claims or rights of action for damages claimants may have or may hereafter have as a result of the incident described in Recital 1.01 above if a need for further such execution is found is and requested by any of the released parties herein.

2.02   Due date of payments:

The sum of Ten Thousand Dollars and No/100 ($10,000.00) dollars is payable at the rate of One Thousand and No/100 ($1,000.00) dollars payable in Corpus Christi, Nueces County, Texas by mail to the address of counsel of record for the Plaintiffs' on or before the 30th day of September, 2000 and a like payment on or before 30th day of each month thereafter until the total of Ten Thousand and No/100 ($10,000.00) dollars has been paid as provided above.  Venue of any action on this Release shall be Nueces County, Texas and none other

### ARTICLE III - GENERAL PROVISIONS

3.01   This release and Settlement Agreement, on the part of the Claimants', shall be a fully binding and complete Settlement between the Claimants, the Defendants their heirs, assigns and successors.

3.02   The Claimants acknowledge and agree that the release and discharge set forth above is a general release.  Claimants expressly assume the risk of any and all claims for damages which exist as of this date, but which the Claimants do not now suspect exist,

whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect Claimants' decision to enter into this Settlement Agreement. The Claimants further agree that they have accepted payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact. Claimants assume the risk that the facts or law may be other than they believe. It is understood and agreed to by the parties that this Settlement is a compromise of a doubtful and disputed claim, and the payments are not to be construed as an admission of liability on the part of the Defendants', by whom liability is expressly denied, and that the consideration of this release is paid in compromise and settlement of a claim in which liability to Claimants', their privies, heirs, and assigns is expressly denied and that such amount is paid in compromise and Settlement to avoid the expense of any and all future litigation.

3.03   Effective Date

This Settlement Agreement shall take effect and become binding immediately following execution by each of the parties.

3.04   No Waiver

No waiver of any of the terms of this Settlement Agreement shall be valid unless in writing and signed by all parties to this Settlement Agreement. No waiver of default of any term of this Settlement Agreement shall be deemed a waiver of any subsequent breach or any default of the same or similar nature.

3.05   Governing Law

This Settlement Agreement shall be construed and enforced under the laws of the State of Texas. Venue of any action under it shall be and is Nueces County, Texas.

3.06    Representation and Comprehension of Document

In entering into this Settlement Agreement, the Claimants' represent that they have wholly relied upon the advice of their attorney concerning the legal consequences of this Release and Settlement Agreement; that the terms of this Release and Settlement Agreement have been completely read and explained to Claimants by their attorney; and that the terms of this Release and Settlement Agreement are fully understood and voluntarily accepted by Claimants.

3.07    Warranty of Capacity to Execute Agreement

Claimants represent and warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Release and Settlement Agreement, except as their attorney; that Claimants have the sole right and exclusive authority to execute this Release and Settlement Agreement and receive the sums of money specified herein; and that the Claimants' have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Release and Settlement Agreement.

3.08    Additional Documents

All parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release and Settlement Agreement.

3.09    Medical Liens

Claimants hereby represent and warrant that:

Page 5 of 9

(1)   there are no outstanding obligations for medical treatment rendered to TRACI LEOPARD and BRYAN LEOPARD, as a result of the incident made the basis of this lawsuit; and

(2)   if there are such outstanding medical obligations, Claimants hereby agree to specifically pay out of the Ten Thousand and No/100 ($10,000.00) dollars paid to Claimants and their attorney pursuant to this Settlement, any and all previously incurred or subsequently incurred medical expenses; and

(3)   if any assignment to medical provider has been made, Claimants hereby agree to hold the parties released herein, including their agents, servants and employees, harmless from any and all causes of action arising out of or incident to the health or medical treatment rendered to TRACI LEOPARD and BRYAN LEOPARD, as a result of the incident made the basis of this lawsuit.

3.10   Invalidation

If any provision of this Agreement is or may be held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remaining provisions shall, nevertheless, survive and continue in full force and effect without being impaired or invalidated in any way.

3.11   Non-admissibility

It is agreed and understood that nothing in this release shall constitute an admission of liability or be admissible in any court or hearing for any purpose other than to show that all causes of action are completely and permanently barred and the Claimants' have no

further causes of actions arising out of the acts and circumstances or the lawsuit made the basis of these alleged causes of action.

### ARTICLE IV - DISMISSAL OF DOLPHIN DOCK, INC.,; BARRACUDA, INC.,; BARRACUDA INCORPORATED,; DEAN K. LUKE, INDIVIDUALLY AND D/B/A BARRACUDA INCORPORATED,; DOLPHIN EXPRESS, INC.,; AND GULLEY'S DIVING SERVICE, INC.

4.01 For and in consideration of the sums outlined in Article II above, Claimants hereby agree to cause to be dismissed by a Motion for Nonsuit with prejudice as to all, Defendants', Dolphin Dock, Inc.,; Barracuda, Inc.,; Barracuda Incorporated,; Dean K. Luke, Individually and d/b/a Barracuda Incorporated,; Dolphin Express, Inc.,; and Gulley's Diving Service, Inc., from C.A. C-00-115, styled Traci Leopard and Bryan Leopard vs. Dolphin Dock, Inc, et al; In The United States District Court For The Southern District of Texas Corpus Christi Division, Nueces County, Texas of all claims of action of every kind and nature.

EXECUTED this the __9__ Day of __October__, 2000.

_____
TRACI LEOPARD,
Plaintiff

_____
BRYAN LEOPARD,
Plaintiff

STATE OF TEXAS §
§
COUNTY OF Harris §

BEFORE ME, the undersigned authority, personally appeared, **TRACI LEOPARD**, known to me to be the person whose name is subscribed to the above and foregoing Release and Settlement Agreement, and stated under oath that the allegations of fact contained within the Agreement are true and correct and acknowledged that she executed the same for purposes and consideration therein expressed.

**SUBSCRIBED AND SWORN TO BEFORE ME** on this 9th Day of October, 2000, to certify which witness my hand and seal of office.

*Diane H. Richardson*
NOTARY PUBLIC, STATE OF TEXAS
My Commission Expires: 1/26/2001

STATE OF TEXAS §
§
COUNTY OF Harris §

BEFORE ME, the undersigned authority, personally appeared, **BRYAN LEOPARD**, known to me to be the person whose name is subscribed to the above and foregoing Release and Settlement Agreement, and stated under oath that the allegations of fact contained within the Agreement are true and correct and acknowledged that he executed the same for purposes and consideration therein expressed.

**SUBSCRIBED AND SWORN TO BEFORE ME** on this 9th Day of October, 2000, to certify which witness my hand and seal of office.

*Diane H. Richardson*
NOTARY PUBLIC, STATE OF TEXAS
My Commission Expires: 1/26/2001

Page 8 of 9

The foregoing Release has been approved as to form and content.

_____
Mr. Joe Fisher, II,
TBA: 00787471
Federal Admissions: 25333
**PROVOST & UMPHREY LAW FIRM, L.L.P.**
P.O. Box 4905
Beaumont, Tx. 77704-4905
Telephone No.: (409)835-6000
Facsimile No.:(409)838-8888
Counsel for Plaintiffs'